# EXHIBIT E

Electronically
FILED
By Superior Court of California, County of San Mateo
ON    12/3/2019
By____/s/ Jennifer Tannous____
Deputy Clerk

MATTHEW W. CLOSE (S.B. #188570)
mclose@omm.com
JONATHAN WAXMAN (S.B. #294851)
jwaxman@omm.com
KATE M. IKEHARA (S.B. #313431)
kikehara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California  90071-2899
Telephone:    +1 213 430 6000
Facsimile:    +1 213 430 6407

*Attorneys for Defendants Sonim Technologies, Inc.
Robert Plaschke, James Walker, Maurice
Hochschild, Alan Howe, Kenny Young, Susan G.
Swenson, John Kneuer, and Jeffrey D. Johnson*

[Additional Counsel on Signature Pages]

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE CITY AND COUNTY OF SAN MATEO**

| | |
|---|---|
| IN RE SONIM TECHNOLOGIES, INC., SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 19CIV05564<br><br>**CLASS ACTION**<br><br>Assigned for all purposes to Hon. Nancy L. Fineman, Dept. 4<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    December 6, 2019<br>Time:    10:00 AM<br>Dept.:    4<br>Judge:  Hon. Nancy L. Fineman |

Plaintiffs Beecham Pearson, Steven Ly, and Michael Hostak (collectively, "Plaintiffs"), Defendants Sonim Technologies, Inc. ("Sonim" or the "Company"), Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, and Jeffrey D. Johnson (the "Individual Defendants," and collectively with Sonim, the "Sonim Defendants"), and Oppenheimer & Co., Inc., National Securities Corporation, and Lake Street Capital Markets, LLC (the "Underwriter Defendants" and collectively with Sonim and the Individual Defendants, "Defendants," and together with the Plaintiffs, the "Parties"), having met and conferred, hereby submit the following Joint Case Management Conference Statement in anticipation of the December 6, 2019 Case Management Conference.

## I.    BACKGROUND

This consolidated securities class action is brought on behalf of investors who purchased the common stock of Defendant Sonim issued in connection with Sonim's May 10, 2019 initial public offering (the "IPO" or "Offering"). The consolidated actions each allege that Defendants' statements made in connection with the IPO concerning Sonim's business, operations, and prospects were demonstrably false and misleading, leading investors to suffer significant losses when the truth was revealed.

On September 20, 2019, Plaintiff Beecham Pearson filed the first putative class action complaint against Defendants for violations of Sections 11 and 15 of the Securities Act of 1933 in this Court, captioned *Pearson v. Sonim Technologies, Inc.*, Case No. 19-CIV-05564 (the "*Pearson* Action"). On October 4, 2019, Plaintiff Steven Ly filed in this Court a similar putative class action complaint asserting substantially similar claims against the same defendants, captioned *Ly v. Sonim Technologies, Inc.*, Case No. 19-CIV-05889 (the "*Ly* Action"). On October 16, 2019, Plaintiff Michael Hostak filed in this Court a similar putative class action complaint asserting substantially similar claims against the same defendants, captioned *Hostak v. Sonim Technologies, Inc.*, Case No. 19-CIV-06104 (the "*Hostak* Action," and collectively with the *Pearson* Action and *Ly* Action, the "State Court Actions"). On November 8, 2019, the Court entered an order consolidating the State Court Actions.

On October 7, 2019, Plaintiff Ajay Malhotra filed a similar putative class action complaint in the United States District Court for the Northern District of California asserting substantially similar claims against the same defendants, captioned *Malhotra v. Sonim Technologies, Inc.*, Case No. 3:19-cv-06416 (the "*Malhotra* Action").

## II.    MATTERS FOR DISCUSSION PURSUANT TO THE COURT'S NOTICE OF COMPLEX STATUS CONFERENCE AND CASE MANAGEMENT ORDER NO. 1

### A.    Advancement of the Date For Filing a Consolidated Complaint, Responsive Pleading Deadline, and Motion Schedule for Response to Consolidated Complaint

The Parties negotiated, and on November 4, 2019 filed, a Stipulation and [Proposed] Order Consolidating Related Complex Cases, which provided that Plaintiffs shall file a consolidated complaint no later than December 20, 2019, and Defendants shall file a response to the consolidated complaint no later than February 17, 2020. On November 8, 2019, the Court ordered Plaintiffs to file a consolidated complaint no later than December 20, 2019, and directed the Parties discuss at the first conference whether it is possible to advance the date for filing a consolidated complaint and the date for responsive pleadings.

Having met and conferred, the Parties believe that the proposed dates of December 20, 2019 and February 17, 2020 for filing a consolidated complaint and a responsive pleading to the consolidated complaint, respectively, are reasonable deadlines, given the upcoming holidays in December and January, and the motion to stay that the Sonim Defendants have attempted to file, and will file, promptly after the December 6th case management conference. The Parties are prepared to discuss all of these scheduling matters with the Court.

### B.    Anticipated Motions and Related Briefing Schedules

On November 8, 2019, counsel for the Sonim Defendants contacted the clerk of Department 4 to reserve a hearing date for a motion to stay the State Court Actions that the Sonim Defendants were ready to file forthwith. The clerk informed counsel for the Sonim Defendants that the Court did not want the parties to file any motions before the initial case management conference, scheduled for December 6, 2019. The Sonim Defendants still intend to file a motion to stay the State Court Actions, requesting that the State Court Actions be stayed pending litigation before the

- 3 -

Delaware Supreme Court and in deference to the *Malhotra* Action pending in the United States District Court for the Northern District of California. The Underwriter Defendants intend to join in the motion. Plaintiffs intend to oppose the anticipated motion to stay.

The Court's Case Management Order No. 1 instructed the Parties to meet and confer regarding any anticipated motions and briefing schedules.

The Parties propose the following briefing schedule for the Sonim Defendants' motion to stay:

| | |
|---|---|
| **Sonim Defendants' Opening Brief:** | December 9, 2019 |
| **Plaintiffs' Opposition:** | January 7, 2020 |
| **Defendants' Reply:** | January 16, 2020 |
| **Hearing:** | January 31, 2020, or as soon thereafter that is convenient for the Court |

If the Court does not stay this action, Defendants anticipate filing single joint opening and reply briefs on behalf of 12 Defendants represented by two law firms in connection with the anticipated demurrers. To facilitate these joint filings and coordination, the Parties request that Defendants' demurrers (if any) be due on February 17, 2020. If Defendants file demurrers, the Parties request that Plaintiff's opposition be due on March 16, 2020, and that Defendants' reply be due on April 6, 2020. The Parties further request that oral argument be scheduled on Defendants' demurrers as soon as practicable thereafter.

In addition to the foregoing, Plaintiffs anticipate filing a Motion for Class Certification.

**C.     *Pro Hac Vice* Applications**

Counsel for the Underwriter Defendants anticipate filing one *pro hac vice* application in connection with the State Court Actions. Plaintiffs anticipate filing at least one *pro hac vice* application in connection with the State Court Actions.

**D.     Status of Discovery**

No discovery requests have been served in any State Court Action. Defendants have taken reasonable steps to preserve all potentially relevant materials, including electronically stored information. Defendants believe that discovery is premature at this stage of the proceedings. The

- 4 -

Private Securities Litigation Reform Act ("PSLRA") provides that "all discovery and other proceedings shall be stayed" during the pleadings stage of a securities class action. 15 U.S.C. § 77z-1(b)(1). Further, a federal court "may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction . . . ." 15 U.S.C. § 77z-1(b)(4).

Plaintiffs intend to serve discovery on all Defendants immediately following the filing of a consolidated complaint on or before December 20, 2019, unless otherwise instructed by the Court. Plaintiffs' position is that the PSLRA governs federal court procedure, not state court procedure, California's Civil Discovery Act governs in this case, and many California courts have reached the same conclusion. *See, e.g.*, *Switzer v. Hambrecht & Co., L.L.C.*, No. CGC-18-564904, 2018 WL 4704776, at *1 (Cal. Super. Ct., S.F. Cty. Sept. 19, 2018).

**E.      Status of Settlement or Mediation**

The Parties believe that settlement or mediation discussions may be premature at this stage of the proceedings, however, Plaintiffs are nonetheless willing to engage in settlement or mediation discussions.

**F.      Setting of Next Case Management Conference Date**

The Parties believe that the next Case Management Conference should be set for the same day as the hearing on Defendants' motion to stay (January 31, as proposed herein), with a joint status report to be filed on January 28, 2020.

**G.      Any Other Matter For Which the Parties Seek Court Ruling or Scheduling**

**1.      Appointment of Co-Lead Counsel**

Plaintiffs are represented by three law firms: Hagens Berman Sobol Shapiro LLP, Kaplan Fox & Kilsheimer LLP, and Scott+Scott Attorneys At Law LLP. The appointment of each of these firms as interim co-lead counsel in this action is consistent with long-standing California case law that advises courts to avoid disturbing the plaintiffs' choice of counsel barring extreme circumstances. *See e.g.*, *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 471, 51 Cal. Rptr. 3d 561, 574 (2006); *Banning Ranch Conservancy v. Superior Court*, 193 Cal. App. 4th 903, 919, 123 Cal. Rptr. 3d 348, 359 (2011) ("The right of a party to be represented in litigation by the attorney of his or her choice is a significant right…and ought not to be abrogated in the absence of

- 5 -

some indication the integrity of the judicial process will otherwise be injured…") (*internal citations omitted*); *Lyle v. Superior Court*, 122 Cal. App. 3d 470, 481, 175 Cal. Rptr. 918, 926 (1981) ("the client has an interest in competent representation by an attorney of his or her choice"); *Cornish v. Superior Court*, 209 Cal. App. 3d 467, 478, 257 Cal. Rptr. 383, 389 (1989). Moreover, it is consistent with leadership structures permitted in San Mateo superior court. *See e.g., In re Slack Technologies, Inc., Securities Litigation* (Case No. 19-CIV-05370) (appointing four firms co-lead counsel).

Each of the proposed co-lead counsel law firms are highly experienced in the realm of securities litigation and have each successfully handled numerous securities class action cases both in California and across the country. The pooling of their respective resources, experience, and knowledge is necessary to obtain the best possible outcome for the class. Moreover, the three law firms have already agreed to divide work performed on the case equally, and to coordinate efforts to avoid the unnecessary duplication of efforts with respect to discovery, briefing, trial, and all other pertinent matters.

With respect to the reporting and monitoring of time and costs, each of the interim co-lead counsel law firms, as well as their respective staff, maintain contemporaneous time records, and regularly monitor and control outside costs.

Defendants take no position on the appointment of co-lead counsel.

## III. CONCLUSION

The Parties respectfully submit this Joint Case Management Conference Statement and are prepared to discuss any other matters they have conferred upon as required by the Court's Notice of Complex Case Management Conference and Case Management Order No. 1 and Rules 3.750 and 3.724(8) of the California Rules of Court.

- 6 -

Dated:  December 3, 2019

**O'MELVENY & MYERS LLP**

By:    /s/ Matthew W. Close
           Matthew W. Close

Matthew W. Close
Jonathan Waxman
Kate M. Ikehara
400 S. Hope Street, 18th Floor
Los Angeles, California  90071
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email:         mclose@omm.com
                  jwaxman@omm.com
                  kikehara@omm.com

*Counsel for Defendants Sonim Technologies, Inc., Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, and Jeffrey D. Johnson*

Dated:  December 3, 2019

**SIDLEY AUSTIN LLP**

By:    /s/ Matthew Dolan
           Matthew Dolan

Matthew Dolan
1001 Page Mill Road, Bldg. 1
Palo Alto, California 94304
Telephone:    (650) 565-7106
Facsimile:    (650) 565-7100
Email:         mdolan@sidley.com

*Counsel for Defendants Oppenheimer & Co. Inc., Lake Street Capital Markets, LLC, and National Securities Corp.*

Dated:  December 3, 2019

**KAPLAN FOX & KILSHEIMER LLP**

By:    /s/ Laurence D. King
           Laurence D. King

Laurence D. King
Mario M. Choi
350 Sansome Street, Suite 400
San Francisco, California  94104
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707
Email:        lking@kaplanfox.com
                 mchoi@kaplanfox.com

- 7 -

Robert N. Kaplan
Jeffrey P. Campisi
Jason A. Uris
850 Third Avenue
New York, New York  10022
Telephone:    (212) 687-1980
Facsimile:    (212) 687-7714
Email:         rkaplan@kaplanfox.com
                   jcampisi@kaplanfox.com
                   juris@kaplanfox.com

*Counsel for Plaintiff Beecham Pearson and Interim
Co-Lead Counsel*

Dated:  December 3, 2019          **HAGENS BERMAN SOBOL SHAPIRO LLP**

By:      */s/ Reed R. Kathrein*
                Reed R. Kathrein

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
715 Hearst Avenue, Suite 202
Berkeley, California  94710
Telephone:    (510) 725-3000
Facsimile:    (510) 725-3001
Email:         reed@hbsslaw.com
                   lucasg@hbsslaw.com
                   danielles@hbsslaw.com

Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, Washington  98101
Telephone:    (206) 623-7292
Facsimile:    (206) 623-0594
Email:         steve@hbsslaw.com

*Counsel for Plaintiff Steven Ly and Interim Co-Lead
Counsel*

- 8 -

Dated: December 3, 2019

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By:    */s/ John T. Jasnoch*
           John T. Jasnoch

John T. Jasnoch
Hal Cunningham
600 W. Broadway, Suite 3300
San Diego, California  92101
Telephone:    (619) 233-4565
Facsimile:    (619) 233-0508
Email:          jjasnoch@scott-scott.com
                    hcunningham@scott-scott.com

Jonathan M. Zimmerman
230 Park Avenue, 17th Floor
New York, New York  10169
Telephone:    (212) 223-6444
Facsimile:    (212) 223-6334
Email:          jzimmerman@scott-scott.com

*Counsel for Plaintiff Michael Hostak and Interim Co-Lead Counsel*

Brian J. Schall
**THE SCHALL LAW FIRM**
1880 Century Park E, Suite 404
Los Angeles, California  90067-1604
Telephone:    (310) 301-3335
Facsimile:    (310) 388-0192
Email: brian@schallfirm.com

*Counsel for Plaintiff Michael Hostak and Interim Additional Counsel*

- 9 -