Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Lyndon Maither*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | No.   3:19-cv-06416-MMC<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF LYNDON MAITHER TO APPOINT LEAD PLAINTIFF, APPROVE SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:            Jan. 10, 2020<br>Time:            9:00 a.m.<br>Courtroom:   7, 19th Floor<br>Judge:          Hon. Maxine M. Chesney<br><br>ORAL ARGUMENT REQUESTED |

010861-12/1220140 V1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Two motions are pending before the Court filed by movants seeking appointment as lead plaintiff pursuant to the PSLRA,[1] but only one movant warrants appointment: Lyndon Maither ("Movant" or "Mr. Maither"). Mr. Maither suffered losses of over $15,000.00 on his acquisition of Sonim securities pursuant to Sonim's Initial Public Offering ("IPO"). Moreover, Mr. Maither is the only movant that makes a *prima facie* showing of adequacy under Rule 23 by providing the Court with sufficient information about himself.

While one remaining competing movant purports to have a greater financial interest, as explained in further detail below, only Mr. Maither has a sufficient preliminary showing that he can satisfy the relevant requirements of Federal Rule of Civil Procedure 23:

|  | Lyndon Maither | David Sterrett | Sean Campbell (withdrawn) | Malhotra/Zulkifli (withdrawn) |
|---|---|---|---|---|
| Claimed Loss | $15,200.39 | $43,441.90 | $31,270.98 | $1,133.70 |
| Provides information to make *prima facie* showing of adequacy under Rule 23 | Yes, facts submitted in opening brief. Declaration submitted by movant herewith. | No | No | No |

As reflected by the chart above, Mr. Maither's losses clearly exceed that of Malhotra/Zulkifli, Campbell has now withdrawn, and unlike the Sterrett, Mr. Maither has made a *prima facie* showing of adequacy under Rule 23 in his lead plaintiff motion.

---

[1] Four movants moved for lead plaintiff: (1) Lyndon Maither (ECF Nos. 22; 24), (2) David Sterrett ("Sterrett") (ECF No. 16), (3) Sean Campbell ("Campbell") (ECF Nos. 20-21), and (4) Ajay Malhotra and Andre Ling Bin Zulkifli ("Malhotra/Zulkifli") (ECF Nos. 30-31). Sean Campbell and Malhotra/Zulkifli have since withdrawn (ECF Nos. 42-43).

In contrast, Sterrett is an unknown individual investor who has failed and refused to provide even the most basic background information about himself.  During a basic investigation by Mr. Maither's counsel, Sterrett refused to provide any information about himself or answer basic questions concerning his transaction in Sonim securities, including whether he made any sales prior to the filing of the initial complaint.[2]  Even a suggested phone call was refused.  *Id.*  Accordingly, Sterrett has therefore proved himself unqualified to represent the Class.

On the otherhand, the information provided by Mr. Maither demostrates that he is the movant "most capable of adequately representing the interests of class members," the Court should appoint Mr. Maither as Lead Plaintiff and approve his selection of Hagen Berman as Lead Counsel.

## II.     ARGUMENT

### A.     Mr. Maither is the Movant Most Capable of Adequately Representing the Full Interests of the Class Members

In a PSLRA class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."[3]  Courts are to "adopt a presumption" that the most adequate plaintiff is the plaintiff who: (1) has either filed a complaint or moved to be named lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23.[4]  Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and that "the representative parties will fairly and adequately protect the interests of the class."[5]

---

[2] *See* Declaration of Reed R. Kathrein In Further Support of Lyndon Maither's Motion To Appoint Lead Plaintiff, Approve Selection Of Lead Counsel ("Kathrein Decl."), Exhibit ("Ex.") A.

[3] 15 U.S.C. § 78u-4(a)(3)(B)(i).

[4] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

[5] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Of all the remaining movants, Mr. Maither claims the second-largest loss, but, unlike the movant with purportedly larger losses (Sterrett), he has demonstrated his adequacy to represent the class. Accordingly, Mr. Maither has the "largest financial interest" of demonstrably adequate movants to represent Sonim IPO investors.

### B. Only Mr. Maither Demonstrates that He is Both Typical and Adequate Under Fed. R. Civ. P. 23

A "'movant's financial interest is just a beginning point.'"[6] "To qualify as the presumptive lead plaintiff, in addition to possessing a significant financial interest, a lead plaintiff must also 'satisf[y] the requirements of Rule 23.'"[7]

Importantly, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements."[8] Rather, movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23."[9]

A movant's failure to include facts *in their moving papers* detailing their adequacy "could, by itself, be a basis for denying lead plaintiff status."[10] In this case, Mr. Maither's opening brief sets forth basic facts about himself revelant to this litigation. In particular, Mr. Maither has told the Court that he is "a Quebec, Canada-based retired accountant and Certified Fraud Examiner," and that he is an experienced and sophisticated retail investor with a substantial financial interest in the litigation.[11]

---

[6] *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 288 F.R.D. 26, 37 (S.D.N.Y. 2012). [citation omitted].

[7] *Id.*

[8] *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

[9] *Springer v. Code Rebel Corp.*, No. 1:16-cv-3492, 2017 WL 838197, at *2 (S.D.N.Y. Mar. 2, 2017).

[10] *Takata v. Riot Blockchain, Inc.*, No. 3:18-cv-02293, 2018 WL 5801379, at *5 (D.N.J Nov. 6, 2018); *Camp v. Qualcomm Inc.*, No. 1:18-cv-1208-AJB-BLM, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) ("Singh failed to include any basic details about himself, including where he lives or who he is specifically in his motion.").

[11] *See* ECF No. 22, at 3.

Accordingly, Mr. Maither's background makes him well-suited to make fair and informed decisions throughout the course of the litigation, understand the complexities, legal theories, and financial damages of the case, and adequately oversee counsel.  Meanwhile, Sterrett has not provided any facts or made any showing that he has the experience or sophistication to lead this action.[12]

In fact, the Court knows absolutely nothing about Sterrett or his ability to serve as lead plaintiff in this case.[13]  Faced with a similar lack of information, another district court recently *sua sponte* ordered all individual lead plaintiff applicants to file a declaration setting forth, among other facts: "(i) each individual's city and state of residence; (ii) each individual's occupation; (iii) whether and to what extent the moving individuals are familiar with one another; (iv) how each individual came to retain his/her respective lawyer(s); and (v) the general nature of each individual's investment in [the company]."[14]

Here, Mr. Maither submits concurrently with this Memorandum a declaration that further explains his adequacy.[15]  The declaration submitted by Mr. Maither in support of his motion describes his educational and sophisticated work experience, and the fact that he has a substantial

---

[12] *See In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. 3:07-cv-00177-FLW-LHG, 2007 WL 2683636, at *6 (D.N.J. Sept. 7, 2007) ("If the movant with the largest financial losses lacks legal experience or sophistication, or selects lead counsel plainly incapable of undertaking the representation . . ., courts might conclude that the movant had failed to surmount the threshold adequacy inquiry.").

[13] *See Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) ("Simply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task.").

[14] *See Desilvio v. Lion Biotechnologies, Inc.*, No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that "record contains no evidence that [individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 449 (D. Mass. 2018) ("the Certification and [competing movant's] other submissions did not provide sufficient information for the court to decide whether [the competing movant] satisfied all of the PSLRA's requirements for serving as lead plaintiff.").

[15] *See* Kathrein Decl. Ex. B, Declaration of Lyndon Maither In Further Support of His Motion To Appoint Lead Plaintiff, Approve Selection Of Lead Counsel.

financial interest in this case.[16]  In particular, Mr. Maither's declaration states that he has a Bachelor of Commerce degree from Concordia University, studied Public Accounting at McGill University, and worked as a senior-level accountant for more than 30 years, with experience performing all business accounting functions, including cash-flow and budget projections.[17]  In addition, Mr. Maither described his interest in corporate fraud prevention, noting that he has a Certified Fraud Examiner certificate, has written extensively on tax and law, and has previously worked with law enforcement in against financial crime.[18]  Importantly, Mr. Maither also adds that he is "familiar with overseeing lawyers and the legal process."[19]  As demonstrated in his declaration, Mr. Maither satisfies both the typicality and adequacy requirements of Rule 23, thereby warranting his appointment as Lead Plaintiff.

In contrast, the Court knows absolutely nothing about Mr. Sterrett or his ability to serve as lead plaintiff in this case.  Mr. Sterrett has not submitted any information explaining who he is, his educational or professional background, how he made the decision to seek a lead plaintiff appointment, or whether he has any experience overseeing lawyers.[20]  Given this dearth of information, after Mr. Sterrett filed his motion, counsel for Mr. Maither was unable to run a basic background report on Mr. Sterrett.  Accordingly, counsel for Mr. Maither requested that counsel for Mr. Sterrett provide identifying information such as a home address.  In addition, counsel for

---

[16] *Id*. at ¶ 6.

[17] *Id*. at ¶ 1.

[18] *Id*. at ¶ 3.

[19] *Id*. at ¶ 4.

[20] *See* ECF No. 16*; Camp v. Qualcomm Inc*., No. 3:18-cv-01208-AJB-AHG, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (finding movant did not satisfy Rule 23's typicality requirement because he "*failed to include any basic details about himself, including where he lives or who he is specifically in his motion*").  *See Piven v. Sykes Enters., Inc*., 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (explaining that a lead plaintiff movant is inadequate where it "has not proffered any information regarding its identity, resources, and experience").

Maither asked that Mr. Sterrett confirm he had no sales during or post class period.  However, Mr. Sterrett steadfastly refused to provide this basic information.[21]

Sterrett's refusal to provide information about himself also raises the possibility that, in addition to being inadequate, he may be subject to unique defenses.  Without more information, there is a risk that Sterrett's appointment would invite attacks on standing.[22]  Appointing Mr. Maither as Lead Plaintiff substantially forecloses such attacks.[23]

### C.      The Court Should Approve Mr. Maither's Choice of Lead Counsel.

Pursuant to the PSLRA, the lead plaintiff may select and retain lead counsel, subject to this Court's approval.[24]  Movant has selected Hagens Berman to serve as Lead Counsel for the proposed class.  Hagens Berman has previously been appointed as lead counsel in numerous other cases and has a demonstrated ability to work in an efficient fashion in the class's best interests.[25]  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases, and has served as Lead Counsel or Co-lead Counsel in several high-profile

---

[21] *See* Kathrein Decl. Ex. A. *See also Karp v. Diebold Nixdorf, Inc.*, No. 1:19-cv-06180-LAP, 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019) (rejecting PSLRA movant's contention that they "need not 'provide adequate information about themselves' on top of the requirements of the PSLRA."  As the court stated, "they nonetheless need to provide enough information to make a preliminary showing of adequacy under Rule 23.").

[22] *See, e.g., In re Zynga Inc. Sec. Litig.*, No. 4:12-cv-04007-JSW, 2014 WL 721948, at *3 (N.D. Cal. Feb. 25, 2014) (dismissing claims because lead plaintiff(s) lacked standing); *In re Royal Bank of Scotland Grp. PLC Sec. Litig.*, 765 F. Supp. 2d 327, 339 (S.D.N.Y. 2011) (same); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 965 (N.D. Cal. 2010) (same).

[23] *See, e.g., Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 406 (D. Minn. 1998) ("[O]ur role is not to resolve the standing issue, which appears to remain open to honest debate, but to determine whether the debate itself is substantive enough" to warrant prophylactic measures.).

[24] *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

[25] *See* ECF No. 24-4 (Hagens Berman Firm Résumé, Gilmore Decl., Ex. D).

securities class actions.[26]  Moreover, Hagens Berman suffers from no disabling conflict of interest.

Accordingly, Mr. Maither respectfully requests that Hagens Berman be appointed lead counsel.[27]

### III.    CONCLUSION

For all of the foregoing reasons, Mr. Maither respectfully requests that this Court: (1) appoint Mr. Maither to serve as lead plaintiff in this action; (2) approve Mr. Maither's selection of Hagens Berman as lead counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: December 20, 2019                          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     /s/ *Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Lyndon Maither*

---

[26] *Id*. at pages 31-32.

[27] *See also Cohen v. U.S. Dist. Ct. for Northern Dist. Of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) ("[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently.") (citation omitted).