Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
Sherief Morsy (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com
        smorsy@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff David Sterrett*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | **DAVID STERRETT'S REPLY IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>Case No. 3:19-cv-06416-MMC<br><br><u>**CLASS ACTION**</u><br><br>Judge: Hon. Maxine M. Chesney<br>Date:   January 10, 2020<br>Time:  9:00 AM<br>Courtroom:  7 – 19th Floor |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..........................................................................................................................3

I.      STERRETT HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION ...4

II.     STERRETT MADE A PRIMA FACIE SHOWING OF HIS TYPICALITY AND
        ADEQUACY WITHIN THE MEANING OF RULE 23...................................................4

        A.     Sterrett's Claims Are Typical Of—Indeed Identical To—The Class's Claims .....5

        B.     Sterrett And His Counsel Are Adequate To Represent The Class ........................8

III.    THE PRESUMPTION IN FAVOR OF APPOINTING STERRETT HAS NOT BEEN
        REBUTTED .................................................................................................................9

CONCLUSION .....................................................................................................................15

**DAVID STERRETT'S REPLY IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**
**Case No. 3:19-cv-06416-MMC**

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Atanasio v. Tenaris S.A.*,
    331 F.R.D. 21 (E.D.N.Y. 2019) ...............................................................................................10

*Camp v. Qualcomm*,
    No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ............................12

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ......................................................................................... *passim*

*In re Century Aluminum Co. Sec. Litig.*,
    729 F.3d 1104 (9th Cir. 2013) ....................................................................................................6

*In re Century Aluminum Co. Sec. Litig.*,
    No. C-09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) ...................................5, 6, 7

*In re Charles Schwab Corp. Sec. Litig.*,
    257 F.R.D. 534 (N.D. Cal. 2009) ................................................................................................7

*Cheng Jiangchen v. Rentech, Inc.*,
    No. CV 17-1490-GW(FFMx), 2017 WL 10358390 (C.D. Cal. May 22, 2017) ....................11

*Clair v. DeLuca*,
    232 F.R.D. 219 (W.D. Pa. 2005) ..............................................................................................12

*In re Cloudera, Inc. Sec. Litig.*,
    No. 19-cv-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) ...............................10

*Cooper v. Thoratec Corp.*,
    No. 14-cv-0360 CW, 2018 WL 2117337 (N.D. Cal. May 8, 2018)........................................11

*In re Daou Sys.*,
    411 F.3d 1006 (9th Cir. 2005) ....................................................................................................6

*DeSilvio v. Lion Biotechnologies, Inc.*,
    No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017)................................................12

*Di Donato v. Insys Therapeutics, Inc.*,
    No. CV-16-00302-PHX-NVW, 2019 WL 4573443 (D. Ariz. Sept. 20, 2019)......................11

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011)..............................................................................................5, 8

*In re Emulex Corp. Sec. Litig.*,
    210 F.R.D. 717 (C.D. Cal. 2002) ..............................................................................................11

*Fait v. Regions Fin. Corp.*,
    655 F.3d 105 (2d Cir. 2011) ........................................................................................................6

**DAVID STERRETT'S REPLY IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**
**Case No. 3:19-cv-06416-MMC**

*Feyko v. Yuhe Int'l, Inc.*,
   No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012)......................................8

*Fialkov v. Celladon Corp.*,
   No. 15cv1458 AJB (DHB), 2015 WL 11658717 (S.D. Cal. Dec. 9, 2015) ..........................11

*In re Forcefield Energy Inc. Sec. Litig.*,
   No. 15 Civ. 3020(NRB), 2015 WL 4476345 (S.D.N.Y. July 22, 2015) .............................4, 5

*Garbowski v. Tokai Pharms., Inc.*,
   302 F. Supp. 3d 441 (D. Mass. 2018)...................................................................................12

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
   209 F.R.D. 447 (C.D. Cal. 2002) ..........................................................................................12

*Hemmer Group v. SouthWest Water Co.*,
   527 F. App'x 623 (9th Cir. 2013)............................................................................................6

*Hessefort v. Super Micro Computer, Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018)....................................................................................4

*In re HiEnergy Techs., Inc. Sec. Litig.*,
   No. 8:04CV01226 DOCJTLX, 2006 WL 2780058 (C.D. Cal. Sept. 26, 2008).....................11

*Hildes v. Arthur Andersen LLP*,
   734 F.3d 854 (9th Cir. 2013)...................................................................................................6

*Hodges v. Akeena Solar, Inc.*,
   274 F.R.D. 259 (N.D. Cal. 2011) ..........................................................................................11

*Joseph Amann v. Metro Bank PLC, et al.*,
   No. 2:19-cv-04739-TJH-JC, ECF No. 38 (C.D. Cal. Oct. 21, 2019) ....................................11

*Karp v. Diebold Nixdorf, Inc.*,
   No. 1:19-cv-06180-LAP, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ...............................12

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011) ....................8, 11

*Marsden v. Select Med. Corp.*,
   246 F.R.D. 480 (E.D. Pa. 2007) ............................................................................................11

*Mauss v. NuVasive, Inc.*,
   No. 13CV2005 JM (JLB), 2017 WL 1080654 (S.D. Cal. Mar. 22, 2017)............................11

*McGuire v. Dendreon Corp.*,
   267 F.R.D. 690 (W.D. Wash. 2010)......................................................................................11

*Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*,
   328 F.R.D. 86 (S.D.N.Y. 2018).............................................................................................11

*In re Netbank, Inc. Sec. Litig.*,
   259 F.R.D. 656 (N.D. Ga. 2009) ...................................................................................11

*In re Netflix, Inc., Sec. Litig.*,
   No. 12-0225 SC, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ............................................8

*Olivier v. Baca*,
   913 F.3d 852 (9th Cir. 2019) ...................................................................................10

*In re Orange 21 Inc. Sec. Litig.*,
   No. 05 CV 0595 JM (BLM), 2005 WL 8173281 (S.D. Cal. July 6, 2005) ........................6, 11

*Piven v. Skyes Enters., Inc.*
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ...............................................................................12

*Puente v. Chinacast Educ. Corp.*,
   No. CV 12-4621-JFW, 2012 WL 3731822 (C.D. Cal. Aug. 22, 2012) ...................................4

*In re Sci.-Atlanta, Inc. Sec. Litig.*,
   571 F. Supp. 2d 1315 (N.D. Ga. 2007) ...............................................................................11

*In re Silver Wheaton Corp. Sec. Litig.*,
   No. 2:15–cv–05146–CAS, 2017 WL 2039171 (C.D. Cal. May 11, 2017) ...........................11

*Smith v. NetApp, Inc. et al.*,
   No. 4:19-cv-04801-JST, ECF No. 36 (N.D. Cal. Nov. 12, 2019)...................................10, 11

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)...................................................................................6, 7

*Tai Jan Bao v. SolarCity Corp.*,
   No. 14–cv–01435–BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014)................................4

*Takata v. Riot Blockchain, Inc.*,
   No. 3:18-cv-02293, 2018 WL 5801379 (D.N.J. Nov. 6, 2018) ...........................................12

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
   No. 3:07-cv-00177-FLW-LHG, 2007 WL 2683636 (D.N.J. Sept. 7, 2007)........................12

*Waterford Twp. Police v. Mattel, Inc.*,
   No. 17-cv-04732 VAP (KSX),
   2017 WL 10667732 (C.D. Cal. Sept. 29, 2017)..................................................8, 10, 12, 14

*Yi Xiang v. Inovalon Holdings, Inc.*,
   327 F.R.D. 510 (S.D.N.Y. 2018)...................................................................................6

*Zhu v. UCBH Holdings, Inc.*,
   682 F. Supp. 2d 1049 (N.D. Cal. 2010)........................................................................5, 14

*Zhu, et al. v. Taronis Techs., Inc. et al.*,
   No. 2:19-cv-04529-GMS, ECF No. 29 (D. Ariz. July 10, 2019) .........................................11

iv

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................................ *passim*

**Other Authorities**

Thomas Lee Hazen,
    2 Law Sec. Reg. §7.36 (Dec. 2019 Update) ...............................................................................6

David Sterrett respectfully submits this reply memorandum of law pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), in further support of his motion seeking appointment as Lead Plaintiff and approval of his selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

**PRELIMINARY STATEMENT**

The Ninth Circuit has explained that, assuming appropriate notice has been provided to the putative class, there are three steps to identifying the "most adequate plaintiff" to lead securities class actions that are subject to the PSLRA.  First, the Court must determine which of the various plaintiffs possesses the largest financial interest in the relief sought by the litigation. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (describing the PSLRA's "most adequate plaintiff" presumption).  Second, starting with the plaintiff who possesses the largest financial interest, the Court must then determine whether that plaintiff made a ***prima facie showing*** of the plaintiff's typicality and adequacy—within the meaning of Rule 23—to represent the class.  Third, once the most adequate plaintiff presumption has been triggered, the Court must provide other plaintiffs with the opportunity to rebut—***with competent evidence***—the presumptive lead plaintiff's typicality and adequacy to represent the class.[2]

Of the four movants who sought appointment as Lead Plaintiff in the Action and approval of their selection of counsel as Lead Counsel, *see* ECF Nos. 16, 20, 22, 30, only Sterrett and the third place finisher—Lyndon Maither ("Maither")—remain.  *See* ECF No. 45 ("Maither's Opp. Br.").[3]

---

[1]     Unless stated otherwise, this brief follows the same conventions and definitions as those used in Sterrett's opposition brief, ECF No. 44 ("Opposition Brief" or "Opp. Br.").  All references to "Ex. __" are references to the exhibits annexed to the Declaration of Katherine M. Lenahan filed herewith.

[2]     If the presumptive lead plaintiff's typicality or adequacy is rebutted, the court is to then repeat the process starting with the plaintiff who asserts the next largest financial interest. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

[3]     The remaining movants withdrew their motions.  *See* ECF Nos. 42-43.

With statutory damages of $43,441.90, Sterrett's financial interest in the Action is over three times greater than Maither's $12,475.60 in damages. *See* Opp. Br. at 5. Maither himself concedes that Sterrett has a larger financial stake in the Action. Maither's Opp. Br. at 1.

Recognizing that no evidence exists to rebut Sterrett's presumptive lead plaintiff status or to seek discovery of Sterrett pursuant to the PSLRA's restrictive discovery procedures governing lead plaintiff motions, 15 U.S.C. § 77z-1(a)(3)(B)(iv), Maither improperly tries to raise the bar as to what is required for a plaintiff to make a *prima facie* showing of the plaintiff's typicality and adequacy ***within the meaning of Rule 23***. Specifically, Maither argues that Sterrett failed to provide various pieces of biographical information, such as his educational and occupational histories, which Maither claims are required to establish Sterrett's typicality and adequacy. Maither's argument is a transparent attempt to impose additional requirements to those that Congress imposed upon lead plaintiff movants when it enacted the PSLRA, most notably Congress' requirement that each plaintiff submit a sworn certification attesting to a list of facts that ***Congress*** deemed determinative of a lead plaintiff's suitability to represent a class. *See* 15 U.S.C. § 77z-1(a)(2)(A). Notwithstanding Maither's attempted rewrite of the PSLRA, all Sterrett was required to do was make a ***prima facie*** showing of his typicality and adequacy. Sterrett did so by timely submitting his sworn certification and selecting unconflicted counsel who is adequate to prosecute the claims and providing evidence of counsel's ability to do so. Congress did not, however, require lead plaintiff movants to provide biographical information concerning their educational and professional backgrounds, or their litigation histories, and courts do not ordinarily require such evidence precisely because it is irrelevant to making a *prima facie* showing of the plaintiff's typicality and adequacy within the meaning of those terms under Rule 23 as explained further herein. Tellingly, ***none of the movants—including Maither—submitted any competent evidence*** of their biographies with their opening motion papers. For the Court to create such a requirement now would represent a sea change in the law under Rule 23 and would be contrary to the balance struck by Congress when it set forth the procedural requirements for lead plaintiff movants and the 30-day deadline by which district courts are required to consider lead plaintiff motions once they are filed. Nevertheless, to

**DAVID STERRETT'S REPLY IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**
**Case No. 3:19-cv-06416-MMC**

remove any doubts the Court may have as a result of Maither's gamesmanship, Sterrett is submitting contemporaneously herewith a declaration that sets forth, *inter alia*, his occupation as an electromagnetic compatibility engineer and reaffirms his commitment to serve as a fiduciary and vigorously pursue the claims against the defendants as the Action's Lead Plaintiff on behalf of the Class.[4]

Putting aside Maither's attempts to override Congress, Maither and his counsel are wholly inadequate to represent the class.  As set forth in Sterrett's opposition, Opp. Br. at 7-11, and supported with competent evidence, ECF Nos. 44-4 at 5, 44-5, 44-6 at 4, Maither's counsel has taken a position in a related state court class action against the defendants that is antagonistic, if not antithetical, to this Action's class and the rights of this Action's duly appointed Lead Plaintiff to "steer [the] litigation" and control "aspects of litigation such as discovery, choice of counsel, assertion of legal theories, retention of consultants and experts, and settlement negotiations," Opp. Br. at 8-9.  Maither's counsel is clearly conflicted as a result and is therefore inadequate to represent the class.  Consequently, Maither is inadequate because either (1) Maither knows of his counsel's antagonistic position, agrees with it, and concealed it from this Court, or (2) Maither is unaware of his counsel's antagonistic position and is thus incapable of supervising his counsel.  Additionally, Maither is inadequate because he faces potential liability for negligently recommending Sonim stock to subscribers to his investment recommendation website, which puts his interests further in conflict with the interests of the class given that certain defendants may raise a due diligence defense similar to what Maither would have to do to defend a claim asserting Mather's negligent recommendation.  Opp. Br. at 11-12.

Accordingly, Sterrett respectfully requests the Court to grant his motion in its entirety.

**ARGUMENT**

Sterrett should be appointed Lead Plaintiff for the Action because he is entitled to invoke the PSLRA's "most adequate plaintiff" presumption and because Maither has failed to

---

[4]     *See* Declaration of David K. Sterrett in Support of His Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Sterrett Decl.").

3

rebut the presumption with competent evidence of Sterrett's atypicality or inadequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).

## I.   STERRETT HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION

At the first step of the PSLRA's lead plaintiff appointment procedure, the Court "must compare the financial stakes of the various plaintiffs and determine which one ***has the most to gain from the lawsuit***." *Id.* at 730.  In this instance, there are only two financial stakes to compare—Sterrett's and Maither's.  As Maither concedes that Sterrett has the largest financial interest, *see* Maither Opp. Br. at 1, it is undisputed that Sterrett possesses the largest financial stake in the litigation.

## II.   STERRETT MADE A PRIMA FACIE SHOWING OF HIS TYPICALITY AND ADEQUACY WITHIN THE MEANING OF RULE 23

At the second step of the PSLRA's lead plaintiff appointment procedure, the Court must next determine whether Sterrett, as the movant with the largest financial interest in the litigation, made a *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements.[5]  *See Cavanaugh*, 306 F.3d at 730; *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (stating that only a ***prima facie*** showing of typicality and adequacy is necessary).

Critically, the *prima facie* showing required for lead plaintiff movants is ***lower than*** the showing required of a representative plaintiff at the class certification stage to demonstrate the plaintiff's typicality and adequacy.  *See Puente v. Chinacast Educ. Corp.*, No. CV 12-4621-JFW (PLAx), 2012 WL 3731822, at \*3 (C.D. Cal. Aug. 22, 2012) (stating that a "wide ranging analysis" of Rule 23's typicality and adequacy requirements is inappropriate at this stage and "should be left for consideration on a motion for class certification").  Indeed, "[b]y directing district courts to choose lead plaintiffs at the earliest stage of class litigation, Congress

---

[5]   Rule 23's numerosity and commonality requirements are not at issue at the lead plaintiff stage. *See Tai Jan Bao v. SolarCity Corp.*, No. 14–cv–01435–BLF, 2014 WL 3945879, at \*3 n.1 (N.D. Cal. Aug. 11, 2014) ("At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy . . .") (citing *Cavanaugh*, 306 F.3d at 730 n.5).

expressed a judgment that the benefits of appointing a high-loss plaintiff early in litigation would outweigh the costs of occasionally having to replace the lead plaintiff later on." *In re Forcefield Energy Inc. Sec. Litig.*, No. 15 Civ. 3020(NRB), 2015 WL 4476345, at \*5 (S.D.N.Y. July 22, 2015); *see also* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II), (a)(3)(B)(iv) (requiring the court to consider lead plaintiff motions 30 days after they are filed); 15 U.S.C. § 77z-1(a)(3)(B)(iv) (limiting discovery among lead plaintiff movants to situations where a plaintiff "demonstrates a *reasonable basis* for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class[]").

Furthermore, the inquiry under step two is not a relative one, meaning that "[s]o long as the plaintiff with the largest [financial interest] satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Cavanaugh*, 306 F.3d at 732 (the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."); *cf. Zhu v. UCBH Holdings,* Inc., 682 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) ("[Movants'] status as institutional investors do not provide any presumption that they would be more adequate lead plaintiffs than an individual investor with a larger financial interest.").

As explained below, Sterrett made the requisite *prima facie* showing of his typicality and adequacy with his opening motion by timely filing a sworn certification that meets the statutory requirements and by retaining qualified and unconflicted counsel to vigorously represent Sterrett and the putative class.

**A.      Sterrett's Claims Are Typical Of—Indeed Identical To—The Class's Claims**

As the Ninth Circuit has made clear, under Rule 23 the test for a representative plaintiff's typicality is "whether other members [of the class] have the same or similar injury [as the named plaintiff], whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). "The focus of the typicality inquiry is not on plaintiff's behavior, but defendants." *In re Century Aluminum Co. Sec. Litig.* ("*Century Aluminum I*"),No. C-09-1001 SI, 2009 WL 2905962, at \*4 (N.D. Cal. Sept. 8, 2009)

5

("If defendants' course of conduct gave rise to all class members' claims and if defendants have not taken any action unique to the named plaintiff, then the representative's claim is typical.").

The Action alleges claims under Sections 11 and 15 of the Securities Act. *See* Compl. at ¶¶50-63. Section 11 provides a cause of action to investors who purchased securities pursuant and/or traceable to a false and/or misleading registration statement. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013). Under Section 11, a plaintiff must prove "(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *In re Daou Sys.*, 411 F.3d 1006, 1027 (9th Cir. 2005). Notably, unlike claims under Section 10(b) of the Exchange Act, Section 11 claims are "strict liability,"[6] *Hemmer Group v. SouthWest Water Co.*, 527 F. App'x 623, 625-26 (9th Cir. 2013), and do not require a showing of reliance, scienter, or loss causation. *See Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859-60 (9th Cir. 2013) (collecting cases on this point); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 109 (2d Cir. 2011) ("[I]n contrast to claims brought pursuant to section 10(b) of the Securities Exchange Act of 1934 . . . claims under section[] 11 . . . do not require allegations of scienter, reliance, or loss causation.").

Sterrett has amply demonstrated that his claims are typical of the class's Section 11 claims based on the evidence provided in his sworn certification, namely that Sterrett purchased Sonim stock on dates during the time period at issue in the complaint and consequently that his stock was purchased pursuant and/or traceable to the registration statement at issue, suffering damages as a result of Defendants' alleged Securities Act violations as Sterrett held his stock through the subsequent price declines. *See* ECF No. 16-3; *In re Orange 21 Inc. Sec. Litig.*, No. 05 CV 0595 JM (BLM), 2005 WL 8173281, at *3 (S.D. Cal. July 6, 2005) (typicality satisfied for Section 11 claims based on a similar showing); *Yi Xiang v. Inovalon Holdings, Inc.*, 327 F.R.D. 510, 523-24 (S.D.N.Y. 2018) (same). Sterrett's claims are therefore ***identical*** to those of other class members' even though they need only be "reasonably coextensive with those of

---

[6] While there is strict liability against an issuer under Section 11, other defendants may have a due diligence defense to Section 11 claims. Thomas Lee Hazen, 2 Law Sec. Reg. §7.36 (Dec. 2019 Update), *available at* Westlaw.

6

absent class members" to be typical within the meaning of Rule 23.  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Sterrett has likewise demonstrated his Section 15 claims are identical to and typical of the class's Section 15 claims.  Section 15 claims are "control persons claim[s]" that require that a plaintiff "establish (1) a primary violation of the pertinent federal securities laws,"—here, the primary violation of Section 11 alleged in the First Claim—"and (2) that defendants exercised actual power or control over the primary violator."  *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 550 (N.D. Cal. 2009).  Just like the Action's Section 11 claims, the Action's Section 15 claims are focused on ***Defendants'*** conduct:  the issue is whether Sonim committed a primary violation of Section 11 and whether certain Defendants' exercised power or control over Sonim.  *See Century Aluminum I*, 2009 WL 2905962, at \*4  (finding movant typical where the action's "central question" was "whether defendants made misrepresentations . . . and there [was] no suggestion that defendants took any action specific to [movant] that would render him atypical[]").  As the Action's Section 11 claim only adds a requirement concerning whether the defendants in question exercised actual power or control over the primary violator, Sterrett's Section 15 claims are typical of the class's claims because the additional element only relates to the actions of the defendants, in which case Sterret's claims are typical of the class's for the same reasons his Section 11 claims are typical.

Maither's argument that Sterrett ***might have*** made sales not listed in his certification is without any evidentiary basis.  Sterrett swore under oath that he listed all of his "transactions in Sonim [] securities that are the subject of the complaint" in his PSLRA certification.  *See* ECF No. 16-3 at 2 ¶5; 15 U.S.C. § 77z-1(a)(2)(A)(iv) (the PSLRA requires that each lead plaintiff movant's certification, "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint").  What more was Sterrett supposed to do?  Maither's unsubstantiated doubts that an investor might engage in a "buy and hold" investment strategy is not credible and obvious gamesmanship designed to keep their frivolous opposition alive.  In any event, Sterrett reaffirms the fact that he has not sold any of his stock in his declaration submitted herewith.  *See* Sterrett Decl. at ¶5.

7

### B.    Sterrett And His Counsel Are Adequate To Represent The Class

The test for adequacy under Rule 23 is whether "(1) the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) [] the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class[.]" *Ellis*, 657 F.3d at 984.  Sterrett has made a *prima facie* showing of his adequacy by filing a timely motion, submitting his sworn certification containing the representations required by Congress, and selecting, retaining, and proposing qualified and unconflicted counsel as Lead Counsel.  *See* ECF No. 16-3 at 2-3; *Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSX), 2017 WL 10667732, at *6-8 (C.D. Cal. Sept. 29, 2017) (certification evidenced adequacy); *Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (same).

Specifically, Sterrett submitted the requisite certification attesting to, *inter alia*, his transactions in Sonim stock, his willingness to serve as Lead Plaintiff in the Action, and his choice of the Faruqi Firm as Lead Counsel, ECF No. 16-3 at 2-3, whose qualifications he established in his opening papers with evidence.  *See* ECF No. 16 at 8-10 (describing Faruqi Firm's qualifications and experience); 16-5 (Faruqi Firm Resume).  Based on the representations made in Sterrett's certification, his interests in the litigation are the same as the absent class members—to recover the maximum amount for their losses.  *See In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *6 (N.D. Cal. Apr. 27, 2012) (finding that movants had no conflicts of interest with other class members where their interests—"to recover their losses"—were aligned with other class members' interests).  Furthermore, Sterrett has shown that he will prosecute the action vigorously on behalf of the class by choosing experienced, qualified, and non-conflicted counsel.  *See Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (stating that the adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class[]").  Sterrett has further demonstrated his commitment to vigorously prosecute this Action by stating his intention to join in Defendants' motion to stay the related State Court Action to preserve the interests of ***this Action's class*** and

8

to protect rights that Congress conferred on the duly appointed Lead Plaintiff *in this Action*. *See* Opp. Br. at 8-9 & 9 n.8.

## III.     THE PRESUMPTION IN FAVOR OF APPOINTING STERRETT HAS NOT BEEN REBUTTED

Because Sterrett has the largest financial interest in the litigation and he has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23(a), he is entitled to invoke the most adequate lead plaintiff presumption.  *Cavanaugh*, 306 F.3d at 730.  As a result, the third step under *Cavanaugh* allows competing lead plaintiff movants to present *competent evidence* to rebut Sterrett's status as the presumptive Lead Plaintiff.  *Id.*  No competent evidence whatsoever has been adduced, much less evidence sufficient to rebut the PSLRA's most adequate plaintiff presumption.

Having failed to find any evidence that rebuts the presumption in Sterrett's favor—because there is none—Maither instead attempts to rewrite the PSLRA's requirements for a plaintiff to make a *prima facie* showing of the plaintiff's typicality and adequacy to include information beyond that required by Rule 23 and the Ninth Circuit as explained in § II above. Congress did not require lead plaintiff movants to provide the information Maither suggests is somehow missing from Sterrett's motion (*e.g.*, their educational or professional background, how they made the decision to seek lead plaintiff appointment, or whether they have any experience overseeing lawyers) and there is no language in the PSLRA to the contrary.  *See* Maither Opp. at 5.  "For example, [Congress] could well have raised Rule 23's standard for adequacy or given the district court authority to appoint as lead plaintiff 'the most sophisticated investor available'; . . . [w]hether Congress failed to enact these additional innovations because the Reform Act's sponsors believed the changes they did make were sufficient, or because they lacked the political consensus to do more, is beside the point.  We are bound by what Congress did, and we may not add to the statute terms that Congress omitted even if we believe they would serve the statutory purpose."  *Cavanaugh*, 306 F.3d at 738.

Thus, lead plaintiff movants are only required to make a timely lead plaintiff motion, submit a sworn certification that, *inter alia*, attests to their willingness to serve as a

9

representative party on behalf of a class and list their transactions in the security at issue, and choose qualified counsel to represent the class. *See* 15 U.S.C. § 77z-1(a)(2)(A)(i)-(vi); 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(v). "Nothing more has been required of putative lead plaintiffs[.]" *Atanasio v. Tenaris S.A.,* 331 F.R.D. 21, 30 (E.D.N.Y. 2019) (finding that where movants "attested to purchasing Tenaris stock during the class period, and submitted sworn certifications stating that they did not acquire Tenaris stock at the direction of counsel while indicating their willingness to serve as lead plaintiffs" and "submitted information on the qualifications of their chosen counsel," movants had made a prima facie Rule 23 showing); *see also Waterford Twp. Police*, 2017 WL 10667732, at \*7-8 (declining to find a lead plaintiff movant inadequate or atypical where he submitted the required certification, despite competing movants' complaint that "there is little information about [the movant] on the record").

Maither's argument that further background information is required is belied by the fact that none of the movants—***including Maither***—provided with their motions any of the evidence that Maither now claims is missing from Sterrett's motion.[7]  That is precisely because such information is irrelevant to the Ninth Circuit's tests for typicality and adequacy described above.  For instance, what does Sterrett's educational background or occupation have to do with whether his claims are "reasonably coextensive" with those of the class, or with his and his counsel's ability to vigorously represent the class?  Maither also makes no effort to explain how such information would help allay his concerns about the various unspecified and nonexistent unique defenses or standing issues he is so concerned that Sterrett might have.

Indeed, courts routinely find that lead plaintiff movants make a preliminary showing of typicality and adequacy without such information. *See, e.g., Atanasio,* 331 F.R.D. at 30-31; *Waterford Twp. Police*, 2017 WL 10667732, at \*7-8;  *In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221-LHK, 2019 WL 6842021, at \*8 (N.D. Cal. Dec. 16, 2019); *Smith v. NetApp, Inc. et*

---

[7]  The information Maither provided with his opening papers about his background—one sentence in his opening brief about his city of residence, supposed past profession, and a conclusory self-serving statement about his purported experience and sophistication (ECF No. 22 at 3)—is merely attorney hearsay, and is not competent evidence. *Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("legal memoranda . . . are not evidence").

10

*al.*, No. 4:19-cv-04801-JST, ECF No. 36 (N.D. Cal. Nov. 12, 2019); *Zhu, et al. v. Taronis Techs., Inc. et al.*, No. 2:19-cv-04529-GMS, ECF No. 29 (D. Ariz. July 10, 2019); *Joseph Amann v. Metro Bank PLC, et al.*, No. 2:19-cv-04739-TJH-JC, ECF No. 38 (C.D. Cal. Oct. 21, 2019); *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2017 WL 10358390, at *4 (C.D. Cal. May 22, 2017); *Fialkov v. Celladon Corp.*, No. 15cv1458 AJB (DHB), 2015 WL 11658717, at *6 (S.D. Cal. Dec. 9, 2015); *Orange 21 Inc.*, 2005 WL 8173281, at *3; *Kokkinis*, 2011 WL 2078010, at *2.

For that matter, such information is likewise not considered at the class certification stage, where the threshold for showing a class representative's typicality and adequacy is higher. *See, e.g., Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 266-68 (N.D. Cal. 2011) (finding class representative adequate and typical without any mention of background information); *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 719-21 (C.D. Cal. 2002) (same); *In re HiEnergy Techs., Inc. Sec. Litig.*, No. 8:04CV01226 DOCJTLX, 2006 WL 2780058, at *4-5 (C.D. Cal. Sept. 26, 2008) (same); *Di Donato v. Insys Therapeutics, Inc.*, No. CV-16-00302-PHX-NVW, 2019 WL 4573443, at *3-4 (D. Ariz. Sept. 20, 2019); *Cooper v. Thoratec Corp.*, No. 14-cv-0360 CW, 2018 WL 2117337, at *3 (N.D. Cal. May 8, 2018); *In re Silver Wheaton Corp. Sec.  Litig.*, No. 2:15–cv–05146–CAS (JEMx), 2017 WL 2039171, at *8-10 (C.D. Cal. May 11, 2017); *Mauss v. NuVasive, Inc*., No. 13CV2005 JM (JLB), 2017 WL 1080654, at *2-3 (S.D. Cal. Mar. 22, 2017); *McGuire v. Dendreon Corp*., 267 F.R.D. 690, 694–97 (W.D. Wash. 2010); *Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*, 328 F.R.D. 86, 91–93 (S.D.N.Y. 2018); *In re Netbank, Inc. Sec. Litig*., 259 F.R.D. 656, 666–67 (N.D. Ga. 2009); *In re Sci.-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1325-35 (N.D. Ga. 2007); *Marsden v. Select Med. Corp*., 246 F.R.D. 480, 485 (E.D. Pa. 2007).

The notion that courts and movants routinely forget that such biographical information is required in these circumstances is simply not plausible; and Maither's authorities do not compel a different conclusion, as nearly all involve unrelated groups of investors seeking to be

11

appointed lead plaintiff,[8] or situations where the court was presented with competent evidence of significant specific concerns about a plaintiff's ability to serve as Lead Plaintiff which required further inquiry.[9]  Sterrett's counsel is unaware of any precedent in the Ninth Circuit

_____

[8]       Courts often require more information when an **_unrelated group of investors_** seeks to aggregate their losses for the purposes of the PSLRA's "biggest loser" test out of concern that the PSLRA was enacted in order to end lawyer-driven litigation and that individual group members "might not have the cohesiveness or interest to actually manage the litigation on behalf of the class, and might cede important plaintiff decision-making functions to the class lawyers." *Waterford Township Police*, 2017 WL 10667732, at \*7 (distinguishing cases in which courts required more information from unrelated groups seeking appointment as lead plaintiff and noting that the same level of information is not required for an individual seeking appointment as lead plaintiff).  Maither's citations to the following cases are inapposite for this reason: *Takata v. Riot Blockchain, Inc.*, No. 3:18-cv-02293, 2018 WL 5801379, at \*5-6 (D.N.J. Nov. 6, 2018) (declining to appoint an unrelated groups of movants for lack of sufficient information about their formation and cohesion); *DeSilvio v. Lion Biotechnologies, Inc.*, No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017) (requiring additional information where two of three movants were unrelated groups).

[9]       *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. 3:07-cv-00177-FLW-LHG, 2007 WL 2683636, at \*6-9 (D.N.J. Sept. 7, 2007) (requiring additional information from presumptive lead plaintiff where, *inter alia*, the plaintiff was **_directly mailed_** notice of the case soliciting his involvement in the litigation, was not aware of his right to retain any other firm but the one who solicited him, and submitted an error-filled certification); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (stating, in dicta, that the Gads, who did not have the largest financial interest in the litigation anyway and were inexplicably represented by four law firms, had not made a sufficient showing of typicality and adequacy); *Piven v. Skyes Enters., Inc.* 137 F. Supp. 2d 1295, 1305-06 (M.D. Fla. 2000) (finding a lack of information about movant Westwind, a corporation, to be troubling where its proposed co-lead plaintiff withdrew without explanation and the defendants urged the court to appoint Westwind, which made the court "question the vigor with which Westwind intends to prosecute these claims"); *Karp v. Diebold Nixdorf, Inc.*, No. 1:19-cv-06180-LAP, 2019 WL 5587148, at \*5-6 (S.D.N.Y. Oct. 30, 2019) (finding movants inadequate where, *inter alia*, "the Court [was] disquieted by the errors contained in [their] original submissions[,]" which included a 34% error in their original loss totals that remained uncorrected for "nearly two weeks"); *Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 449, 455 (D. Mass. 2018) (declining to appoint as lead plaintiff an investor who submitted certifications that contained an unexplained redaction and exhibited a "willingness to make false statements under oath").  Sterrett respectfully submits that the courts' conclusions in *Camp v. Qualcomm*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at \*3-4 (S.D. Cal. Jan. 22, 2019) and *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) that further information was required to establish the movant's adequacy were incorrect, and notes that the *Qualcomm* court was also concerned about errors in the movant's certification in denying his motion for lead plaintiff.  Further, the out-of-circuit *Clair* court's stated preference for a "large institutional investor rather than an individual" and rejection of the movants for failing to provide evidence that they were "the type of sophisticated investor who can control a multi-million dollar class action," 232 F.R.D. at 226, is contrary to Ninth Circuit precedent which has explicitly rejected imposing a "most sophisticated investor available" requirement into Rule 23's adequacy standard.  *See Cavanaugh*, 306 F.3d at 738.

12

which renders a class representative atypical or inadequate based upon their profession or level of education, and any suggestion to the contrary has no basis in law.  Such a requirement seems particularly ill-conceived given that many of the jurors in any trial of the Action, who would be tasked with deciding the case, ironically might not pass whatever kind of elitist background check Maither is attempting to graft onto the PSLRA's Lead Plaintiff inquiry.  Tellingly, neither Maither nor any of the cases he cites articulates any sort of test regarding the necessary educational levels and occupational cross-check required for a plaintiff to be able to serve as a class representative under Rule 23.

The fact that the information Maither requests does nothing to further the adequacy and typicality inquiries is underscored by the fact that the declaration Maither submitted with his opposition (ECF No. 45-3) sheds no light on the serious conflicts of interest that render Maither and his counsel inadequate, *see* Opp. Br. at 7-12.  For example, Maither's declaration contains no mention of the fact that Maither and his counsel suffer from a debilitating conflict because Maither's counsel represents a different plaintiff in a related state court class action wherein Maither's counsel is taking a position that is antagonistic and hostile to the rights of the duly-appointed Lead Plaintiff in this Action.  *See* Opp. Br. at 7-11.  Additionally, despite claiming the importance of setting forth one's occupational background when moving for lead plaintiff, Maither conspicuously failed to mention that he runs an investment advice service through which he recommended Sonim securities to his subscribers.  *See* Opp. Br. at 11-12.  As Sterrett observed previously, this renders Maither inadequate because he has potential exposure for this recommendation and would have to take a position that would support a due diligence defense by the underwriter defendants, as well as director defendants.  *See id.* (citing Practitioner's Guide at §1:1:1.1[G] at 1-10 (providing that defendants besides the issuer may establish a due diligence defense to a Section 11 claim)).  And, as Sterrett previously noted, since motions were filed Maither has taken his website down in an apparent attempt to conceal (and potentially destroy) the evidence relating to his inadequacy, which only raises further doubts about Maither's ability to adequately and zealously represent the class.  *See* Opp. Br. at 11 n.10; *see also* Ex. A (a screenshot of Maither's website as of December 27, 2019).

13

Furthermore, Maither's complaint that Sterrett is inadequate for having failed to provide information about himself in response to Maither's counsel's email is frivolous.  There is no authority that requires a lead plaintiff movant to provide whatever information a competing lead plaintiff movant requests, and Maither has cited no authority at all in his email.  All discovery is automatically stayed in this Action by statute.  *See* 15 U.S.C. § 77z-1(b)(1).  Congress made clear that discovery of lead plaintiff movants is not allowed unless the plaintiff who seeks discovery first demonstrates a "***reasonable basis*** for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iv); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) ("Courts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs, something the [PSLRA] was meant to guard against."); *Waterford Twp. Police*, 2017 WL 10667732, at *7-8 (same, and declining to grant discovery of lead plaintiff movant where, although the competing movant "points out that there is little information about [movant] on the record," it "has not provided a reasonable basis for finding that [movant] would be incapable of representing the class").  To be clear, Sterrett is happy to provide the Court with whatever information the Court deems necessary to assess his ability to serve as lead plaintiff, but such a request is not discovery as the Court is obviously not a party to the Action.

Maither's counsel's request for further information about Sterrett was a thinly veiled attempt to do an end run around the PSLRA's discovery stay without providing the statutorily-required "reasonable basis."  *See* ECF No. 45-2 (email correspondence between Maither's and Sterrett's counsel).  For that matter, Maither's request contained no citation to any legal authorities justifying the request.  In any event, Sterrett provided more than enough information with his motion for Maither's counsel to investigate Sterrett in the way that Sterrett's counsel has investigated Maither.  For example, Sterrett signed his certification with his middle initial and identified his choice of counsel.  *See* ECF No. 16-3 at 2.  Notably, Sterrett did not need any of the information that Maither's counsel insists is necessary to investigate Sterrett—such as his ***home address*** which coincidentally Maither never provided—to uncover the real conflicts of interest that Sterrett identified in his opposition brief.  *See* Opp. Br. at 7-12.  By contrast,

14

Sterrett *did* provide a reasonable basis for seeking discovery of Maither with respect to Maither's knowledge of his counsel's antagonistic position in the state court action, and reiterates that request here.  *See* Opp. Br. at 11.

## CONCLUSION

For the foregoing reasons, Sterrett respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of the Faruqi Firm as Lead Counsel, and grant such other relief as the Court may deem just and proper.

Dated: December 27, 2019                    **FARUQI & FARUQI, LLP**

By: */s/ Richard W. Gonnello*
        Richard W. Gonnello

Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
Sherief Morsy (admitted *pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan @faruqilaw.com
        smorsy@faruqilaw.com

Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  bheikali@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff David Sterrett*

**DAVID STERRETT'S REPLY IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**
**Case No. 3:19-cv-06416-MMC**