Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Lyndon Maither*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | No. 3:19-cv-06416-MMC<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF LYNDON MAITHER TO APPOINT LEAD PLAINTIFF, APPROVE SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date: Jan. 10, 2020<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney<br><br>ORAL ARGUMENT REQUESTED |

010861-12/1220653 V1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The only remaining movants for Lead Plaintiff are Lyndon Maither and David Sterrett.  Mr. Maither, on one hand, continues to be willing to let this Court know who he is and has provided sufficient information to enable this Court to conclude that he would be typical and adequate class representative under Rule 23.  On the other hand, nothing is known about Mr. Sterrett, and his counsel continues to refuse to provide any information.  That refusal permeates Mr. Sterrett's response (ECF No. 44).  Instead, Mr. Sterrett argues that only losses matter,[1] ignoring that this court also must find a *prima facie* or preliminary showing under Rule 23.[2]  ECF No. 45 at 2-5.  One can only speculate why Sterrett and his counsel remain so secretive, and refuse to make a Rule 23 showing.

Rather, Mr. Sterrett tries to divert this Court's attention from him by taking the Rule 23 information Mr. Maither provided to attack Mr. Maither's adequacy.  While Mr. Sterrett's attack fails, as shown below, the irony of Mr. Sterrett's attack in the face of his refusal to provide any identifying information or a couple of basic questions regarding himself, should not be lost on this Court.

Finally, Sterrett attempts to concoct a conflict where none exists.  That Mr. Maither's counsel, Hagens Berman Sobol Shapiro LLP, is co-lead counsel in the first filed identical state Section 11 cases filed against Defendants and progressing along in San Mateo County Superior Court, is hardly a conflict.[3]  Both cases seek to represent the same class for the same damages under

---

[1] While Sterrett argues over loss calculations, the difference is not material to his argument as it is undisputed that, absent the clarifying information requested Maither—and refused by Sterrett—regarding possible sales, Maither does not argue that Sterrett's claimed losses exceed his.

[2] Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

[3] The first of the consolidated state actions was filed on September 20, 2019, while the copycat federal action was filed three weeks later on October 7, 2019.  The three state court actions have since been consolidated, lead counsel appointed including Hagens Berman Sobol Shapiro, and

REPLY MEMO IFSO MOT. TO APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL     - 1
Case No.: 3:19-cv-06416-MMC
010861-12/1220653 V1

the same law.  By seeking to represent the same class in the latter filed separate action, the same counsel can coordinate the actions such as to avoid duplication of resources of all parties and courts involved; the precise result courts in this District seek to effectuate when a parallel Section 11 class action suit is pending in state court.  *See, e.g.*, *In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1191 (N.D. Cal. 2017) (Alsup, J.) (granting state court plaintiffs' motion to intervene to oppose class certification with the condition that state plaintiffs remain subject to this Court's jurisdiction for the purpose of coordinating its Section 11 class with lead plaintiff so as to assure that absent class members are protected).

As shown below, no case law supports Sterrett's claim of "debilitating conflict."  ECF No. 44 at 8.  This is especially true now that the United States Supreme Court has re-affirmed state court concurrent litigation for cases brought under Section 11 of the Securities Act of 1933.  *See Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061 (2018).

Accordingly, there simply is no conflict or any other viable rebuttal to the presumption that the Mr. Maither is the most adequate plaintiff.  His motion should be granted.

## II.     ARGUMENT

### A.     Mr. Sterrett Has Not Established That He Is An Adequate Movant

To make a *prima facie* showing of adequacy, a movant must supply information about its ability to perform the role of lead plaintiff diligently and effectively.  *See, e.g.*, *Takata v. Riot Blockchain, Inc.*, No. 3:18-cv-02293, 2018 WL 5801379, at *5 (D.N.J Nov. 6, 2018) (movant's failure to include facts in their moving papers detailing their adequacy "could, by itself, be a basis for denying lead plaintiff status.").  Against this backdrop, "most movants —and particularly individual investors—embrace the opportunity to advise the Court about their financial sophistication,

---

February 17, 2020 set for Defendants to respond to the Consolidated Amended Complaint (ECF No. 44-6).  The consolidated amended complaint was filed on December 20, 2019.

experience, and ability to effectively manage and direct the activities of class counsel." *In re Boeing Co. Aircraft Sec. Litig.*, No. 1:19-cv-02394, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019).

Mr. Sterrett, by contrast, has provided no such information.  The record is devoid of evidence showing Mr. Sterrett is able to satisfy the lead plaintiff's obligations, including select competent class counsel, negotiating a reasonable retainer agreement with that counsel, or actively supervising the conduct of the litigation and the actions of class counsel.  *See In re Cendant Corp.*, 264 F.3d 201, 265, 267 (3d Cir. 2001) (summarizing critical duties of lead plaintiff).  In fact, Mr. Sterrett has failed to include any basic details about himself, including where he lives or who he is.  *See, e.g., Camp v. Qualcomm Inc.*, No. 3:18-cv-01208, 2019 WL 277360, \*3 (S.D. Ca. Jan. 22, 2019) (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself").

Mr. Sterrett's reaction to Mr. Maither's requests for basic information about himself and his transactions in Sonim securities only heightens concerns regarding his adequacy.  In response to Mr. Maither's counsel's request, Mr. Sterrett has refused to provide:

- Information sufficient to run a background check (e.g., home address);

- Any relationship he has or had with Sonim; or

- Confirmation that he had no sales during or post class period.[4]

Mr. Sterrett's resistance to providing this basic information is troublesome given that, as Lead Plaintiff, he will be required not just to make a *prima facie* case as to his typicality and adequacy, but to prove these elements in the context of a class certification motion.  Moreover, in advance of a class certification motion, Mr. Sterrett will likely be subject to thorough discovery as to

---

[4] *See* ECF No. 45-2, Declaration of Reed R. Kathrein In Further Support of Lyndon Maither's Motion To Appoint Lead Plaintiff, Approve Selection Of Lead Counsel ("Kathrein Opp. Decl."), Exhibit ("Ex.") A.

his background, financial condition, investing experience and methodologies, and transactions in Sonim securities during discovery conducted by the defendants. "Given this prospect, it is difficult to fathom the [Mr. Sterrett's] reluctance to provide basic information that bears on [his] adequacy now. [His] present reticence casts further doubt on [his] adequacy because it suggests that [he] will be unable or unwilling to carry out the duties of a lead plaintiff, which include responding to discovery and providing deposition testimony." *In re Boeing Co. Aircraft Sec. Litig*., 2019 WL 6052399, at *5 (lead plaintiff movant's refusal to provide basic information about himself in response to competing movant's investigatory efforts evidence of inadequacy).

**B.     Mr. Maither Satisfies The PSLRA's Requirements For Appointment As Lead Plaintiff**

With Mr. Sterrett eliminated from consideration, Mr. Maither is the only movant capable of satisfying the PSLRA's financial interest and adequacy and typicality requirements. Mr. Maither has established a substantial financial interest in this litigation. ECF Nos. 24-2 and 24-3. In addition, Mr. Maither satisfies the relevant adequacy and typicality requirements under Rule 23 and has provided specific evidence of his active leadership of this litigation. *See* ECF No. 45-3, Kathrein Opp. Decl., Ex. C. Thus, Mr. Maither is the "presumptively most adequate plaintiff" under the PSLRA. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."). Indeed, as set forth in his accompanying declaration, Mr. Maither is an experienced accountant who has substantial experience investigating corporate fraud. *See* ECF No. 45-3, Kathrein Opp. Decl., Ex. C. As is relevant here, Mr. Maither personally invested in Sonim stock during the Class Period, is fully aware of the facts of this litigation, has been, and continues to be, engaged in the litigation, and has reaffirmed his commitment to satisfying the fiduciary obligations that he will assume if appointed as Lead Plaintiff. *See id.*

**C.       Mr. Maither's Typicality And Adequacy Has Not Been Rebutted**

Unsurprisingly, Mr. Sterrett does not offer any facts, let alone proof, that Mr. Maither cannot satisfy the adequacy or typicality requirements in his Opposition.  Instead, Mr. Sterrett serves up two half-baked arguments, which as explained below are unsupported by the law.

### 1.       Maither's Counsel's Involvement In The State Court Action Does Not Create A Conflict Of Interest

Mr. Sterrett is wrong in contending Mr. Maither's counsel is conflicted because it serves as counsel in a parallel state class action against Defendants.  ECF No. 45 at 2-5.  "[T]he fact that the counsel is engaged in multiple parallel or overlapping class suits does not, standing alone, establish a conflict".[5]  Indeed, this precise challenge has been raised – and failed –at the lead plaintiff stage.  For example, in *Cooke v. Equal Energy Ltd.*, No. 5:14-cv-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014), a competing movant argued that the presumptive lead plaintiff was inadequate because his counsel was also counsel in a related state court case alleging different claims against the same defendants.  *Id.* at *3.  Yet, as that court recognized, "[f]atal to the challenge of Mr. Mitinas is that he has offered no proof of conflict." *Id.*  "Rather, he has offered only speculation and conjecture of possible or potential conflicts" and thus "failed to meet his burden in overcoming the presumption in favor of Mr. Cooke." *Id.* (finding lead plaintiff movant's counsel "adequate to protect the interests of the class" and "no basis to upset Mr. Cooke's selection of them as Lead Counsel").

---

[5] *See* 7A Charles Alan Wright, Arthur R. Miller, et al., FEDERAL PRACTICE & PROCEDURE: CIVIL §1769.1 (3d ed., Aug. 2019 update); *see also Sandoval v. M1 Auto Collisions Ctrs.*, 309 F.R.D. 549, 569 (N.D. Cal. 2015) (Laporte, Mag.) (finding class counsel adequate despite representation of two different classes of plaintiffs in state and federal court and recognizing that "class counsel will not necessarily be disqualified merely for representing another class against the same defendants when, for instance, the purported conflicts are illusory and speculative, the class has co-counsel untainted by the conflict, and there are procedural safeguards protecting the class's interests, such as requiring disclosure of the potential conflict to class members and requiring court approval for settlements); *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 665 (C.D. Cal. 2014) (rejecting defendant's argument at class certification that class counsel's parallel representation constituted a conflict of interest rendering counsel inadequate).

Similarly, in *Dietrich v. Bauer*, 192 F.R.D. 119 (S.D.N.Y. 2000) (Sweet, J.), the defendants argued at class certification that lead counsel in a PSLRA federal securities class action was inadequate because of its maintenance of a parallel class action in another jurisdiction where there was overlap in the two plaintiff classes. *Id*. at 126. Judge Sweet rejected the argument reasoning, as is the case here, "the Court is not presented with a situation in which counsel simultaneously represents classes in parallel litigations seeking to tap the same pool of finite assets." *Id*. at 126.[6]

Here, the State Action is based on the same claims as the instant action, is comprised of the same class of shareholders as this instant action, and seeks the exact same relief as this instant action. Under these circumstances, there is no conflict in Mr. Maither's counsel representing the State Plaintiffs. *See, e.g., Stott v. Capital Fin. Servs*., 277 F.R.D. 316, 325-26 (N.D. Tex. 2011) (where the plaintiffs in the related action have the same interests as the plaintiffs (and class) of the instant action, and where the vigorous advocacy of one set of plaintiffs will equally benefit the other set of plaintiffs, there is no conflict by counsel's dual representation).[7]

Mr. Sterrett's argument that Mr. Maither's counsel announced intention to oppose Defendants' stay motion in the State Action creates a conflict (ECF No. 44 at 8), is nonsensical. Defendants' stay motion is part of their bid to foist an unenforceable exclusive forum provision on Sonim investors. *See Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 WL 6719718, *203 (Del. Ch. Dec. 19, 2018) (holding that a forum selection provision contained in the certificate of

---

[6] *See also Seijas v. Rep. of Arg*., 606 F.3d 53, 57 (2d Cir. 2010) (agreeing with district court that a "potential conflict did not justify refusing to certify the class" even where class counsel represented eight different classes of plaintiffs and limited funds were available because district court certified classes for liability purposes only.)

[7] Mr. Sterrett's reliance on *Lou v. Ma Labs., Inc*., No. 3:12-cv-05409-WHA, 2014 WL 68605 (N.D. Cal. Jan. 8, 2014), is misplaced. There, class counsel sought to represent two classes with no overlapping classmembers asserting the same claims against the same employer defendants. *Id*. at *2. The court observed that these circumstances provided class counsel with an opportunity "to manipulate the allocation of settlement dollars" among the two distinct classes. *Id*. These circumstances do not exist here, as the class in this action is identical to the instant action.

REPLY MEMO IFSO MOT. TO APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL     - 6
Case No.: 3:19-cv-06416-MMC
010861-12/1220653 V1

incorporation of a Delaware corporation is "ineffective and invalid" to the extent it seeks to "use corporate law to regulate the corporation's external relationships" – i.e., a claim that "does not turn on the rights, powers, or preferences of the shares, language in the corporation's charter or bylaws, a provision in the DGCL, or the equitable relationships that flow from the internal structure of the corporation.").[8]  The plaintiffs' opposition to Defendants' motion to stay in the State Court Action is therefore consistent with the law and seeks to vindicate Sonim investors' rights.

Mr. Sterrett's characterization of the State Court Action as wasteful and duplicative (ECF No. 44 at 9), is equally without merit.  The State Court Action was filed nearly a month before this action and the state plaintiffs have already filed a robust consolidated complaint.  Moreover, the U.S. Supreme Court has recently re-affirmed state courts' concurrent jurisdiction to aid the enforcement of obligations pertaining to securities offerings.  *See Cyan*, 138 S. Ct. at 1062.[9]

Likewise, Mr. Sterrett's claim that the State Court Action seeks to undermine the lead plaintiff's role in that it could allow State Court plaintiffs to settle the claims in this Action without the duly appointed federal Lead Plaintiff's consent is entirely speculative.  Indeed, in denying a federal lead plaintiff's request for an injunction of a parallel state securities class action, Judge Alsup rejected this precise argument, noting "at the present no party has raised the specter of a settlement, certainly not a settlement that threatens to dispose of all claims on behalf of all class member."  *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d at 1190.

---

[8] The order in *Sciabacucchi* has been appealed and is before the Delaware Supreme Court with briefing completed and oral argument scheduled for January 8, 2020.

[9] In fact, Mr. Sterrett reveals in his response that it is his counsel that seeks to unnecessary tax judicial and class resources.  Specifically, Mr. Sterrett suggests that his counsel may seek to enjoin the State Court Action, relying on *In re BankAmerica Corp. Sec. Litig.*, 95 F. Supp. 2d 1044 (E.D. Mo. 2000) ("*BankAmerica I*"), *aff'd*, 263 F.3d 795 (8th Cir. 2001) ("*BankAmerica II*"), *cert. denied*, 535 U.S. 970 (2002).  But as explained below, these precise arguments were rejected by Judge Alsup in *In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d at 1190, and have been completely undermined by the U.S. Supreme Court's holding in *Cyan*.

REPLY MEMO IFSO MOT. TO APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL          - 7
Case No.: 3:19-cv-06416-MMC
010861-12/1220653 V1

None of Mr. Sterrett's authorities cited for the proposition that Mr. Maither's counsel is conflicted is applicable, much less availing.  For example, in *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581 (W.D. Tex. 2002), the defense counsel established with evidence obtained through deposition testimony that the proposed class counsel was not only involved in four cases against defendants, the firm "1) failed to disclose their involvement in other lawsuits to their clients; 2) failed to disclose settlement offers and negotiations to their clients; and 3) failed to prepare their clients for their depositions." *Id*. at 590.  No such similar evidence has been proffered here, nor does it exist.

Similarly, *BankAmerica* is distinguishable from the instant case, nearly universally disapproved of, and contradicted by the Supreme Court's reasoning in *Cyan*.  In *BankAmerica*, the court enjoined a state court securities action allegedly "due to the woefully inadequate representation in the state action, which it found threatened the rights of the federal litigants." *Lendingclub*, 282 F.Supp.3d at 1190. Courts in this district have thus consistently disapproved of *BankAmerica* and refused to enjoin pending state court actions.

As Judge Alsup noted in *Lendingclub*, "only one court [*BankAmerica*]. . . has found an express right to enjoin a state court proceeding based on the PSLRA." *Id* at 1190.  Counsel for state plaintiffs in *BankAmerica* allegedly "filed numerous inadequate motions for class certification, overlooked potential conflicts of interest among the class members . . . [and] pushed for settlement despite the early stage of the proceedings and the fact that almost no substantive discovery had been completed." *Id*.  The *Lendingclub* court held that where "there is no intimation of the improprieties that were afoot in *BankAmerica*" and "no party has raised the specter of a settlement . . . the state action does not so threaten the integrity of the PSLRA that failing to enjoin it would amount to an abrogation of a Congressional mandate." *Id*.  So too here.  Mr. Sterrett does not, and cannot, allege

that Mr. Maither's counsel has engaged in premature settlement discussions or engaged in any conduct that would undermine the rights of the putative class.[10]

Finally, Mr. Sterrett's charge that Mr. Maither is unaware of his counsel's activities or unable to supervise counsel (ECF No. 44 at 10-11) is unfounded and belied by the record. *See* ECF No. 45-3, Kathrein Opp. Decl., Ex. C. Mr. Sterrett's request to depose Mr. Maither is therefore baseless.

### 2. Mr. Maither's Operation Of His Now-Closed Business Venture Does Not Create A Conflict of Interest

Mr. Sterrett's argument that Mr. Maither's operation of Maither Investment Alerts Ltd. and its website, a now closed business venture, renders him inadequate (ECF No. 44 at 11-12) deserves little attention. Mr. Maither's stock lists were provided for informational purposes only and cannot be construed as investment advice. *See, e.g.*, ECF No. 44-7. Accordingly, the suggestion that Mr. Maither could face liability for his August 16, 2019 post regarding Sonim and thereafter undermine the Class's claims against the Underwriter Defendants places speculation on top of a false foundation. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("the conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff"). Indeed, by Mr. Sterrett's logic, an investment professional could never serve as a lead plaintiff, which plainly is not the law. *See, e.g., In re Refco, Inc. Sec. Litig.*, No. 1:05-cv-08626-JSR, ECF No. 63 (S.D.N.Y. Feb. 8, 2006) (appointing investment managers RH Capital Associates LLC and Pacific Investment Management Company LLC lead plaintiffs in consolidated securities action); *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040, ECF No. 1 (Feb. 13, 2015) (appointing the Teachers Insurance and Annuity Association of America (TIAA-CREF) lead plaintiff.

---

[10] Mr. Sterrett's remaining authorities, *Gutman v. Sillerman*, No. 1:15-cv-07192-CM, 2015 U.S. Dist. LEXIS 179553, at *10-11 (S.D.N.Y. Dec. 8, 2015), and *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. Nov. 19, 2010), are also inapposite. In those cases, the class representative and counsel were determined inadequate after those courts found that they had committed a fraud on the court. Such circumstances, of course, are not present here.

## III.   CONCLUSION

For all of the foregoing reasons, Mr. Maither is entirely adequate and respectfully requests that his motion for appointment as lead plaintiff be granted in its entirety.

Dated: December 27, 2019                    Respectfully submitted,

                                            HAGENS BERMAN SOBOL SHAPIRO LLP

                                            By:___ /s/ *Reed R. Kathrein*_____
                                            Reed R. Kathrein (139304)
                                            Lucas E. Gilmore (250893)
                                            Danielle Smith (291237)
                                            715 Hearst Avenue, Suite 202
                                            Berkeley, CA  94710
                                            Telephone: (510) 725-3000
                                            Facsimile:  (510) 725-3001
                                            reed@hbsslaw.com
                                            lucasg@hbsslaw.com
                                            danielles@hbsslaw.com

                                            Steve W. Berman
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1301 Second Avenue, Suite 2000
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile:  (206) 623-0594
                                            steve@hbsslaw.com

                                            *Attorneys for [Proposed] Lead Plaintiff*
                                            *Lyndon Maither*

REPLY MEMO IFSO MOT. TO APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL          - 10
Case No.: 3:19-cv-06416-MMC
010861-12/1220653 V1