IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA,<br>             Plaintiff,<br>   v.<br>SONIM TECHNOLOGIES, INC., et al.,<br>             Defendants. | Case No. 19-cv-06416-MMC<br><br>**ORDER AFFORDING OPPORTUNITY TO FILE SURREPLY; VACATING JANUARY 10, 2020 HEARING** |

      Before the Court are the following motions, each filed December 20, 2019: (1) Motion "for Appointment as Lead Plaintiff and Approval of Lead Counsel," filed by David Sterrett ("Sterrett"); (2) Motion "for Appointment as Lead Plaintiff, and Approval of His Selection of Lead Counsel," filed by Lyndon Maither ("Maither"); and (3) Motion "for Appointment as Lead Plaintiff and Approval of Lead Counsel," filed by Ajay Malhotra and Andre Ling Bin Zulkifli ("Malhotra/Zulkifli"). Sterrett has filed opposition to Maither's motion, to which Maither has replied, and Maither has filed opposition to Sterrett's motion, to which Sterrett has replied. Malhotra/Zulkifli have filed a statement of non-opposition to the motions filed by the other movants. Having read and considered the papers filed in support of and in response to the above-referenced motions, the Court, as set forth below, finds it appropriate to afford Maither a limited opportunity to file a surreply in response to new material provided in support of Sterrett's reply.[1]

      In the instant complaint, Malhotra, on behalf of a putative class, alleges claims under Sections 11 and 15 of the Securities Act. The movants seek appointment as lead

---

[1] The hearing scheduled for January 10, 2020, is hereby VACATED.

plaintiff for such class.

Under the Private Securities Litigation Reform Act, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." See 15 U.S.C. § 77z-1(a)(3)(B)(i). "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23 [of the Federal Rules of Civil Procedure]," see In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002), "in particular, those of 'typicality' and 'adequacy,'" see id. at 730 (quoting Rule 23).

Here, it is undisputed that Sterrett has the greatest loss. (See Heikali Decl. Ex. C (asserting Sterrett's losses are $43,441.90); Gilmore Decl. Ex. C (asserting Maither's losses are between $15,200.39 and $19,951.65).) Additionally, there is no dispute, and the Court finds, Sterrett's claims are typical of those of the class members, in that, like other putative class members, (1) he purchased shares in defendant Sonim Technologies, Inc. ("Sonim") after defendants allegedly made false and misleading statements about Sonim's financial picture and (2) he continued to own such shares on the date Sonim's share price allegedly fell in response to certain truthful disclosures made by defendants. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) (holding "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members").

With respect to adequacy, Sterrett relies on the statements in his "Certification of Proposed Lead Plaintiff" filed in support of his motion, and, in particular, on his statements therein that he has selected experienced counsel to represent him,[2] he did not purchase the subject securities at the direction of counsel, and he is willing to serve as a representative plaintiff and to provide testimony in support of the class claims. (See

---

[2] According to its resume, Faruqi & Faruqi, LLP, the firm selected by Sterrett, has extensive experience representing plaintiffs in class action securities fraud litigation. (See Heikali Decl. Ex. D.)

Heikali Decl. Ex. B.)  In opposition to Sterrett's motion, Maither argues Sterrett's showing nonetheless is deficient in that Sterrett did not provide in his motion "even the most basic background information about himself."  (See Maither's Opp. at 2:1-2.)  Although Sterrett contends such additional information is not required at this stage of the litigation, he has filed in support of his reply a declaration in which he sets forth information about his background, which facts, read in connection with the showing made in his motion, appear sufficient to show Sterrett would be an adequate representative.  As those additional facts were not, however, provided prior to the reply, Maither has not had an opportunity to respond.

Accordingly, if Maither wishes to file a surreply, limited to three pages in length exclusive of exhibits, Maither shall file such response no later than January 15, 2020, as of which date, unless the parties are otherwise advised, the motions will stand submitted.

**IT IS SO ORDERED.**

Dated: January 7, 2020

MAXINE M. CHESNEY
United States District Judge