Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Lyndon Maither*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | No.  3:19-cv-06416-MMC<br><br>**SURREPLY IN FURTHER SUPPORT OF MOTION OF LYNDON MAITHER TO APPOINT LEAD PLAINTIFF, APPROVE SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:  ~~Jan. 10, 2020~~ Vacated<br>Time:  9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge:  Hon. Maxine M. Chesney<br><br>ORAL ARGUMENT REQUESTED |

010861-12/1224300 V2

## MEMORANDUM OF POINTS AND AUTHORITIES

By Order dated January 7, 2020, this Court afforded Movant Lyndon Maither ("Maither") the opportunity to file a surreply in response to new information provided by Movant David Sterrett ("Sterrett") in support of his motion to be appointed lead plaintiff filed in his reply. *See* ECF no. 49. For the reasons provided below, Maither objects to the untimeliness of the information provided by Sterrett, which raise their own issues as to his adequacy and willingness to prosecute this action. On the other hand, Maither's accounting and fraud prevention background, including his Certified Fraud Examiner certificate, renders him a more than adequate lead plaintiff for the purposes of prosecuting a securities fraud case. Finally, far from presenting a conflict of interest, Maither's counsel's appointment as co-lead counsel in the state case both demonstrates his counsel's adequacy and offers this Court an opportunity to structure this case in a manner that best promotes the interests of judicial efficiency.

First, the newly proffered information about Sterrett is untimely, as it had been requested prior to the filing of Maither's opposition by way of a letter addressed to Sterrett's counsel so that Maither could investigate and make a determination as to who Sterrett was, and whether, based on public information there were facts indicative of Sterrett's inadequacy. *See* ECF No. 45-2. In response, Sterrett's counsel kept his client's identity cloaked: it blatantly refused to provide any basic information that would assist in any way to determine who Sterrett was, run a background check, or to check public sources regarding Sterrett. *Id.* It was only after Maither's counsel was forced to spend time and resources to oppose Sterrett's failure to provide basic identifying information, did Sterrett finally attempt to remedy his defective papers in reply.

Sterrett's cases supposedly holding that a movant is not required to provide identifying information, say no such thing. ECF no. 47 at 11. They are all silent on the matter, presumably

because it either had been provided or was not needed.  For instance, *Cooper v. Thoratec Corp.*, No. 14-cv-0360 CW, 2018 WL 2117337, at *3 (N.D. Cal. May 8, 2018) is a class certification order where Defendants raised only certain arguments relating to trades.

Second, Sterrett's reticence in providing basic information about himself casts serious doubt on his adequacy because it suggests that he will be unable or unwilling to carry out the duties of a lead plaintiff, which include responding to discovery and providing deposition testimony. Moreover, Sterrett and his counsel should not be rewarded for his defective filings, engaging in such gamesmanship, and waiting until all permissible pleadings were filed before providing basic identifying information requested.  For these reasons, Sterrett's motion should be denied. *See* argument in ECF no. 45 at 3.

Third, nothing in Maither's background, rather than unsupported speculation, impinges his adequacy.  *See* ECF no. 48 at 9.  Maither provided the necessary identifying information in his initial motion sufficient for Sterrett to investigate him to determine a preliminary showing of adequacy. ECF no. 22 at 4 ("Mr. Maither– a Quebec, Canada-based retired accountant and Certified Fraud Examiner – is an experienced and sophisticated retail investor with a substantial financial interest in the litigation.").  The information provided by Maither demonstrates that there is no remaining movant more qualified to oversee counsel and take an active role in the investigation and litigation of a securities fraud case.  As his declaration demonstrates, Maither has served as a senior-level accountant for more than 30 years, with experience "performing all business accounting functions, including cash flow and budget projections."  ECF no. 45-3 at 1.  In addition, Mr. Maither has a Certified Fraud Examiner certificate – a specialized credential frequently required in securities fraud class actions, and has previously worked with law enforcement in financial crime matters.  *Id*. Maither is thus demonstrably more suited to adequately represent and advocate on behalf of the Class.

Finally, there is no conflict in Maither's counsel being co-lead counsel in the state action. The state court claims and the federal securities claims arise from the same underlying facts and involve the same class period, as the federal action was a copycat of the state action.  As such, Maither's selected counsel can help coordinate the two actions, thus ensuring efficient management and prosecution of claims, avoiding the waste of judicial and party resources, and working effectively in the interest of the class members—rather than a race to the bottom.  *See* ECF no. 48 at 5-9.  The appointment of Maither's counsel would therefore help with recovery on behalf of all investors in the class.

For all of the foregoing reasons, Lyndon Maither requests that his motion for appointment as lead plaintiff be granted in its entirety, and that his counsel, Hagens Berman Sobol Shapiro LLP, be appointed as lead counsel.

Dated: January 15, 2020                    Respectfully submitted,

                                           HAGENS BERMAN SOBOL SHAPIRO LLP

                                           By:     /s/ *Reed R. Kathrein*
                                           Reed R. Kathrein (139304)

                                           Lucas E. Gilmore (250893)
                                           Danielle Smith (291237)
                                           715 Hearst Avenue, Suite 202
                                           Berkeley, CA  94710
                                           Telephone: (510) 725-3000
                                           Facsimile:  (510) 725-3001
                                           reed@hbsslaw.com
                                           lucasg@hbsslaw.com
                                           danielles@hbsslaw.com

                                           Steve W. Berman
                                           HAGENS BERMAN SOBOL SHAPIRO LLP
                                           1301 Second Avenue, Suite 2000
                                           Seattle, WA  98101
                                           Telephone: (206) 623-7292
                                           Facsimile:  (206) 623-0594

SURREPLY IFSO MOT. TO APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL          - 3
Case No.: 3:19-cv-06416-MMC
010861-12/1224300 V2

steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Lyndon Maither*