IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY MALHOTRA,<br><br>    Plaintiff,<br><br>  v.<br><br>SONIM TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-06416-MMC<br><br>**ORDER GRANTING DAVID STERRETT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; DENYING MOTIONS FILED BY LYNDON MAITHER AND BY AJAY MALHOTRA/ANDRE LING BIN ZULKIFLI**<br><br>Re: Dkt. Nos. 16, 22, 30 |

    In the instant action, plaintiff alleges, on his behalf and that of a putative class, claims under Sections 11 and 15 of the Securities Act of 1933. Now before the Court are motions for appointment as lead plaintiff, filed December 6, 2019, by, respectively, David Sterrett ("Sterrett") and Lyndon Maither ("Maither").[1] Having read and considered the respective written submissions filed by Sterrett and Maither, the Court rules as follows.[2]

    Under the Private Securities Litigation Reform Act, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." See 15 U.S.C. § 77z-1(a)(3)(B)(i). "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the

---

[1] In addition, a motion seeking such appointment was filed by Ajay Malhotra and Andre Ling Bin Zulkifli (collectively, "Malhotra/Zulkifli"). Those movants, however, subsequently filed a statement of non-opposition to the motions filed by the other movants.

[2] On January 15, 2020, the Court took the matters under submission.

1 case, so long as he meets the requirements of Rule 23 [of the Federal Rules of Civil
2 Procedure]," see In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002), "in particular, those
3 of 'typicality' and 'adequacy,'" see id. at 730 (quoting Rule 23).

Here, by order filed January 7, 2020, as amended January 22, 2020, the Court found Sterrett has incurred the greatest loss and that his claim is typical of those of the putative class members. With respect to the question of adequacy, the Court found the evidence offered in support of Sterrett's reply, specifically, a declaration by Sterrett setting forth his work experience and other background information, read in connection with the showing made in his moving papers, appeared sufficient to show he is an adequate representative. As the Court's finding as to adequacy was based in part on evidence offered with Sterrett's reply, the Court afforded Maither leave to file a surreply to respond. See id. (holding courts must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing").

In his surreply, Maither raises three arguments in opposition to Sterrett's appointment. As set forth below, the Court finds none of those arguments persuasive.

First, Maither argues, the evidence offered in support of Sterrett's reply was not submitted in timely fashion and, consequently, should not be considered. As noted, however, the Court afforded Maither an opportunity to respond to that evidence and he has done so. Under the circumstances, the Court finds it appropriate to consider the evidence offered with Sterrett's reply.

Second, Maither argues, Sterrett's failure to submit such evidence at the time he filed his initial motion renders that motion "defective" (see Maither's Surreply at 2:8-10), and thus indicates Sterrett may be unable to fairly represent the class. The Court, however, finds any such omission does not indicate a lack of adequacy, as no movant, including Maither, submitted with his moving papers a declaration or other evidence setting forth his work history or other biographical background information, thus suggesting it is not the general practice to do so.

//

Lastly, Maither asserts that, for various reasons, he would be a more adequate lead plaintiff. Once the plaintiff with the largest financial stake has been identified, however, the Court's task is not to compare that plaintiff's various attributes with those of other plaintiffs, but, rather, to determine whether that plaintiff is an adequate representative. See Cavanaugh, 306 F.3d at 731-32 (finding "error" where district court engaged in "freewheeling comparison" of parties competing for lead plaintiff; noting whether "the court believes another plaintiff may be . . . 'more adequate' is of no consequence").

Accordingly, the above-captioned putative class action having been filed in the Northern District of California, Sterrett's having filed a timely motion to be appointed lead plaintiff, Sterrett's having the largest financial interest in the relief sought by the putative class and having otherwise satisfied the requirements of Section 27 of the Securities Act and Rule 23, and Sterrett's seeking, in accordance with Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v), approval of his selection of Faruqi & Faruqi, LLP to serve as lead counsel for the putative class, Maither's motion and Malhotra/Zulkifli's motion are hereby DENIED, and Sterrett's motion is hereby GRANTED, as follows:

1. Pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), Sterrett is hereby appointed as lead plaintiff for the putative class.

2. Pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v), Faruqi & Faruqi, LLP is hereby approved to serve the lead plaintiff and the putative class as lead counsel.

3. As lead counsel, Faruqi & Faruqi, LLP shall be generally responsible for the overall conduct of the litigation on behalf of the putative class and shall have sole authority to do the following:

    a. Determine and present to the Court and opposing parties the position of the lead plaintiff and putative class members on all matters arising during pretrial proceedings;

b. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

c. Coordinate the initiation and conduct of discovery on behalf of the lead plaintiff and putative class members consistent with the requirements of the Federal Rules of Civil Procedure;

d. Hire expert witnesses and consultants on behalf of the lead plaintiff and putative class members, as needed to prepare for class certification or trial, and advance other costs that may be reasonable and necessary to the conduct of the litigation;

e. Conduct settlement negotiations on behalf of the lead plaintiff and putative class members, and, if appropriate, to enter into a settlement that is fair, reasonable, and adequate on behalf of the putative class members;

f. Monitor its activities to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

g. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial and trial-related activities on behalf of the lead plaintiff and putative class members or authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: January 22, 2020

MAXINE M. CHESNEY
United States District Judge