Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
Sherief Morsy (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com
        smorsy@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | **LEAD PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC EXHIBITS AND RELATED ARGUMENTS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 3:19-cv-06416-MMC<br><br>**CLASS ACTION**<br><br>Judge: Hon. Maxine M. Chesney<br>Date:  N/A (*see* Gen. Order No. 72)<br>Time:  N/A<br>Courtroom:  7 – 19th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................................... 1

INTRODUCTION .................................................................................................................... 2

JUDICIAL NOTICE ............................................................................................................... 3

INCORPORATION BY REFERENCE ...................................................................................... 5

ARGUMENT .......................................................................................................................... 7

I.    THE IMPROPER USE OF THE PROSPECTUS SHOULD BE STRICKEN ...................... 7

II.   SONIM'S STOCK PRICE HISTORY IS IRRELEVANT AND SHOULD THEREFORE
      BE STRICKEN ............................................................................................................. 10

III.  THE S&P TRANSCRIPT SHOULD BE STRICKEN ....................................................... 11

      A.    The S&P Transcript Is Not Incorporated By Reference Into The AC ................. 11

      B.    Defendants Do Not Identify A Fact Subject To Judicial Notice Regarding The
            S&P Transcript ................................................................................................ 12

CONCLUSION ....................................................................................................................... 14

**LEAD PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC EXHIBITS AND RELATED ARGUMENTS**
**Case No. 3:19-cv-06416-MMC**

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Banneker Ventures, LLC v. Graham*,
   798 F.3d 1119 (D.C. Cir. 2015) ...............................................................................5, 6

*Brodsky v. Yahoo! Inc.*,
   630 F. Supp. 2d 1104 (N.D. Cal. 2009)........................................................................13

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010).................................................................................5, 11

*In re Daou Sys.*,
   411 F.3d 1006 (9th Cir. 2005).......................................................................................8

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012).......................................................................................5

*Dicey v. Pickens*,
   506 F. App'x 647 (9th Cir. 2013)...................................................................................4

*Diversified Capital Invs., Inc. v. Sprint Commc'ns, Inc.*,
   2016 WL 2988864 (N.D. Cal. May 24, 2016) ...............................................................6

*Dreiling v. Am. Exp. Co.*,
   458 F.3d 942 (9th Cir. 2006).........................................................................................7

*Drussel v. Elko Cty. Sch. Dist.*,
   2013 WL 3353531 (D. Nev. July 2, 2013).....................................................................5

*In re ECOtality, Inc. Sec. Litig.*,
   2014 WL 4634280 (N.D. Cal. Sept. 16, 2014)......................................................6, 7, 8

*Gregoire v. United Healthcare Servs., Inc.*,
   2018 WL 4635630 (N.D. Cal. Sept. 27, 2018)...............................................................5

*Guzman-Ruiz v. Hernandez-Colon*,
   406 F.3d 31 (1st Cir. 2005) ...........................................................................................3

*In re Infonet Servs. Corp. Sec. Litig.*,
   310 F. Supp. 2d 1106 (C.D. Cal. 2003).........................................................................8

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018)................................................................................ *passim*

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
   232 F.3d 979 (9th Cir. 2000).........................................................................................2

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005).....................................................................................11

*Lee v. City of San Diego*,
    2019 WL 117775 (S.D. Cal. Jan. 7, 2019) ..................................................................5

*Levenstein v. Salafsky*,
    164 F.3d 345 (7th Cir. 1998) ......................................................................................5

*MACOM Tech. Solutions, Inc. v. Litrinum, Inc.*,
    2019 WL 4282906 (C.D. Cal. June 3, 2019) ...............................................................4

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ...............................................................................7, 10

*Missud v. Oakland Coliseum Joint Venture*,
    2013 WL 812428 (N.D. Cal. Mar. 5, 2013) ..............................................................11

*In re Openwave Sys. Inc. Shareholder Deriv. Litig.*,
    503 F. Supp. 2d 1341 (N.D. Cal. 2007) ......................................................................7

*In re OSI Pharms., Inc. Sec. Litig.*,
    2007 WL 9672541 (E.D.N.Y. Mar. 31, 2007) .....................................................12, 13

*In re Pixar Sec. Litig.*,
    450 F. Supp. 2d 1096 (N.D. Cal. 2006) ....................................................................13

*Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*,
    344 F.3d 920 (9th Cir. 2003) ......................................................................................4

*In re Silver Wheaton Corp. Sec. Litig.*,
    2019 WL 1512269 (C.D. Cal. Mar. 25, 2019) .............................................................7

*In re Solarcity Corp. Sec. Litig.*,
    274 F. Supp. 3d 972 (N.D. Cal. 2017) ........................................................................6

*In re Stac Elec. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) ......................................................................................8

*In re Tracht Gut, LLC*,
    836 F.3d 1146 (9th Cir. 2016) ....................................................................................2

*In re Tyrone F. Conner Corp., Inc.*,
    140 B.R. 771 (Bankr. E.D. Cal. 1992) ........................................................................3

*United States v. Mariscal*,
    285 F.3d 1127 (9th Cir. 2002k .................................................................................12

*In re Velti PLC Sec. Litig.*,
    2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ........................................................7, 10

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010)....................................................................................13

iii

*Waterford Twp. Police v. Mattel, Inc.*,
    321 F. Supp. 3d 1133 (C.D. Cal. 2018) .................................................................................13

**Statutes**

15 U.S.C. § 77k(a) ...................................................................................................................11

**Other Authorities**

Fed. R. Evid. 201 .............................................................................................................3, 4, 12

Fed. R. Evid. 801 ...................................................................................................................2, 4

Fed. R. Civ. P. 12(d), 56(d) .............................................................................................2, 3, 14

21B Charles Alan Wright & Kenneth W. Graham, Jr.,
    *Federal Practice & Procedure: Evidence* §5106.4 (2d ed. Supp. 2018) ........................2, 4 ,7

21B Charles Alan Wright & Kenneth W. Graham, Jr.,
    *Fed. Practice & Procedure: Evidence* §5103 (2d ed. Supp. 2019) ..........................................4

2-12 James Wm. Moore, *et al*.,
    Moore's Fed. Practice 12.34[2] (2015) ...........................................................................4, 6, 7

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff David Sterrett ("Plaintiff") will and hereby does move this Court for an order striking the extrinsic exhibits and related arguments submitted by Sonim Technologies, Inc. ("Sonim"), Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, and Jeffrey D. Johnson's (collectively, the "Sonim Defendants"), as well as Oppenheimer & Co. Inc., Lake Street Capital Markets, LLC, and National Securities Corporation (collectively, the "Underwriter Defendants").[1]  In support of his motion, Plaintiff respectfully submits a Memorandum of Points and Authorities.  Pursuant to the Northern District of California's General Order No. 72 "In re: Coronavirus Disease Public Health Emergency," effective March 16, 2020, all civil matters, will be decided on the papers.[2]  Accordingly, Plaintiff has not noticed his motion for a particular date and time as is typically required by Local Civil Rule 7-2(a).

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should strike the extrinsic exhibits and related arguments that Defendants submitted with their motion to dismiss, ECF Nos. 62, 62-2.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff respectfully submits this memorandum of law in support of his Motion To Strike The Extrinsic Evidence (ECF No. 62-2) And Related Arguments Submitted By Defendants with their Motion To Dismiss ("MTD") ECF (No. 62).

---

[1]      The Underwriter Defendants filed a joinder in the Sonim Defendants' (collectively with the Underwriter Defendants, "Defendants") motion to dismiss based on "the supporting Memorandum of Points and Authorities, Request for Judicial Notice, the Declaration of Matthew W. Close and exhibits attached thereto."  ECF No. 63 at 1.  Thus, given Underwriter Defendants' joinder, Plaintiff refers to the motion to dismiss and related filings (ECF Nos. 62-62-2) as Defendants' motion and related filings.

[2]      Unless stated otherwise, Plaintiff uses the following conventions: (1) capitalized terms mean the same as they do in the Amended Class Action Complaint ("AC") (ECF No. 55) and its Table of Defined Terms and Abbreviations, AC at ii-iii; (2) all "¶__" references are to the AC; (3) all "Q_" references are to Sonim's fiscal quarters, which track the calendar year; (4) all page references are to a document's native pagination, or the ECF-stamped pagination if no native pagination is present in the document; (5) all emphases are added to quotations; and (6) all internal citations and quotations are omitted.

**INTRODUCTION**

By moving to dismiss Plaintiff's complaint, Defendants availed themselves of the benefits of the automatic discovery stay created by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77-1(b).  Despite invoking the stay's protections, with their motions Defendants nonetheless seek to introduce into the record certain documents and supposed facts untested by the rigors of discovery, not to mention the applicable evidentiary and procedural rules.  *See, e.g.*, Fed. R. Civ. P. 12(d), 56(d); Fed. R. Evid. 801.

On a Rule 12(b)(6) motion, however, all well-pleaded facts must be deemed true, and all reasonable inferences must be drawn in favor of the nonmoving party.  *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).  Furthermore, under Fed. R. Civ. P. 12(d), the Court is precluded from considering evidence outside of the pleading unless one of two narrow exceptions applies: (1) an **adjudicative fact** is properly the subject of **judicial notice** pursuant to Fed. R. Evid. 201 ("Rule 201"); or (2) a **document** is **incorporated by reference** into the plaintiff's complaint.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Even then, the proffered evidence must be admissible under the Federal Rules of Evidence for the purposes it is being offered, as it would be inherently unreasonable for the Court to draw any inferences, much less those against the nonmoving party on a Rule 12(b)(6) motion based on inadmissible evidence.  *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* §5106.4 (2d ed. Supp. 2018) ("[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.").

In addition to their motion to dismiss, Defendants filed a separate judicial notice and incorporation request seeking to introduce their exhibits.  *See* ECF No. 62-1.  Defendants assert that Exhibit 1, Sonim's Prospectus filed with SEC on May 13, 2019 ("Prospectus") (ECF No. 62-2 at 4-174), can be considered under both the judicial notice rules and the incorporation by reference doctrine.  ECF No. 62-1 at 2-3.  Defendants assert that Exhibit 2, Sonim's stock price information covering the period of May 9, 2019 to October 7, 2019, as posted on Yahoo! Finance's website ("Stock Price History") (ECF No. 62-2 at 175-179), can be judicially noticed.

2

ECF No. 62-1 at 3.  Lastly, Defendants assert that Exhibit 3, a S&P Global Market Intelligence transcript of Sonim's September 10, 2019 Guidance/Update Call ("S&P Transcript") (ECF No. 62-2 at 180-92), can be considered under both the judicial notice and the incorporation by reference doctrines.  ECF No. 62-1 at 2-3.

Plaintiff objects to the Court's consideration of Defendants' extrinsic evidence and related arguments for the reasons described herein.  First, the Prospectus's hearsay is being used to impermissibly dispute Plaintiff's well-pled allegations, which is improper under both the judicial notice and incorporation by reference doctrines.  Second, the Stock Price History is irrelevant to all dismissal arguments Defendants are making in their MTD, and therefore is not an adjudicative fact that can be judicially noticed.  Third, the S&P Transcript is not referenced in the AC and is not incorporated by reference; nor is it the proper subject of judicial notice because its contents are not generally known in this District and the truth of the statements therein are not readily determinable from the S&P Transcript.

That said, if the Court considers the extrinsic evidence and arguments notwithstanding Plaintiff's objections, the Court ***must*** convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and provide Plaintiff with an opportunity to respond after having conducted sufficient discovery under Fed. R. Civ. P. 56(d).

## JUDICIAL NOTICE

As an initial matter, as the party requesting judicial notice, Defendants bear the burden of identifying the adjudicative fact that Defendants want the Court to notice, specifying how that fact is relevant, and establishing that the fact is properly subject to judicial notice.  *See* FRE 201(c) (requesting party must supply the court with the necessary information); *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992); *cf. Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) (stating that the district court was "amply justified" in refusing to take judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [FRE] 201").

To determine whether a fact is properly the subject of judicial notice under Rule 201, the Court must first identify the precise fact that the Court is being asked to decide in the jury's

3

stead. *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Practice & Procedure: Evidence* §5103 (2d ed. Supp. 2019). Next, the Court must confirm that the fact at issue is an ***adjudicative fact***—*i.e.*, a fact relevant to the issue before the Court. *Id.* at §5103.3 n.64; *Orexigen*, 899 F.3d at 1000 n.5 ("An irrelevant fact could hardly be an adjudicative fact[.]"). Lastly, the Court must then determine whether the fact is either: (1) generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned ("Readily Determinable"). *See* Fed. R. Evid. 201(b).

A fact derived from an out-of-court statement being offered for the truth of the matter asserted therein (*i.e.*, hearsay), *see* FRE 801, is ***not*** Readily Determinable. *See* Wright & Graham §5106.4 ("***[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.***"); *Dicey v. Pickens*, 506 F. App'x 647, 648 (9th Cir. 2013) (finding district court properly rejected request for judicial notice when the plaintiff "sought to have the documents complained of admitted for the truth of the facts contained therein" because "[t]hose facts are not the proper subject of judicial notice"); *Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

Furthermore, a court taking judicial notice of an adjudicative fact must still do so within the confines of Rule 12(b)(6), *see* 2-12 James Wm. Moore, *et al.*, Moore's Fed. Practice 12.34[2] (2015), meaning that all of Plaintiff's factual allegations must be deemed true and that all reasonable inferences flowing from the facts must be drawn in the plaintiff's favor. *See Orexigen*, 899 F.3d at 999; *MACOM Tech. Solutions, Inc. v. Litrinum, Inc.*, 2019 WL 4282906, at *7 (C.D. Cal. June 3, 2019) (noting that "despite taking judicial notice of patents," the court would "not undertake a summary judgment-like review of the patents . . . particularly at the pleading stage where all inferences are to be drawn in Plaintiffs' favor").

## INCORPORATION BY REFERENCE

It is well established that, when deciding a Rule 12(b)(6) motion, the Court must only consider the complaint and documents incorporated by reference into the complaint, such that the complaint "relies upon [the] document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Thus, certain ***documents*** can be deemed incorporated by reference in the complaint even absent an express allegation of incorporation.  *See Orexigen*, 899 F.3d at 1002 ("[I]ncorporation-by-reference is a judicially created doctrine that treats certain ***documents*** as though they are part of the complaint itself.").

It is well settled that the Court "___may, but is not required to___ incorporate documents by reference."  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012); *accord Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (The incorporation by reference doctrine is "a narrow exception aimed at cases interpreting, for example, a contract.").  When a court chooses to exercise its discretion to do so, though, the document must be ***referred to ___"extensively"___ in the complaint or*** "***form[] the basis of the plaintiff's claim***."  *Orexigen*, 899 F.3d at 1002; *cf. Lee v. City of San Diego*, 2019 WL 117775, at *4-5 (S.D. Cal. Jan. 7, 2019) ("[A] complaint does not necessarily rely on every piece of evidence that depicts the events forming the basis of the claims in the complaint.").

"[T]he mere mention of the existence of a document [in a complaint] is insufficient to incorporate the contents of a document[.]"  *Orexigen*, 899 F.3d at 1002 (citing *Coto Settlement*, 593 F.3d at 1038); *see also Drussel v. Elko Cty. Sch. Dist.*, 2013 WL 3353531, at *2-3 (D. Nev. July 2, 2013) (declining to consider documents incorporated by reference because they were neither "central to plaintiff's claims [n]or referred to extensively in the complaint"); *Gregoire v. United Healthcare Servs., Inc.*, 2018 WL 4635630, at *1-3 (N.D. Cal. Sept. 27, 2018) (rejecting incorporation by reference argument because plaintiff's complaint only "generally refer[red]" to defendants' proffered documents and plaintiff's claims did not "necessarily depend[ ]" on them either); *cf. Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (noting

5

that multiple Circuits have rejected the "fantastic argument" that even facts contained in an attachment *to a complaint* should automatically be deemed facts alleged as part of the complaint).  Furthermore, if a "document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."  *Orexigen*, 899 F.3d at 1002.

Moreover, the incorporation by reference doctrine is not a license for Defendants to poison the well with self-serving inadmissible hearsay on a Rule 12(b)(6) motion to dismiss.  "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.  This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."  *Orexigen*, 899 F.3d at 1003; *see also Diversified Capital Invs., Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016).  Indeed, "were the Court to assume the truth of all documents incorporated by reference . . ., that would mean assuming the truth of all of Defendants' allegedly false or misleading statements.  That cannot be the intended result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim."  *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014); *accord Orexigen*, 899 F.3d at 1015; *see also In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (rejecting defendants' argument that "once documents are referenced in a complaint the entire document is assumed to be true for the purposes of a motion to dismiss" where plaintiffs' complaint alleged that these documents contained false or misleading statements).

Finally, as the *Orexigen* decision noted, a court considering a document as being incorporated by reference must still do so within the limits of Rule 12(b)(6).  *See Orexigen*, 899 F.3d at 1003.  That is, "even when the court is allowed to consider these extrinsic materials, it must do so under the appropriate standard of Rule 12(b)(6), so that materials must be viewed in the light most favorable to the plaintiffs, and all reasonable inferences from them must be drawn

in plaintiff's favor."  2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice*, §12.34[2] (2015).

**ARGUMENT**

**I.      THE IMPROPER USE OF THE PROSPECTUS SHOULD BE STRICKEN**

Defendants cite the Prospectus throughout the MTD and rely on the statements therein to establish supposed facts to contradict the AC's well-pleaded allegations.  Although the AC's claims arise from the misrepresentations and omissions in the Registration Statement (including the Prospectus), Defendants' usage of the Prospectus contradicts the Ninth Circuit's admonitions regarding the use of judicial notice and incorporation by reference doctrines on a Rule 12(b)(6) motion.

As an initial matter, the hearsay in the Prospectus—*i.e.*, the statements in the Prospectus offered by Defendants for the truth of the matter asserted—are not Readily Determinable or Generally Known facts subject to judicial notice.  Wright & Graham §5106.4 (***"[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence."***); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at \*8 (C.D. Cal. Mar. 25, 2019) (denying judicial notice request where it appeared "defendants [were] relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage").[3]  For that matter, even under the incorporation by reference doctrine, it is improper "***to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint***."  *Orexigen*, 899 F.3d at 1003.  Indeed, "were the Court to assume the truth of all documents incorporated by reference [], that would mean assuming the truth of all of Defendants' allegedly false or misleading statements.  That cannot be the intended

---

[3]      Defendants' authorities are unavailing as in those cases plaintiffs did not oppose judicial notice.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at \*2 n.4 (N.D. Cal. Oct. 1, 2015).  Furthermore, *In re Openwave Sys. Inc. Shareholder Deriv. Litig.*, 503 F. Supp. 2d 1341, 1349 (N.D. Cal. 2007) plaintiffs did not articulate a hearsay objection.  In any event, to the extent that the *Openwave* court judicially noticed disputed issues in SEC Forms 4 for their truth in an options backdating case, that portion of the court's decision is overruled by the Ninth Circuit's mandate in the subsequently decided *Orexigen* case that "a court cannot take judicial notice of disputed facts contained in such public records."  *Orexigen*, 899 F.3d at 999.

7

result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim." *In re ECOtality*, 2014 WL 4634280, at *3 n.2.[4]

Here, Defendants improperly use the hearsay within the Prospectus to dispute the facts alleged in the AC in the following instances, which should be stricken:

- Defendants assert that Sonim phone defects—the XP8 Chipset Defect and XP3/XP5s Software Failure—occurred after the IPO by relying on the Prospectus' statements that Sonim's products "may contain ***undetected*** defects that are subsequently discovered at any point in the life of the product," that "defects or bugs will be found in our existing or future software products," and that "[d]efects in our products could reduce demand for our products and result in a loss of sales, delay in market acceptance and injury to our reputation, which would adversely impact our business."  MTD at 2-3 (emphasis in original); MTD at 5 at ln. 3-12, 15-18; MTD at 18-19.  However, the AC alleges that these same risk disclosures were misleading because they failed to disclose, *inter alia*, that Sonim was ***already experiencing*** the XP8 Chipset Defect and XP3/XP5s Software Failure resulting in lost sales momentum.  *See* ¶¶56-59.  Moreover, it is irrelevant that these defects were undetected because Plaintiff's claims under Section 11 of the Securities Act of 1933 do not contain a scienter element.  *In re Daou Sys.*, 411 F.3d 1006, 1028 (9th Cir. 2005) (citing *MacLean v. Huddleston,* 459 U.S. 375, 382 (1983) ("No scienter is required for liability under §11; defendants will be liable for innocent or negligent material misstatements or omissions.")); *Orexigen*, 899 F.3d at 1000 n.5 ("An irrelevant fact could hardly be an adjudicative fact . . . ").

---

[4] Defendants' cases are not to the contrary.  *See In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (not discussing the incorporation by reference doctrine, and noting in any event that when considering public documents, the court cannot consider them for the "truth of the matters asserted"); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (the consideration of the prospectus was not in dispute and in any event, the court considered the "text" of the prospectus, not the truth of the text, *i.e.*, hearsay).

8

- Defendants cite the Prospectus to assert that Sonim "recalled one batch of [its] XP8 devices from two wireless carriers due to manufacturing defects." MTD at 5, ln. 13-14; MTD at 18, ln. 19-20; MTD 19, ln. 1-2. The AC, however, asserts the Registration Statement failed to disclose that *design defects* inherent in the *design of all of the* XP8, XP5s, and XP3 phones manifested in the XP8 Chipset Defect and XP3/XP5s Software Failure, ¶¶7, 37, 41-42, 66-68, not irrelevant *manufacturing defects* where a *"batch" or subset of XP8* phones deviated from the design of the XP8 requiring recall of that subset of XP8 phones.

- Defendants assert that "Sonim's disclosures also defeat Plaintiff's claim that the Company failed to apprise investors of *potential* weakness in sales performance" and quotes boilerplate risk factors regarding "competitors," "profitability," and Sonim's "channel partners." MTD at 3, ln. 8-13; MTD at 20-21. This improperly contradicts the AC's allegations that Sonim's lost sales momentum at the time of the IPO was not a *potentiality but a reality*, primarily due to the XP8 Chipset Defect and XP3/XP5s Software Failure. ¶¶66-68.

- Defendants assert that Sonim's revelations during its September 10, 2019 conference call are consistent with the statements in the Prospectus that Sonim's phones underwent a "lengthy testing and certification process, and that despite this testing, defects could go undetected." MTD at 15, ln. 18-25 (citing Prospectus at 6, 15); MTD at 19, ln. 10-26. To the contrary, the AC alleges that Sonim did not adequately test their phones given that they took a "gamble" with the XP8 Chipset Defect at launch and took the XP3/XP5s Software Failure "on the chin" instead of adequately testing the phones in mission critical environments before launch. ¶¶67, 68.

- Defendants assert that the XP8 Chipset Defect and XP3/XP5s Software Failure were not above what was accepted in the business and market and that Sonim's "key channel partners recognized and agreed that Sonim's phones would have some amount of technical issues, and that only if those technical failures

9

exceeded certain levels would customers be allowed to cancel orders." MTD at 19. This hearsay regarding channel partners is directly contradicted by the AC's allegations, which include the facts that Sonim not only lost sales momentum as a result of the defects, but that these defects also "***diverted resources away from launching smaller Tier 2 carrier customers"—i.e., channel partners***, *see* ¶2, "and, as such, delayed the launch of Sonim devices to their customer base[.]" ¶¶65, 70. Moreover, Defendants' assertion relies on assuming true and accurate the very same statement the AC alleges to be misleading at ¶¶62-63. For that matter, the Prospectus does not even assert or state the XP8 Chipset Defect and XP3/XP5s Software Failures were "not above what was accepted in the business and market." MTD at 19.

## II.   SONIM'S STOCK PRICE HISTORY IS IRRELEVANT AND SHOULD THEREFORE BE STRICKEN

Although judicial notice of the fact that a stock was trading at a certain price is a Readily Determinable fact, Sonim's Stock Price History must still be an adjudicative fact, *i.e.*, relevant to the issues currently before the Court. *See Orexigen*, 899 F.3d at 1000 n.5 ("An irrelevant fact could hardly be an adjudicative fact[.]"). Here, the MTD contains a lone citation to Sonim's Stock Price History for the proposition that Sonim's stock price traded at "a high of $18.25 on June 7, 2019" and that Sonim's stock price was "trending down from its earlier highs." MTD at 5. These propositions do not serve as the basis of any argument asserted by Defendants as to why Plaintiff's claims should be dismissed, rendering the Stock Price History irrelevant.[5] Accordingly, the Stock Price History and related references to the same should be stricken.

---

[5]   The Sonim Defendants' authorities are unavailing, given that the stock prices judicially noticed in those cases were relevant to arguments made by the defendants in those cases. *See In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *2 n.4, 28 (N.D. Cal. Oct. 1, 2015) (company stock price was relevant to defendants' negative causation arguments); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (company stock price was relevant to loss causation analysis for plaintiff's fraud claims under Section 10(b) of the Securities Exchange Act of 1934).

III.    THE S&P TRANSCRIPT SHOULD BE STRICKEN

A.    The S&P Transcript Is Not Incorporated By Reference Into The AC

Defendants assert that the S&P Transcript of conference call held by Sonim on September 10, 2019 is incorporated by reference into the AC.  ECF No. 62-1 at 3.  Not so.  This document is neither cited nor referenced in the AC, and therefore cannot possibly form the basis of Plaintiff's claims.  The AC cites a different document for the propositions stated in the relevant paragraphs.  *See, e.g.*, ¶¶66-68 (citing a transcript published by FD (Fair Disclosure) Wire).  The failure to meet this threshold requirement bars the Court from considering the document under the incorporation by reference doctrine.  *See Orexigen*, 899 F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint[.]"); *Coto Settlement*, 593 F.3d at 1038 (holding that the incorporation by reference doctrine applies only when the "document's authenticity is not in question and there are no disputed issues as to the document's relevance"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (The plaintiff's claim must "depend on [the] document[.]").  As the *Orexigen* court found, if a fact in a complaint might have come from another source, it is an abuse of discretion to incorporate a document that was not mentioned therein.  *Orexigen*, 899 F.3d at 1007 (finding that it was an abuse of district court's discretion to deem a press release incorporated by reference where the complaint alleged facts the press release reported but did not mention the press release itself).

In any event, Plaintiff's Section 11 and 15 claims are based on the misrepresentations and omissions in the Registration Statement; and therefore the transcript of the September 10, 2019 conference call cannot form the basis of Plaintiff's claims.  *See* 15 U.S.C. § 77k(a); *Missud v. Oakland Coliseum Joint Venture*, 2013 WL 812428, at *11 (N.D. Cal. Mar. 5, 2013) (not incorporating by reference web pages cited in plaintiffs complaint because "there is no allegation that any Plaintiff relied on these webpages or was misled by these webpages"); *accord Orexigen*, 899 F.3d at 1002 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events

11

into the complaint to defeat otherwise cognizable claims."). Indeed, Defendants concede this point in their MTD, "*None* of the company's statements in July and *September 2019 can form the basis of a claim under Section 11 or 15*." MTD at 5-6 n.2. Thus, the incorporation by reference doctrine does not apply to the transcript.

**B.     Defendants Do Not Identify A Fact Subject To Judicial Notice Regarding The S&P Transcript**

As an initial matter, Defendants failed to meet their burden to identify which adjudicative fact or facts they want the Court to take notice of with respect to the S&P Transcript. *See* ECF No. 62-1 at 3-4; *accord Orexigen*, 899 F.3d at 1000 (noting that the district court improperly took judicial notice of a conference call transcript because, *inter alia*, it did not "clearly specify what fact or facts it judicially noticed from th[e] transcript").

In any event, the S&P Transcript—a document—is not an "adjudicative fact" that is subject to judicial notice because it is not Generally Known or Readily Determinable. As a general matter, the contents of the S&P Transcript, which are only accessible via S&P Global Market Intelligence ("S&P") by paying S&P a fee, are obviously not "*facts*" which are *Generally Known within this District*. *See* Fed. R. Evid. 201(b)(1); *United States v. Mariscal*, 285 F.3d 1127, 1131-32 (9th Cir. 2002) ("We must reject judicial notice of that 'fact' [as generally known information] just as quickly as we have rejected the supposed fact that the post office generally delivers mail overnight to locally designated cities . . . [or other] specific detailed knowledge that we, and other courts, have found unacceptable.") (collecting cases).

Additionally, the double hearsay in the S&P Transcript is not Readily Determinable *from sources whose accuracy cannot reasonably be questioned*. *See* Fed. R. Evid. 201(b)(2). The S&P Transcript itself is S&P's hearsay statement regarding what was stated during the September 10, 2019 conference call and by which person those statements were made. However, *the S&P Transcript calls its own accuracy into question*, cautioning that S&P does "not guarantee the *accuracy*, *completeness*, timeliness or availability of the [c]ontent" of the transcript. *See* S&P Transcript at 12. This bars judicial notice of any purported "fact" derived from the S&P Transcript. *See In re OSI Pharms., Inc. Sec. Litig.*, 2007 WL 9672541, at *5

12

(E.D.N.Y. Mar. 31, 2007) (declining to take judicial notice of a conference call transcript, as it is "not a matter of public record like an SEC filing[,] [n]or is it otherwise capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned[]").

In any event, even assuming the S&P Transcript is an impeccable transcription of the September 10, 2019 conference call, it would still be improper to assume the truth of Defendants' double hearsay. Specifically, the S&P Transcript is irrelevant unless the Court assumes the truth of the following double hearsay: (1) defendant Plaschke's statement regarding "how the phone operate[d] in different parts of the country based off the different network configurations" is offered to assert that Sonim's issues emerged after the IPO when Sonim "learned" how its phone operated in these network configurations, MTD at 14-15; and (2) defendant Plaschke's statements that Sonim's phones were "not easy to test" and "not easy things to debug before launch" are offered to assert that these statements are "entirely consistent with the disclosures in the Registration Statement that phones undergo a thorough and lengthy testing and certification process, and that despite this testing, defects could go undetected." MTD at 15. However, none of these supposed facts are Readily Determinable from the S&P Transcript's double hearsay. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010*)* ("[C]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").[6]

Moreover, the rules of judicial notice do not sanction Defendants' use of this double hearsay to dispute the AC's allegations. *See Orexigen*, 899 F.3d at 999, 1003 (holding that "[a] court cannot take judicial notice of disputed facts contained in such public records" and declining to take judicial notice where "there [was] no fact established by the transcript not subject to reasonable dispute"). Here, Defendants' assertions based on the S&P Transcript's

---

[6]   Defendants' citations are unavailing because the plaintiffs in these cases did not object to judicial notice of the transcripts at issue. *See, e.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006). Moreover, in *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111–12 (N.D. Cal. 2009) the court explicitly did not judicially notice transcripts for the "truth of the matters asserted," whereas here Defendants *only cite* the S&P Transcript for improper hearsay purposes.

13

that Sonim's defects emerged after the IPO when it "learned" of them and that Sonim's phones underwent thorough testing are directly disputed by the AC.  The AC alleges that Sonim took a "*gamble*" with the XP8 Chipset Defect by *launching* the XP8 with the Snapdragon and resulted in customer complaints prior to the IPO, and also alleges that Sonim took issues such as the XP3/XP5s Software failure "*on the chin*" rather than before fix these issues before launch. ¶¶41, 67-68.  In fact, the only reasonable inference allowed on a Rule 12(b)(6) motion that Sonim's phones were "not easy to test" and "debug before launch" is that Sonim did not adequately test its phones in "mission critical" environments to detect and debug the XP8 Chipset Defects and the XP3/XP5s Software Failure, *see* ¶¶37, 40, 67, 68.  Thus, judicial notice of the S&P Transcript's double hearsay to dispute the AC's allegations is plainly improper. *Orexigen*, 899 F.3d at 999.

Accordingly, the S&P Transcript as well as Defendants' references to and arguments based on the S&P Transcript, MTD at 14-15, should be stricken.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike all matters identified herein.  Consideration of these materials and all related arguments and references in Defendants' briefing is improper unless the MTD is converted into a motion for summary judgment and Plaintiff is allowed a reasonable opportunity to conduct the necessary discovery to respond properly.  *See* Fed. R. Civ. P. 12(d), 56(d).

Dated: May 1, 2020

**FARUQI & FARUQI, LLP**

By: */s/ Richard W. Gonnello*
Richard W. Gonnello

Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
Sherief Morsy (admitted *pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan @faruqilaw.com
        smorsy@faruqilaw.com

Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470

14

Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

**LEAD PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTINSIC EXHIBITS AND RELATED ARGUMENTS**
**Case No. 3:19-cv-06416-MMC**