Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
Sherief Morsy (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com
        smorsy@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | **[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION TO STRIKE**<br><br>Case No. 3:19-cv-06416-MMC<br><br>**CLASS ACTION**<br><br>Judge: Hon. Maxine M. Chesney<br>Date:  N/A (*see* Gen. Order No. 72)<br>Time:  N/A<br>Courtroom:  7 – 19th Floor |

Lead Plaintiff David Sterrett ("Plaintiff") filed a motion to strike ("Motion") the extrinsic evidence and related arguments submitted by Defendants (ECF No. 62-62-2, *see also* ECF No. 63) with their motion to dismiss ("MTD").

The Court, having read and considered Plaintiff's Motion, the memorandum of points and authorities in support thereof, and all other papers filed in connection therewith, grants Plaintiff's Motion for the following reasons:

1.  Defendants use the hearsay in Exhibit 1, Sonim's Prospectus, to dispute the Amended Class Action Complaint's ("AC") well-pled allegations.  This is impermissible under Rule 12(b)(6), the judicial notice rules of Fed. R. Civ. P. 201, and the incorporation by reference doctrine.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 999, 1003 (9th Cir. 2018).  Accordingly, Sonim's references to the Prospectus and related arguments as specified in pages 8-10 in Plaintiff's Motion are stricken.

2.  Exhibit 2, Sonim's stock price information covering the period of May 9, 2019 to October 7, 2019, as posted on Yahoo! Finance's website ("Stock Price History"), does not serve as the basis of any argument asserted by Defendants as to why Plaintiff's claims should be dismissed, rendering the Stock Price History irrelevant to any of the issues currently before the Court.  Accordingly, Sonim's Stock Price History and Defendants' references thereto are stricken.  *Orexigen*, 899 F.3d at 1000 n.5 ("An irrelevant fact could hardly be an adjudicative fact[.]").

3.  Exhibit 3, the S&P Global Market Intelligence transcript of Sonim's September 10, 2019 Guidance/Update Call ("S&P Transcript"), is not subject to the incorporation by reference doctrine because the AC cites a different document for its allegations.  *See Orexigen*, 899 F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint[.]").  Furthermore, the S&P Transcript's hearsay statements are not judicially noticeable facts because they

are not generally known in this District, nor are they readily determinable from a source whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* §5106.4 (2d ed. Supp. 2018) ("[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.").  Accordingly, the S&P Transcript and the arguments and references thereto are stricken.

**IT IS SO ORDERED.**

DATED: _____          _____
                                            THE HONORABLE MAXINE M. CHESNEY
                                            UNITED STATES DISTRICT JUDGE

**LEAD PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTINSIC EXHIBITS AND RELATED ARGUMENTS**
**Case No. 3:19-cv-06416-MMC**