Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,

Defendants.

**STIPULATION OF SETTLEMENT**

Case No. 3:19-cv-06416-MMC

**CLASS ACTION**

This Stipulation of Settlement, dated as of September 10, 2020 (the "Stipulation") in the above-captioned action (the "Action"), is entered into by and between: (i) Lead Plaintiff David Sterrett ("Lead Plaintiff"), on behalf of himself and each of the Class Members (as defined herein); (ii) defendants Sonim Technologies, Inc. ("Sonim" or the "Company"), Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson (collectively, the "Sonim Defendants"); and (iii) defendants Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, National Securities Corporation (collectively, the "Underwriter Defendants") (collectively, with the Sonim Defendants, "Defendants"), by and through their respective counsel. The Stipulation is intended by Lead Plaintiff and Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, release, and settle the Released Claims, as defined below, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I. SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

This is a securities action bringing claims against Defendants under §§ 11 and/or 15 of the Securities Act of 1933 (the "Securities Act"). It is a putative class action brought on behalf of all persons and entities who purchased or otherwise acquired Sonim common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus (collectively, the "Registration Statement") filed in connection with Sonim's initial public offering ("IPO") on or about May 9, 2019 and were damaged thereby. No class has been certified in the Action.

The initial complaint was filed in this Court by Ajay Malhotra on October 7, 2019. ECF No. 1. On January 22, 2020, the Court appointed Mr. Sterrett as Lead Plaintiff, and his counsel, Faruqi & Faruqi, LLP was appointed Lead Counsel. ECF No. 52.

On February 24, 2020, Lead Plaintiff filed the Amended Class Action Complaint ("AC"). ECF No. 55. The AC generally alleged that Defendants violated §§ 11 and 15 of the Securities Act by reason of material misrepresentations and omissions in the Registration Statement for Sonim's IPO. Specifically, Lead Plaintiff alleges that the Registration Statement materially misrepresented and omitted material facts as alleged in the AC. (*See, e.g.*, Amended Complaint ¶¶ 2, 6–9, 48–64.)

On April 1, 2020, the Sonim Defendants filed the Motion To Dismiss the AC ("MTD"), ECF No. 62, as well as the Request for Incorporation By Reference and Judicial Notice ("Request for Judicial Notice"), ECF No. 62-1, and the Underwriter Defendants filed a joinder in the MTD, ECF No. 63. On May 1, 2020, Lead Plaintiff filed his opposition to the MTD, ECF No. 65, as well as a Motion To Strike Defendants' Extrinsic Exhibits And Related Arguments Submitted With Defendants' Motion To Dismiss ("Motion To Strike"), ECF No. 64. The Court converted the Motion To Strike to an opposition to Defendants' Request for Judicial Notice. ECF No. 66. On June 1, 2020, the Sonim Defendants filed their Reply in Support of the Motion To Dismiss, ECF No. 69, as well as their Reply in Support of the Request for Judicial Notice, ECF No. 70.

Following completion of the briefing on the Motion To Dismiss and Request for Judicial Notice, the Parties met for a virtual mediation on June 24, 2020 before the Hon. Elizabeth Laporte (Ret.), a well-respected mediator who served as a United States Magistrate Judge in this District for more than two decades. In connection with the Parties' settlement discussions and in advance of the mediation session, Sonim provided Lead Plaintiff a core document production of 3,484 pages of material, including board books, management reports, selected emails, insurance policies, and SEC filings, under provisions of a mediation confidentiality agreement. Sonim also made its CFO, Bob Tirva, available to Lead Counsel, pursuant to the mediation confidentiality agreement. The Underwriter Defendants also provided Lead Plaintiff with a production of certain documents under the provisions of a mediation confidentiality agreement. The mediation session was also preceded by submission of mediation statements and exhibits.

The June 24th mediation session was attended by Lead Counsel, Defendants' counsel, and certain of Sonim's board members and executives. No settlement was reached during the June 24th mediation session. Subsequent to June 24, Judge Laporte presented a mediator's proposal for the monetary terms for a settlement of this Action. All Parties accepted the mediator's proposal and thereafter engaged in negotiations regarding the complete terms of the Settlement, which are set forth in this Stipulation and which are subject to approval by the Court.

## II. LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports his claims. Lead Plaintiff and his counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals.

Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this one, as well as the difficulties and delays inherent in such litigation. They are also mindful of the inherent problems of proof and the possible defenses to the violations of the securities laws asserted in the Action. Lead Plaintiff and Lead Counsel additionally considered the financial position of the Company and the documents produced by Sonim and the Underwriter Defendants in connection with the mediation and under the mediation confidentiality agreement. Lead Plaintiff and Lead Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class and is fair, reasonable, adequate, and in the best interests of Lead Plaintiff and the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in this Action, and that they have committed any act or omission giving rise to any liability or violation of law under the U.S. securities laws. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Members of the Class have suffered damage, or were otherwise harmed by the conduct alleged in this Action. Defendants have asserted and continue to assert that the Registration Statement and Defendants' statements to investors, potential investors, and market participants contained no material misstatements or omissions. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and

laws. Each Defendant reserves all defenses to any claims that may be filed by any Person who opts out of the settlement set forth in this Stipulation.

Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

In addition to the terms that may be defined elsewhere in this Stipulation, the following terms as used in the Stipulation have the meanings specified below:

1.1. "Authorized Claimant" means a Class Member who submits a valid and timely Proof of Claim that is approved for payment by the Claims Administrator or the Court.

1.2. "Claims Administrator" means RG/2 Claims Administration LLC, the firm retained by Lead Counsel, subject to Court approval, which shall mail and publish the Notices, process Proofs of Claim, and distribute the Net Settlement Fund to Authorized Claimants.

1.3. "Class" means, for purposes of settlement only, all Persons who purchased or otherwise acquired Sonim common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with the IPO of Sonim on or about May 9, 2019

and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Sonim (at all relevant times), members of their families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above has a majority ownership interest. Also excluded from the Class are those Persons who would otherwise be Class Members but who timely and validly exclude themselves therefrom.

1.4. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 of the Stipulation.

1.5. "Defendants" mean Sonim, Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson, Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation.

1.6. "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.7. "Escrow Account" means the escrow account established by the Escrow Agent to receive the Settlement Amount.

1.8. "Escrow Agent" means Huntington National Bank or its successor.

1.9. "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion

for reconsideration or rehearing or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or awards to Lead Plaintiff, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.10. "Final Approval Hearing" means the hearing scheduled by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses, including any award to Lead Plaintiff for his costs and expenses, is reasonable.

1.11. "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12. "Lead Counsel" means Faruqi & Faruqi, LLP.

1.13. "Lead Plaintiff" means David Sterrett.

1.14. "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and any award to Lead Plaintiff, provided for herein or approved by the Court, and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.15. "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.16. "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim forms, administering

and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.17. "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. The Plan of Allocation is not part of the Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.19. "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.20. "Proof of Claim" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.21. "Prospectus" means the final prospectus Sonim filed with the SEC on May 13, 2019 in connection with Sonim's IPO.

1.22. "Registration Statement" means the registration statement for Sonim's IPO filed with the SEC on April 15, 2019, as amended on April 29, 2019 and May 9, 2019, along with the Prospectus.

1.23. "Related Parties" means each of Defendants' predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, divisions, joint ventures, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.

1.24. "Released Claims" means all known or unknown claims that both (a) arise out of, are based upon, are connected to, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, are connected to, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Sonim stock purchased or otherwise acquired pursuant to or traceable to the Registration Statement issued in connection with Sonim's IPO (except for claims to enforce the settlement). "Released Claims" includes "Unknown Claims" as defined in ¶1.32 hereof.

1.25. "Released Parties" means each and all of the Defendants and their respective Related Parties.

1.26. "Settled Defendants' Claims" means all known or unknown claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them against Lead Plaintiff, Class Members, and Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the settlement). "Settled Defendants' Claims" includes "Unknown Claims" as defined in ¶1.32 hereof.

1.27. "Settlement Amount" means Two Million U.S. Dollars ($2,000,000.00) in cash to be paid into the Escrow Account controlled by the Escrow Agent pursuant to ¶¶2.1 and 2.2 of this Stipulation.

1.28. "Settlement Fund" means the Settlement Amount plus any accrued interest or income earned thereon.

1.29. "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of himself and Members of the Class.

1.30. "Summary Notice" means the summary notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.31. "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.32. "Unknown Claims" means: (a) any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the settlement, including the decision to object to the terms of the settlement or to exclude himself, herself, or itself from the settlement Class; and (b) any Settled Defendants' Claims that any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Class Members, and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Lead Plaintiff, Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or

unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Similarly, the Released Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each of the Released Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Lead Plaintiff, the Class Members, and the Released Parties shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and is a key element of the settlement of which these releases are a part.

**2. The Settlement**

**a. The Settlement Amount**

2.1. Sonim shall pay or cause to be paid the Settlement Amount. No other Defendants shall be responsible for such payments.

2.2. The Settlement Amount will be paid in accordance with the instructions to be provided by the Escrow Agent within thirty (30) calendar days following the later of: (1) the date of entry of the Preliminary Approval Order, and (2) Lead Counsel furnishing to Sonim's counsel adequate written payment instructions consisting of wire transfer instructions and a completed W-9 form for the Settlement Fund, including an address and tax ID number. The

Settlement Amount shall be paid by wire transfer. If the Settlement Amount is not timely paid to the Escrow Agent, Lead Plaintiff may terminate the Settlement but only if (1) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice.

2.3. Other than the Class Action Fairness Act ("CAFA") expenses referred to in ¶3.1, which will be paid by Sonim, Defendants shall have no obligation to make any payment besides the payment of the Settlement Amount in connection with the Settlement.

**b. The Escrow Agent**

2.4. The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶¶2.1 and 2.2 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5. The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.6. Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.7. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.8. The Settlement is non-recapture; *i.e.*, it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, or any other Person who paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.5 below.

2.9. The Escrow Agent may, at any time after entry of the Preliminary Approval Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $75,000 from the Settlement Fund prior to or after the Effective Date to pay Notice and Administration Expenses reasonably and actually incurred. After the Effective Date, additional amounts, up to a total of $25,000, may be transferred from the Settlement Fund to pay for any additional incurred Notice and Administration Expenses without further order of the Court. Any additional Notice and Administration Expenses in excess of $25,000 shall be paid from the Settlement Fund subject to prior approval of the Court.

2.10. It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

**c. Taxes**

2.11. (a) The Settling Parties, the Escrow Agent, and the Claims Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.

Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof).

(c) All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court

as directed by Lead Counsel and the Claims Administrator and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)) as directed by Lead Counsel and the Claims Administrator; neither the Released Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

**d. Termination of Settlement**

2.12. In the event that the Stipulation is not approved or the settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses paid, incurred or due and owing consistent with this Stipulation, including those incurred providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, escrow fees and costs if any, and all Taxes and Tax Expenses, provided for herein, shall be refunded to Sonim within twenty (20) business days after written notification of such event pursuant to written instructions from counsel for Sonim (in accordance with ¶7.5 herein).

**3. Preliminary Approval Order and Final Approval Hearing**

3.1. Shortly after execution of the Stipulation, Lead Plaintiff shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of the Notice and Proof of Claim and publication of the Summary Notice, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined below) hereof, and

the date of the Final Approval Hearing. In accordance with CAFA, Defendants, at their own cost, shall serve proper notice of the proposed settlement upon those who are entitled to notice pursuant to CAFA and shall be solely responsible with respect to such notice.

3.2. Sonim shall provide and/or cause its transfer agent to provide Lead Counsel, at no cost to Lead Plaintiff or the Class, transfer records for purchases and acquisitions of its common stock pursuant or traceable to the May 2019 Registration Statement. It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3. Lead Counsel shall request that after notice is given, the Court hold the Final Approval Hearing to finally approve the settlement of the Action as set forth herein and to enter the Judgment. At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the Plan of Allocation and the Fee and Expense Application.

**4. Releases**

4.1. Upon the Effective Date, as defined in ¶1.6 hereof, Lead Plaintiff and each Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Parties and shall forever be barred, enjoined, and estopped from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim.

4.2. Upon the Effective Date, as defined in ¶1.6 hereof, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Lead Counsel, and each and all of the Class Members from all Settled Defendants' Claims.

**5. Administration and Calculation of Claims, Final Awards and Supervision of the Settlement Fund**

5.1. The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2. The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Expenses;

(b) to pay the Taxes and Tax Expenses;

(c) to pay Lead Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award"), and an award of reasonable costs and expenses to Lead Plaintiff, if and to the extent allowed by the Court; and

(d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

5.4. Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form and content of Exhibit A-2 attached hereto, signed under penalty of perjury.

5.5. Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payment pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation)

to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Lead Counsel shall have no liability for not accepting late claims.

5.6. Except for Sonim's obligation to pay or cause payment of the Settlement Amount, and to produce information from Sonim's transfer agent for purposes of providing notice as provided herein, the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund or the Plan of Allocation, the decisions of the Claims Administrator, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith, and shall have no liability to the settlement Class in connection with such administration.

5.7. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer feasible to distribute to Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy.

5.8. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, any other Person designated by Lead Counsel, or any of the Released Parties based on determinations or distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9. It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding related to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6. Lead Counsel's Attorneys' Fees and Expenses**

6.1. Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses and costs incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court; plus (c) payment to Lead Plaintiff for his costs and expenses in representing the Class. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2. The fees, expenses, and costs, including the fees of experts and consultants, as awarded by the Court, shall be payable to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses notwithstanding any objection thereto.

6.3. Any payment of attorneys' fees or expenses to Lead Counsel is subject to the obligation of Lead Counsel to make repayment to the Settlement Fund or to Sonim if appropriate of any paid amounts, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the Fee or Expense Award is reduced or reversed by Final non-appealable court order. Lead Counsel agrees that it and its partners or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph. Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after receiving notice of the termination of the settlement pursuant to this

Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

6.4. Lead Counsel's Fee and Expense Application may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with his representation of the Class pursuant to 15 U.S.C. § 77z-1(a)(4). However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiff's application for an award for his costs and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Lead Plaintiff shall within twenty (20) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund or to Sonim if appropriate such amounts for costs and expenses previously paid to Lead Plaintiff from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5. The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees, costs, and expenses, or the costs and expenses of Lead Plaintiff, to be paid out of the Settlement Fund are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application or Lead Plaintiff's award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Parties. The Settling Parties agree that the denial, in whole or in part, of any application for attorneys' fees shall in no way affect the enforceability, validity, or finality of this Stipulation or affect or delay the finality of the Judgment approving the Stipulation and the

settlement of the Action set forth therein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Stipulation or settlement based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

6.6. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or Lead Plaintiff from the Settlement Fund.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1. The Effective Date of the Stipulation is expressly subject to, and conditioned upon, the occurrence of all of the following events:

(a) the Settlement Amount has been deposited into the Escrow Account, as required by ¶¶2.1 and 2.2 hereof;

(b) the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c) Sonim has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(e) the Judgment has become Final, as defined in ¶1.9 hereof; and

(f) in the event that a case is commenced in respect of Sonim under Title 11 of the United States Code (Bankruptcy) prior to the occurrence of any of the foregoing events, that case has been finally adjudicated and Lead Plaintiff has not exercised its option to terminate the Stipulation pursuant to ¶7.8 hereof within ten (10) business days of such final adjudication.

7.2. Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Released Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3. Simultaneously herewith, Lead Plaintiff and Sonim are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The

Supplemental Agreement sets forth certain conditions under which Sonim shall have the sole option to terminate the settlement and render this Stipulation null and void in the event that requests for exclusion from the settlement Class exceed certain criteria (the "Termination Threshold"). During the documentation of the settlement agreement, a dispute arose regarding the Termination Threshold which amount was subsequently decided by Judge Laporte through final binding non-appealable arbitration. The Supplemental Agreement will not be filed with the Court unless required by court rule or unless and until a dispute as between Lead Plaintiff and Sonim concerning its interpretation or application arises. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court in camera or under seal. In the event of a termination of this settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶1.1–1.32, 2.9, 2.11–2.12, 6.3-6.4, 7.5–7.8, 8.3 and 8.6 hereof.

7.4. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.7 hereof unless Lead Plaintiff and Defendants mutually agree in writing to proceed with the Stipulation.

7.5. Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty (20) business days after written notification of such event is sent by counsel for any of the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund and any earnings thereon, together with any fees that have been advanced or paid to Lead Counsel or Lead Plaintiff in accordance with ¶¶6.3–6.4, less expenses which have either been disbursed pursuant to ¶¶2.9, 2.11-2.12 hereof, or are determined to be chargeable to the Settlement Fund, shall be refunded to Sonim by the Escrow Agent pursuant to written instructions from Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in

connection with such application(s) for refund, pursuant to written instructions from Sonim's counsel.

7.6. In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of July 10, 2020. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.32, 2.9, 2.11-2.12, 6.3-6.4, 7.5-7.8, 8.3 and 8.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Plaintiff or Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.7. If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶2.9, 2.11-2.12. In addition, any expenses already incurred pursuant to ¶¶2.9, 2.11-2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.5 hereof.

7.8. Sonim represents that to its actual knowledge at the time of execution of this Stipulation, it is not insolvent, nor does it project that the payment of the Settlement Amount in accordance with the Stipulation would render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. If (i) before the Effective Date occurs, a case is commenced in respect of Sonim under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and (ii) a final order of a court of competent jurisdiction determining the transfer of money

to the settlement fund or any portion thereof by or on behalf of Sonim to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by or on behalf of Sonim, then if both (i) and (ii) at the election of Lead Plaintiff, the settlement may be terminated and the Judgment entered in favor of Defendants shall be null and void, and the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants and that Defendants and Lead Plaintiff and the Class Members shall be restored to their respective positions in the litigation as of June 24, 2020, and any cash amounts in the Settlement Fund shall be returned as provided above. For the avoidance of doubt, under the circumstances described in the previous sentence, none of the Settlement Funds shall be paid to the Class or awarded as attorneys' fees to Lead Counsel.

**8. Miscellaneous Provisions**

8.1. The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation. The Settling Parties agree to jointly take reasonable steps to obtain the dismissal with prejudice of the Action and approval of their settlement, including, but not limited to, opposing any objections to the Stipulation and defending any appeal that may be taken on the Judgment.

8.2. Upon and subject to the terms and conditions hereof, Lead Plaintiff, on behalf of himself and Members of the Class, on the one hand, and each of the Defendants, on the other hand, intend this settlement to be a final and complete resolution of all disputes between them with respect to the Action. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. While retaining their right to deny that the claims advanced in the Action were meritorious, Defendants will not contend that the Action was not filed in good faith. The Settling Parties further agree not to assert in any forum that any Settling Party violated Federal Rule of Civil

Procedure 11 or any other similar statute or law. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.3. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Lead Plaintiff were not valid in any civil, criminal, or administrative proceeding.

8.4. Any of the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5. For purposes of this settlement only, the Settling Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Class as defined in ¶1.3; (ii) the appointment of Lead Plaintiff as Class Representative for the Class; and (iii) the appointment of Lead Counsel as Class Counsel for the class pursuant to Fed. R. Civ. P. 23(g).

8.6. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

8.7. All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.8. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9. This Stipulation and the Exhibits attached hereto and the Supplement Agreement constitute the entire agreement between Lead Plaintiff and Defendants and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.10. Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.11. Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

8.12. This Stipulation may be executed in one or more counterparts and the signatures may be by facsimile or electronically. All executed counterparts and each of them shall be deemed to be one and the same instruments. A complete set of executed counterparts shall be filed with the Court.

8.13. This Stipulation shall be binding upon, and inure to the benefit of, the respective agents, executors, heirs, devisees, successors, and assigns of the Settling Parties.

8.14. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

8.15. This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

8.16. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorney, dated September 10, 2020.

**FARUQI & FARUQI, LLP**

DocuSigned by:

By: Richard Gonnello
171192F2126940F...
Richard W. Gonnello

Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
klenahan @faruqilaw.com

Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Lead Counsel for Lead Plaintiff and the Class*

**O'MELVENY & MYERS LLP**

DocuSigned by:

By: Matthew W. Close
55396F5B7ABC4CD...
Matthew W. Close

Matthew W. Close
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: 213-430-7213
Email: mclose@omm.com

*Attorneys for Defendants Sonim Technologies, Inc., Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, and Jeffrey D. Johnson*

**SIDLEY AUSTIN LLP**

DocuSigned by:

By: Matthew Dolan

C744EE28965D4FF...

Matthew Dolan

Matthew Dolan
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650-565-7106
Email: mdolan@sidley.com

*Attorneys for Defendants Oppenheimer & Co. Inc., Lake Street Capital Markets, LLC, and National Securities Corp.*