# Exhibit A

Case Number: 19-CIV-05564



**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center                1050 Mission Road
Redwood City, CA 94063       South San Francisco, CA
                                                94080

www.sanmateocourt.org

**Minute Order**

| | |
|---|---|
| **BEECHAM PEARSON vs SONIM TECHNOLOGIES, INC.** | 19-CIV-05564 |
| | 01/31/2020 9:30 AM |
| | Motion to Stay |
| | **Hearing Result**: Held |

**Judicial Officer:** <u>Fineman, Nancy L.</u>       **Location**: <u>Courtroom 8B</u>
**Courtroom Clerk**: <u>Ashmika Segran-Teo</u>   **Courtroom Reporter:** <u>Valerie Cathey</u>

**Parties Present**
  CLOSE, MATTHEW          Attorney
  WILLIAM
  JASNOCH, JOHN T          Attorney

**Minutes**

*Journals*
  - Matter is called at: 10:30 am.

  Above-noted counsel and parties, present.

  Attorney Danielle Smith appeared on behalf of Plaintiff Steven Ly.

  Also present Attorney Robin Wechkin (pro hac vice application pending) with California
  Attorney Mark Prior.

  Argument presented by counsel. Matter submitted.

*Case Events*
  - Tentative ruling adopted and becomes order:

**APPLICATION TO APPEAR AS COUNSEL PRO HAC VICE, MOTION TO STAY AND
JOINDER**

The application of Jeffrey P. Campisi to appear as counsel pro hac vice for plaintiff Beecham
Pearson is GRANTED.

      Defendants have filed a motion to stay on two different grounds:  (1) a decision in the
Delaware Supreme Court which will be issued shortly, is likely to determine a critical gating
question in this case; and (2) there is a substantially similar action pending in the federal district
court in the Northern District of California, litigating both of those claims would be wasteful and
duplicative, and the claims should be heard in federal court.  Plaintiff opposes both grounds for
stay.

As the parties acknowledge (Defendants' Opening Brief at 6:8-19 and Reply Brief at 2:8-9; Plaintiffs' Opposition Brief at 2), this Court uses its discretion in determining whether to grant a stay. *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 141 ("A court ordinarily has inherent power, in its discretion, to stay proceedings when such a stay will accommodate the ends of justice."); *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804 ("It is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action." (citations omitted).)

Exercising its discretion, after balancing all the factors, this Court will stay the action until April 17, 2020 so that this Court can have the benefit of the Delaware Supreme Court's opinion in *Sciabacucchi v. Salzberg*. The case was argued to the Delaware Supreme Court on January 8, 2020, and the Delaware Supreme Court has until April 7, 2020 to rule. Due to the potential significant impact of the opinion to this case, the Court finds that it is the most efficient use of judicial resources to stay this case until the opinion is issued. This relief is all that Defendants request. See Defendants' Opening Brief at 1:25-27. Plaintiffs' argument is primarily that the case, if appealed, will not be final for many years. Certainly if there is an appeal, there will be further delay. It may be true that Defendants may seek a further stay, but that request is not before the Court. The Court finds, in balancing the different factors and exercising its discretion, a delay of less than three months is appropriate.

If the Delaware Supreme Court reverses the lower court, then the Court will continue the stay and the parties shall submit briefs (of no more than 20 pages) by April 24, 2020 arguing the effect of the Supreme Court opinion on the Court in this case. The parties are ordered to meet and confer and submit a stipulation to set future hearing dates.

If the Delaware Supreme Court affirms the lower court, this Court, using its discretion after balancing all the factors, DENIES the request for a stay. In these types of cases, federal and state courts often work in coordination to minimize any conflicts and there is no reason that such cooperation cannot occur in this case between this Court and the Hon. Maxine Chesney of the United States District Court for the Northern District of California.

Over 60 years ago, our Supreme Court set forth the factors that this Court uses in exercising its discretion in determining whether a stay should be granted:

> When an action is brought in a court of this state involving the same parties and the same subject matter as an action already pending in a court of another jurisdiction, a stay of the California proceedings is not a matter of right, but within the sound discretion of the trial court. In exercising its discretion the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced.

*Farmland Irr. Co. v. Dopplmaier* (1957) 48 Cal.2d 208, 215; see *Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 747 (factoring in favoring stay when federal action is in California); *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800 (applying factors); *Gregg v. Superior Court* (1987) 194 Cal.App.3d 134, 138 (applying factors); *Schneider v. Vennard* (1986) 183 Cal.App.3d 1340 (applying factors to class certification denial). Both parties cite to trial court orders, which as recognized are not binding on this Court or precedent.

First, there can be no question that the subject matter is the same between the state and federal action, *Farmland* at 215, which weighs in favor of a stay. However, while the defendants are identical or almost identical, the plaintiffs are different. While each plaintiff seeks to represent a class of shareholders, no class has been certified. See *Gregg* at 138. At this point, it is speculative as to whether a class will be certified. The Court finds this factor weighs against a stay.

Second, while the actions are pending in this Court and the federal district court for the Northern District of California, this state court action was filed first. In considering the factor of discouraging multiple litigation, *Farmland* at 215, a stay of this case would encourage multiple litigation because it would encourage plaintiffs to file in federal court after a state court action had already been filed. This factor weighs against a stay. The Court sees no evidence that any of the cases were meant to harass the defendants, *Farmland* at 215; thus the factor is neutral.

Third, whether the rights of the parties can best be determined by the federal court action. *Caiafa* at 806. Although federal claims are alleged, it is undisputed this Court has jurisdiction to hear this action. *Cyan, Inc. v. Beaver County Employees Retirement Fund* (2018) 138 S.Ct. 1061. State courts frequently interpret federal and other state's laws and there is no reason that this Court cannot determine the parties' rights in this case. If state courts always defer to federal courts in securities cases, then the holding of *Cyan* has no meaning. Defendants argue about the wider relief that a class can obtain in federal court, but Plaintiffs point out advantages of state court. The Court finds that, in order to give meaning to *Cyan*, this factor weighs against a stay.

Fourth, whether this action should be stayed to avoid "unseemly conflict." *Farmland* at 215. None of the cases define "unseemly." If the appellate courts were concerned about avoiding any conflict, then the adjective "unseemly" would not be necessary. Defendant argues that having the two actions proceed will result in wasted resources of time and money. The concern is justified and the Court is mindful of making all litigation, not just this litigation, efficient. To that end, this Court will work with the parties and Judge Chesney to limit duplicative work, primarily in the discovery area. If Defendants have concern with the federal plaintiffs obtaining discovery while a federal discovery stay is in effect, the Court can issue appropriate protective orders to temporarily prohibit the sharing of information with the federal plaintiffs until the stay is lifted. Defendants also argue that there may be inconsistent rulings. If a ruling is incorrect, then the proper remedy is appeal or writ. If rulings are inconsistent because of differences in state and federal law or procedure, that factor weighs against a stay. Certain conflict is inevitable, but balancing the factors, this Court finds that the state court action should proceed.

Fifth, where the federal action is pending. *Caiafa* at 807, citing *Thomson* at 747 (a forum non conveniens case). Plaintiff argues that *Caiafa* is distinguishable on this point because, in *Caiafa*, unlike this case, the federal action was filed first and was further along. Defendants point out that the "first filed" rule does not apply where the two courts are not in the same sovereignty. Plaintiff also distinguishes *Caiafa* on the grounds that it was between the same exact parties. In *Caiafa*, State Farm first filed a RICO action against Caiafa in federal court. Nearly, nine months later, Caiafa filed his state court action, which state court stayed and the Court of Appeal affirmed. The Court finds both distinguishing factors relevant here. In this case, the state action was filed first. Also in this case, the plaintiffs are not identical (although the proposed classes they seek to represent may be). The Bay Area, either in federal or state court seems the logical venue for any action since Sonim has its principal executive offices San Mateo, California, Consolidated Complaint, paragraph 37, which is within San Mateo County

and the Northern District of California.  Based on the facts of this case, the Court finds this factor neutral.

Sixth, both the federal and state court actions are in the early stages, and it is optimal to coordinate discovery between the two actions.

Accordingly, balancing all the factors and using its discretion, the Court DENIES Defendants' motion for stay based upon a federal action pending.

Attorney for Plaintiff to prepare formal order and submit to court for approval.

---

**Others**
*Comments:*

---

**Future Hearings and Vacated Hearings**

February 14, 2020 9:00 AM Application to Appear as Counsel Pro Hac Vice
Fineman, Nancy L.

4