# Exhibit B

**KAPLAN FOX &**　　**HAGENS BERMAN SOBEL**　**SCOTT+SCOTT**
　**KILSHEIMER LLP**　　**SHAPIRO LLP**　　　　**ATTORNEYS AT LAW**

_**VIA EMAIL AND REGULAR MAIL**_

September 21, 2020

Richard W. Gonnello
Katherine M. Lenahan
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

Benjamin Heikali
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

　　　Re:　　_**Sterrett v. Sonim Technologies, Inc., et al. 3:19-cv-6416-MMC (N.D. Cal.)**_

Dear Counsel:

　　We represent shareholders of Sonim Technologies, Inc. in the action captioned _In re Sonim Technologies, Inc. Securities Litigation_, which is pending in the Superior Court of the State of California, in San Mateo County, before Judge Nancy L. Fineman ("State Action"). We write concerning plaintiff's Motion for Preliminary Approval of the Class Action Settlement, filed on September 11, 2020 in _Sterrett v. Sonim Technologies, Inc., et al.,_ 3:19-cv-6416-MMC (N.D. Cal.) (the "_Sterrett_ Action"), ECF No. 76, which proposes to certify a class of purchasers of Sonim stock for settlement purposes (of which plaintiffs in the State Action are members), and to settle and release claims under the Securities Act of 1933 (the "1933 Act") identical to those asserted in the State Action (the "Motion").

　　As you know, the court in the State Action was the first to obtain jurisdiction over the 1933 Act claims asserted there and in the _Sterrett_ Action. Both state and federal courts recognize that, as a matter of comity, subsequently filed actions should defer to the court that first obtained jurisdiction over the matter. _Gregg v. Superior Court_, 194 Cal. App. 3d 134, 136 (1987). Since the proposed $2 million settlement—reached before both Judge Chesney ruled on defendants' motion to dismiss and before any formal discovery—appears to be inadequate and designed simply to extinguish the claims asserted by plaintiffs in the State Action—claims likely to prevail over defendants' forthcoming demurrer—it is critical for our clients and us to assess the fairness, adequacy and reasonableness of the proposed settlement, and to determine whether it is in the best interest of the proposed settlement class. Accordingly, we request that you produce the information set forth below:

　　1.　Sonim apparently produced at least 3,484 pages of materials, including board books, management reports, selected emails, insurance policies, and SEC filings, and made Bob Tirva, Sonim's Chief Financial Officer ("CFO"), available to you, and further, the underwriter defendants produced certain documents. Please produce to us all documents that Sonim and the underwriters produced, as well as any transcript or

notes of interviews, or any other information, you obtained from Mr. Tirva, or anyone else acting on behalf of Sonim.

2. The Motion asserts that the proposed settlement "represents a significant percentage of the alleged damages . . . ".  Motion at 2:14.  Please produce to us documentation supporting this assertion.

3. All reports or analysis provided by your damages consultant (Motion at 5:19), including the basis for estimated damages when "crediting a negative causation defense that limits damages to the corrective disclosures alleged" in the amended complaint in the *Sterrett* Action.

4. Copies of mediation statements and exhibits, and correspondence with the mediator, Judge Elizabeth Laporte.

5. Documents and correspondence concerning the purported dispute among the parties in the *Sterrett* Action regarding the confidential supplemental agreement, referenced in the Motion at 4:5-12.

6. Any other documents that support your assertion that the proposed settlement is fair, reasonable and adequate, and in the best interests of the proposed settlement class.

Please produce these documents to us promptly, and no later than September 28, 2020. We are, of course, amenable to entering into a confidentiality agreement covering these documents.  Please confirm that you will be producing the documents identified above on or before September 28, 2020.

We are available to have a call to discuss if you would like.

Sincerely,

/s/ *Jeffrey P. Campisi*          /s/ *Reed Kathrein*          /s/ *Jonathan Zimmerman*

cc (via email and regular mail):

Matthew W. Close
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Matthew James Dolan
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304