# Exhibit D

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/29/2019 10:41 AM
Reviewed By: R. Walker
Case #19CV348674
Envelope: 3580010**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| IN RE CLOUDERA, INC. SECURITIES LITIGATION | Lead Case No.: 19CV348674 |
| Consolidated Action, Including: | **ORDER AFTER HEARING ON OCTOBER 25, 2019** |
| Lazard (19CV348674)<br>Franchi (19CV348790)<br>Cannizzo (19CV348974) | **Motion by the Cloudera Defendants to Stay Proceedings, or, Alternatively, Stay Discovery** |

The above-entitled matters came on for hearing on Friday, October 25, 2019 at 9:00 a.m. in Department 1 (Complex Civil Litigation), the Honorable Brian C. Walsh presiding. A tentative ruling was issued prior to the hearing and was unopposed. The appearances are as stated in the record. Having reviewed and considered the written submissions of all parties and being fully advised, the Court adopts the tentative ruling as follows:

This consolidated putative class action arises from alleged misrepresentations and omissions in the registration statement and prospectus issued in connection with defendant Cloudera, Inc.'s acquisition of and merger with Hortonworks, Inc. Before the Court is a motion by Cloudera and individual defendants Thomas J. Reilly, Jim Frankola, Priya Jain,

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

Michael A. Olson, Martin I. Cole, Kimberly Hammonds, Rosemary Schooler, Steve J. Sordello, Michael A. Stankey, Robert Bearden, Paul Cormier, Peter Fenton, and Kevin Klausmeyer (collectively, the "Cloudera Defendants") to stay all proceedings in this action pending the resolution of the pleadings in a related federal action. Alternatively, the Cloudera Defendants move to stay discovery until the pleadings are resolved in both this case and the federal action. Plaintiffs oppose the entry of a stay.

Defendant Intel Corporation's motion to join in the Cloudera Defendants' motion is GRANTED.

## I.  Factual and Procedural Background

As alleged in the operative Consolidated Class Action Complaint, Cloudera is a Delaware corporation with its principal executive offices located in Palo Alto, and is purportedly an enterprise data cloud company. (Consolidated Complaint, ¶ 15.) Intel is a semiconductor technology company headquartered in Santa Clara, which was a controlling shareholder of Cloudera at the time of the merger and appointed an employee to Cloudera's board. (*Id.* at ¶ 16.) The individual defendants are officers and directors of Cloudera and Hortonworks. (*Id.* at ¶¶ 18-31.)

Cloudera has described itself as a "Big Data" software company providing data warehousing and management tools and applications and related services to businesses. (Consolidated Complaint, ¶ 33.) Its software is designed in significant part using the open-source Apache Hadoop software. (*Ibid.*) Cloudera states that its software is designed to provide an easy to use and faster version of Hadoop, with a suite of complimentary applications and services to provide increased functionality. (*Ibid.*) Prior to the merger, its flagship product was its "Enterprise Data Hub," which combined other database and data engineering products with Cloudera's shared data experience technology ("SDX"). (*Ibid.*) SDX is a software framework that centralizes data functions and integrates with data storage products including Amazon Simple Storage Service ("S3") and Microsoft Azure Data Lake. (*Ibid.*) Although these products are primarily used on premises, Cloudera stated that they are

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

2

"cloud" products. (*Ibid.*) It was also developing its own cloud service called "Altus," which it promoted as simple and adaptable. (*Ibid.*)

On October 3, 2018, Cloudera announced a proposed merger with Hortonworks, a competitor that also offered Hadoop-based software products. (Consolidated Complaint, ¶ 34.) The stock-for-stock deal was valued at $5.2 billion at the time, and would result in Hortonworks shareholders receiving 1.305 newly issued shares of Cloudera common stock in exchange for each of their Hortonworks shares. (*Ibid.*) After the merger, Hortonworks shareholders would own 40 percent of the combined company. (*Ibid.*)

At the time of the merger, Cloudera was suffering from material adverse circumstances that were not disclosed in the registration statement and associated documents, including Cloudera's Form 10-K for the fiscal year ending on January 31, 2018 and its Form 10-Q for the period ending July 31, 2018.[1] (Consolidated Complaint, ¶¶ 37, 39, 46.) Its platforms were technologically deficient and obsolete; in fact, it had no legitimate cloud product, an issue repeatedly raised by the company's sales force in internal meetings. (*Id.* at ¶ 37.) These discussions also addressed customer non-renewals due to the company's failure to provide a cloud product and because Cloudera's product was inferior and/or more costly than in-house solutions, with "Altus" rejected by all but a small fraction of customers. (*Ibid.*) Demoralized by management's failure to respond to these issues, the sales force and related management positions suffered a fifty percent turnover rate in the year leading up to the merger, which disrupted the company's sales cycles and further reduced sales. (*Ibid.*)

Despite these circumstances, the registration statement and associated documents were replete with references to Cloudera's purported "cloud" expertise and gave the impression that its products were highly desirable to existing and prospective customers, delivering "an integrated suite of capabilities for data management, machine learning and advanced analytics, affording customers an agile, scalable and cost-effective solution for transforming their business," and enabling organizations "to use vast amounts of data from a variety of sources,

---

[1] The registration statement incorporated these and other public filings by reference. (Consolidated Complaint, ¶ 39.)

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

3

including the Internet of Things, to better serve and market to their customers, design connected products and services and reduce risk through greater insight from data." (Consolidated Complaint, ¶¶ 44-45.) The registration statement also touted Cloudera's "land and expand" growth strategy, in which the company worked with new customers to identify additional "use cases that can be developed on or moved to our platform, ultimately increasing the amount of data managed on our platform as well as the number and size of our platform deployment." (*Id.* at ¶ 47.) The registration statement claimed the merger would further this strategy, "increase cross-sell opportunities," "enlarge addressable market," "[e]xpande[] [the] buyer universe," and "improve Cloudera's ... existing ability to expand customer relationships and increase the penetration of new customer accounts." (*Ibid.*) Plaintiffs allege that a number of statements in the registration statement and associated documents were misleading due to the circumstances described above, and that defendants failed to provide disclosures required under Items 303 and 503 of SEC Regulation S-K. (*Id.* at ¶¶ 44-65.)

On January 3, 2019, the merger was completed, and Cloudera common stock closed at $10.37 per share. (Consolidated Complaint, ¶ 42.) However, when the deficiencies in its platform were revealed by customers to securities analysts just two months after the merger, Cloudera's stock price dropped, and the price dropped further when Cloudera revealed in its first full maiden quarter that customers were not renewing and were choosing to go in-house to meet their needs. (*Id.* at ¶¶ 46, 67-69.) Meanwhile, attempts to release Altus repeatedly failed, and it was ultimately deployed without any adequate sales engine, with the Vice President responsible for its development leaving the company shortly after the merger. (*Id.* at ¶ 46) By June 7, 2019, Cloudera's stock was trading at $5.10 per share, and its price has continued to decline. (*Id.* at ¶¶ 72-73.)

Based on these allegations, plaintiffs bring claims for (1) violations of section 11 of the Securities Exchange Act (against all defendants), (2) violations of section 12(a)(2) of the Act (against Cloudera and the executive defendants), and (3) violation of section 15 of the Act (against all defendants), on behalf of a putative class of "all persons who received Cloudera

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

4

stock in exchange for Hortonworks securities pursuant to the Registration Statement." (Consolidated Complaint, ¶¶ 75, 80-102.)

Plaintiff Sidney Lazard filed the first of these consolidated actions on June 7, 2019, at 6:35 p.m. On July 9, pursuant to a stipulation by the parties, *Lazard* was consolidated with two subsequently filed cases and co-lead plaintiffs' counsel was appointed. The Consolidated Complaint was filed on August 5.

Meanwhile, at 5:06 p.m. on June 7, *Christie v. Cloudera, Inc.* (N.D. Cal., No. 5:19-cv-3221-LHK) was filed in federal court. *Christie* alleges violations of sections 10(b) and 20(a) of the Securities Exchange Act arising from misrepresentations in Cloudera's public filings during the class period of April 28, 2017 to June 5, 2019, on behalf of a putative class of "all purchasers of Cloudera common stock during the Class Period who were damaged thereby." The allegations in *Christie* pertain to many of the same topics as the allegations here, but characterize defendants' misrepresentations somewhat differently: for example, while the plaintiffs here allege that Cloudera never really provided a "cloud" product and lost customers who opted for in-house solutions, *Christie* alleges that Cloudera's technology became obsolete and it lost business to competitors.

*Christie* was consolidated with two similar federal actions on September 10. Competing motions for the appointment of lead plaintiffs and counsel are scheduled to be heard by the federal court on November 21, 2019. The parties to the federal actions have stipulated that after lead plaintiffs and counsel are appointed, plaintiffs will file a consolidated amended complaint and defendants will file motions to dismiss. Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), discovery in the federal case is stayed pending the resolution of the motions to dismiss.

## II. Legal Standard

Trial courts have the inherent power to stay proceedings in the interests of justice and to promote judicial efficiency. (*Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1489.) In addition, Code of Civil Procedure section 410.30 provides that "[w]hen a court upon

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*                                                                                   5

motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc., 410.30, subd. (a).)

"Granting a stay in a case where the issues in two actions are substantially identical is a matter addressed to the sound direction of the trial court." (*Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 746; see also *Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 123.) Specifically, "when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action." (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804.)

> "In exercising its discretion the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." (*Farmland Irrigation Co. v. Dopplmaier* [(1957)] 48 Cal.2d [208,] 215.) The California Supreme Court also has isolated another critical factor favoring a stay of the state court action in favor of the federal action[:] ... the federal action is pending in California [and] not some other state. (*Thomson v. Continental Ins. Co., supra,* 66 Cal.2d at p. 747.)

(*Ibid.*)

III. Analysis

Defendants move for a "temporary" stay in this action "until resolution of the forthcoming motion to dismiss in federal court -- at which point this Court (with the benefit of Judge Koh's ruling) may consider the propriety of a continued stay in light of the progress in the federal case." (Mot., p. 11.) "If plaintiffs believe they have a meaningful basis for distinguishing Judge Koh's rulings from the allegations in this case (however unlikely), they can present their arguments to the Court at that time." (*Id.* at pp. 14-15.) Among other arguments, defendants urge that "every member of the alleged class in this case is also a member of the federal class" (*id.* at p. 16) and the Court should defer to the federal court on

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*                          6

issues of federal law. They contend that the PSLRA's stay of discovery pending resolution of the pleadings applies in this case as well as in the federal action, and even if it does not apply directly, allowing discovery here would undermine the mandatory stay in federal court.

Plaintiffs respond that the instant action asserts different claims governed by a different pleading standard than the federal action, where the plaintiffs must prove scienter, reliance, and loss causation. (See *Herman & MacLean v. Huddleston* (1983) 459 U.S. 375, 382 ["[A] Section 10(b) plaintiff carries a heavier burden than a Section 11 plaintiff. Most significantly, he must prove that the defendant acted with scienter, *i.e.,* with intent to deceive, manipulate, or defraud."]; *Hildes v. Arthur Andersen LLP* (9th Cir. 2013) 734 F.3d 854, 859 [citing *Hutchison v. Deutsche Bank Sec. Inc.* (2d Cir.2011) 647 F.3d 479, 484 for the proposition that section 11 plaintiffs need not plead scienter, reliance, or loss causation].) They contend that the putative class in the federal action does *not* include members of the putative class here, urging that the federal class is limited to "purchasers" on the open market as opposed to former Hortonworks shareholders. In addition, they argue that they will be prejudiced were the Court to stay this action in favor of the federal case, which is less advanced than this one since leadership has not yet been appointed. They urge that they should not be forced to wait for what will likely be many months for a ruling on motions to dismiss in the federal action in order to proceed with this case, particularly since the Supreme Court recently reaffirmed that section 11 claims filed in state court are properly litigated there, and in fact cannot be removed to federal court. (See *Cyan, Inc. v. Beaver County Employees Retirement Fund* (2018) 138 S.Ct. 1061.)

Considering the factors set forth in *Farmland Irrigation* and *Caiafa*, the Court declines to stay these proceedings. Given the significantly different pleading standards and different (though overlapping) theories of misrepresentation at issue here and in the federal case, the federal court's ruling on motions to dismiss may or may not address issues relevant to the Court's determinations here. The Court does not view plaintiffs' choice to proceed with their claims in state court to be "harassing," and, while it appreciates the expertise of the federal court, does not believe it should delay the progress of this action when the outcome of the

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

7

federal case may fail to shed light on the issues here.[2] The first of the actions in this Court was filed within a few hours of the first-filed federal case, and a leadership dispute has delayed progress on the federal claims. Thus, the stage of the proceedings weighs against a stay. While the location of the federal action does favor a stay, the Court finds the other factors to be more significant here. In sum, this Court has jurisdiction over plaintiffs' claims and is qualified to hear them; it views an unseemly conflict with the federal court as unlikely and gives weight to plaintiffs' choice of forum and their right to proceed with their case. For these reasons, defendants' motion for a stay of the entire action herein will be denied.

The Court appreciates defendants' argument that proceeding with discovery at this juncture could undermine the mandatory stay in the federal action. However, plaintiffs do not yet seek discovery in this case, and the Court exercises its discretion to continue the discovery stay already in place here pending resolution of the pleadings.[3] If the pleadings in the federal action are not also resolved by that time, the Court will consider a further extension of the discovery stay, along with plaintiffs' proposal that the issue be addressed through the entry of a protective order.

## IV.  Conclusion and Order

Defendants' motion is DENIED to the extent it seeks a stay of all proceedings in this action pending resolution of the pleadings in the federal action, and the motion is DENIED WITHOUT PREJUDICE to the extent it seeks a stay of discovery until that time. The motion is GRANTED IN PART to the extent it seeks to extend the existing discovery stay in this case

---

[2] In any event, whether or not members of the putative class in this action are also members of the putative class in the federal action, the federal court's ruling on a motion to dismiss will not bind this Court, as pre-certification rulings in class actions do not have collateral estoppel effect. (See *Bridgeford v. Pacific Health Corp.* (2012) 202 Cal.App.4th 1034, 1043 [order denying class certification does not have collateral estoppel effect; "if no class was certified by the court in the prior proceeding, the interests of absent putative class members were not represented"]; *Bufil v. Dollar Financial Group, Inc.* (2008) 162 Cal.App.4th 1193, 1204 [new class representative's proposal of "a class that on its face attempts to correct flaws identified in [a prior putative class action] resulting in denial of certification" was not subject to issue preclusion]; but see *Alvarez v. May Dept. Stores Co.* (2006) 143 Cal.App.4th 1223 [order denying class certification does have collateral estoppel effect].)

[3] Given this decision, the Court need not resolve the issue of whether the PSLRA's mandatory discovery stay directly applies to this action.

---

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*

8

until the pleadings in this action are resolved.  The discovery stay shall remain in place until further order of the Court.

　　　　IT IS SO ORDERED.

Dated: __10-29-19__

　　　　　　　　　　　　　　　　　Honorable Brian C. Walsh
　　　　　　　　　　　　　　　　　Judge of the Superior Court

*In Re Cloudera, Inc. Securities Litigation,*
*Superior Court of California, County of Santa Clara, Lead Case No. 19-CV-348674 (Consolidated Action)*
*Order After Hearing on October 25, 2019 [Motion to Stay Proceedings or, Alternatively, Stay Discovery]*