# EXHIBIT A

**IN** THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

Law and Motion Calendar
HONORABLE NANCY L. FINEMAN
Department 4
400 County Center, Redwood City
Courtroom 8B

Thursday, October 15, 2020

IF YOU *INTEND TO APPEAR* ON ANY CASE ON THIS CALENDAR YOU MUST DO ONE OF THE FOLLOWING:

1. EMAIL Dept4@Sanmateocourt.org BEFORE 4:00 P.M. CONTEMPORANEOUSLY COPIED TO ALL PARTIES OR THEIR COUNSEL OF RECORD. IF BY EMAIL, IT MUST INCLUDE THE NAME OF THE CASE, THE CASE NUMBER, AND THE NAME OF THE PARTY CONTESTING THE TENTATIVE RULING

2. YOU MUST CALL (650) 261-5104 BEFORE 4:00 P.M. AND FOLLOW THE INSTRUCTIONS ON THE MESSAGE.

3. You must give notice before 4:00 P.M. to all parties of your intent to appear pursuant to California Rules of Court 3.1308(a)(1).

Failure to do both items 1 or 2 and 3 will result in no oral presentation.  N.B. Notifying CourtCall with your intent to appear is not an alternative to notifying the court.

N.B. Notifying CourtCall with your intent to appear is not an alternative to notifying the court.

At this time, all appearances will be by CourtCall.  No personal appearances will be allowed.  To contact CourtCall, visit https://courtcall.com/ or call (888) 882-6878.  Fee waivers are available.

Failure to comply with these rules will result in no oral presentation.

TO ASSIST THE COURT REPORTER, the parties are ORDERED to:  (1) state their name each time they speak and only speak when directed by the Court; (2) not to interrupt the Court or anyone else; (3) speak slowly and clearly; (4) use a dedicated land line if at all possible, rather than a cell phone; (5) if a cell phone is absolutely necessary, the parties must be stationary and not driving or moving; (6) no speaker phones under any circumstances; (7) provide the name and citation of any case cites; and (8) spell all names, even common names.

| Case | Title / Nature of Case |
|------|------------------------|

**October 15, 2020 Law and Motion Calendar   PAGE 2**
**Judge:   HONORABLE NANCY L. FINEMAN, Department 04**

---

9:30

LINE: 1

19-CIV-05089   CHARLES STEINHAUS VS. DROPBOX, INC.


CHARLES L. STEINHAUS                          JAMES I. JACONETTE
DROPBOX, INC.                                 NINA F. LOCKER

---

JOINDER OF DEFENDANTS SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII
PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII,  L.P., AND SC
XII MANAGEMENT, LLC IN DROPBOX DEFENDANTS' MOTION TO DISMISS FOR FORUM
NON CONVENIENS
**TENTATIVE RULING:**

See Line 3.

---

**October 15, 2020 Law and Motion Calendar    PAGE 3**
**Judge:   HONORABLE NANCY L. FINEMAN, Department 04**

9:30

LINE: 2

19-CIV-05089    CHARLES L. STEINHAUS VS. DROPBOX, INC.

| | |
|---|---|
| CHARLES L. STEINHAUS | JAMES I. JACONETTE |
| DROPBOX, INC. | NINA F. LOCKER |

UNDERWRITER DEFENDANTS' JOINDER AND JOINDER IN DROPBOX INC.'S MOTION TO DISMISS FORFORUM NON CONVENIENS
**TENTATIVE RULING:**

See Line 3.

October 15, 2020 Law and Motion Calendar    PAGE 4
Judge:  HONORABLE NANCY L. FINEMAN, Department 04

_____

9:30

LINE: 3

19-CIV-05089    CHARLES L. STEINHAUS VS. DROPBOX, INC.


CHARLES L. STEINHAUS                          JAMES I. JACONETTE
DROPBOX, INC.                                 NINA F. LOCKER
_____

DROPBOX, INC.'S MOTION TO DISMISS FOR FORUM NON CONVENIENS
**TENTATIVE RULING:**

## PRELIMINARY MATTERS

The Court expects that one or more party will contest the tentative so the parties are to appear.  They need not comply with the rules governing notice of the intent to contest.

Further, the Court has received requests for parties to appear by CourtCall to listen to the argument.  The Court has a public access line which will be open for anyone who wants to listen. However, if anyone wants to listen through CourtCall, the Court authorizes that appearance—to listen only.

The Dropbox Defendants (Dropbox, Inc. and the officer and director defendants) have brought a motion to dismiss for forum non conveniens based primarily on the argument that a recent ruling by the Delaware Supreme Court in *Salzberg v. Sciabacucchi* (Del. 2020) 227 A.3d 102 ("*Salzberg*"), which upheld a federal forum selection clause, should be followed by this Court in dismissing Plaintiff's action.  The motion was joined by the Underwriter Defendants and the Sequoia Capital Defendants.  Plaintiffs oppose the motion.

There has been substantial briefing on the motion, including briefs by amicus curiae, one supporting Defendants and one supporting Plaintiffs, and supplemental briefing after my colleague, the Hon. Marie S. Weiner issued a ruling in *Wong v. Restoration Robotics, Inc.*, San Mateo Superior Court Master File No. 18Civ02609 (Sept. 1, 2020).[1]

_____

[1]  This Court notes that the Dropbox Defendants state that the Plaintiffs in this case are represented by the same plaintiffs' counsel as in the *Restoration Robotics* case.  Dropbox Defendants Submission Regarding *Restoration Robotics* Dismissal Order filed October 1, 2020.  While there is overlap between the counsel, not all plaintiff's counsel in *Restoration Robotics*, e.g. Cotchett, Pitre & McCarthy LLP, are counsel for Plaintiffs in this case.  Further, such overlap is irrelevant. See *Gregg v. Superior Court* (1987) 194 Cal.App.3d 134, 138.

The Court appreciates the briefing by all parties.[2]  Unless stated otherwise, reference to arguments made by Defendants include the arguments made by the amicus supporting their position, and references to arguments made by Plaintiffs include the arguments made by the amicus supporting their position.

**FACTUAL BACKGROUND**

This case involves four class actions coordinated before this Court.  There is no consolidated complaint, pursuant to the agreement of the parties.  There are no material differences between the substantive allegations of the complaints.

Dropbox is incorporated in Delaware with its principal place of business in California. Plaintiffs bring putative class actions on behalf of themselves and all persons who purchased certain Dropbox stock pursuant to a March 23, 2018 Registration Statement issued in connection with Dropbox's initial public offering.  The Complaints allege a claim for violation of Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k, against all defendants except the Sequoia Capital Defendants and a claim for violation of Section 15 of the Securities Act, 15 U.S.C. § 77k, against the Sequoia Capital Defendants.  There are no allegations in any of the complaints about the citizenship or residency of any of the named Plaintiffs or the putative class.

In 2018, before Dropbox became a public company, Dropbox's Board of Directors amended the company's bylaws to include a provision that designated federal district courts as the "exclusive forum" for Securities Act claims.  This Federal Forum Provision ("FFP") provides in relevant part:

> Unless the corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933.

Declaration of Nina K. Locker in Support of Dropbox Defendants' Motion to Dismiss for Forum Non Conveniens filed May 11, 2020, Ex. 2, p. 23.  The provision is part of a 23 page Amended and Restated Bylaws, which amended bylaws were attached as an exhibit to the Registration Statement.  The Registration Statement also stated that any person who purchased or acquired Dropbox stock "shall be deemed to have notice and consented" to the provision.  *Id*.

It appears undisputed that corporations started inserting these type of federal forum provisions in light of the decision of the United States Supreme Court in *Cyan, Inc. v. Beaver County Employees Retirement Fund* (2018) 138 S.Ct. 1061 ("*Cyan*"), which reaffirmed that state courts have concurrent jurisdiction for claims brought under the Securities Act, *i.e.*, the claims that Plaintiffs bring in this lawsuit.

---

[2]   The Court notes that Plaintiffs have cited unpublished California cases.  The Court does not rely on any unpublished California cases in reaching its decision.  California Rule of Court 8.1115(a).

In *Salzberg*, the Delaware Supreme Court upheld a federal forum provision in a company's charter finding that the provision was facially valid under the Delaware statute governing contents of certification of incorporation, 8 Del. Code § 101 *et seq*.  The court emphasized that it was only addressing the "facial challenge" of the federal forum provision under Delaware corporate law, and not its substantive application.  *Id*. at 113.

The Dropbox Defendants argue this Court should uphold the FFP following *Salzberg* and Judge Weiner's decision in *Restoration Robotics*.[3]  Plaintiffs argue that the provision is not valid in this California state court.

**PROCEDURE FOR ENFORING A FORUM SELECTION CLAUSE**

Defendants properly bring a motion to dismiss based upon forum non conveniens to enforce a forum selection clause.  *Berg v. MTC Electronics Technologies* (1998) 61 Cal.App.4th 349, 358.  This Court uses its discretion[4] to determine whether it should decline to exercise its jurisdiction over a cause of action that it believes may be more appropriately and justly tried elsewhere.  *Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000, 1005, fn. 2.  "The test is simply whether application of the clause is unfair or unreasonable[; if not,] the clause is usually given effect.  Claims that the previously chosen forum is unfair or inconvenient are generally rejected."  *Berg*, at 358.  "Ordinarily, the party seeking to avoid enforcement of a forum selection clause bears the burden of establishing that [its] enforcement ... would be unreasonable.  That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes.  In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually-designated forum will not diminish in any way the substantive rights afforded under California law."  *Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 703, review denied (Mar. 20, 2019) (citations and internal quotations and some grammar omitted).

**ANALYSIS**

---

[3]    *Restoration Robotics* is not precedent on this Court.  California Rule of Court 8.1115(a).  However, that decision appears to be the first decision outside of Delaware to have decided this issue and this Court appreciates and respects Judge Weiner's analysis.

[4]    Even though the Court uses its discretion in determining whether to grant a motion to dismiss or stay for forum non conveniens, that discretion is limited.  "Although not even a 'mandatory' forum selection clause can completely eliminate a court's discretion to make appropriate rulings regarding choice of forum, the modern trend is to enforce mandatory forum selection clauses unless they are unfair or unreasonable."  *Berg*, 61 Cal.App.4th at 358; see also *Drulias*, 30 Cal.App.5th at 703, 709; *Bushansky*, 23 Cal.App.5th at 1011.

**This Court Reaches the Same Conclusion Under Both California and Delaware Law**

The parties dispute whether California law, which Plaintiffs say controls, or Delaware law, which Defendants say controls, applies in this motion. If Delaware law applies, then this Court must follow *Salzberg* in determining whether the FFP is valid. See 9 Witkin, *California Procedure*. 5th Appeal § 504 (2020) ("When a question arises in the courts of this state as to the construction or effect of a statute of another state, our courts will follow the interpretation placed upon such statute by the court of last resort of the enacting state." (citations omitted)). This Court would still determine whether the clause is unfair or unreasonable.

It is undisputed that if the issue involves the internal affairs of Dropbox, Delaware law applies. *Lidow v. Superior Court* (2012) 206 Cal.App.4th 351, 358; *Vaughn v. LJ Internat., Inc.* (2009) 174 Cal.App.4th 213, 223. In this case, the issue of whether the FFP should be analyzed under Delaware law is unclear. The Delaware Supreme Court in *Salzberg* stated that the federal forum provisions "involving at least existing stockholders are neither 'external' nor 'internal affairs' claims. Rather, they are in-between in what might be called Section 102(b)(1)'s 'Outer Band,' . . ." *Salzberg* at 130. Yet, the *Salzberg* court analyzed its forum provision as if it was an internal affair of the corporation. Rather than deciding if a California appellate court would analyze this "Outer Band" provision as if it was an internal affairs provision, this Court will primarily analyze the issue under California and applicable federal law to see whether there is a conflict of laws issue. The Court reaches the same conclusion under both California and Delaware law.

**A Shareholder May Waive the Right to Litigate Securities Act Claims in a California State Court**

Plaintiffs claim that they have an absolute right to bring these actions in a California state court under the holding of *Cyan* and the anti-waiver provisions of the Securities Act, 15 U.S.C. § 77n. Defendants claim that shareholders can agree to litigate their Securities Act claims in federal court.

The United States Supreme Court in *Cyan* was clear and reaffirmed that federal and state courts have concurrent jurisdiction over Securities Act claims. The court, however, did not address the issue of whether that right was unwaivable. No precedential authority has decided this precise question.

Defendants rely on an arbitration case decided by the United States Supreme Court, *Rodriguez de Quijas v. Shearson/American Exp., Inc.* (1989) 490 U.S. 477, 481-482, to support their argument. The court held that stockholders could waive the right to bring Securities Act claims in court and agree to arbitrate their claims. *Id*. at 481-482. "Once the outmoded presumption of disfavoring arbitration proceedings is set to one side, it becomes clear that the right to select the judicial forum and the wider choice of courts are not such essential features of the Securities Act that § 14 is properly construed to bar any waiver of these provisions." *Id*. at 481.

Plaintiffs attempt to limit *Rodriguez* to arbitration cases and argue that *Rodriguez* overruled *Wilko v. Swan* (1953) 346 U.S. 427 "only to the extent that the Federal Arbitration Act ("FAA") conflicts with §14 of the 1933 Act in the context of international agreements." Plaintiffs Opposition filed June 16, 2020 at 21:14-16. Plaintiffs also argue that any holding beyond the specific holding is dicta. *Id.* at 21:10-14. First, this Court does not read *Rodriguez* to be as limiting as Plaintiffs contend. Second, even if dicta, "dicta are often followed" and "may nevertheless be considered highly persuasive. . . ." 9 Witkin, *California Procedure*, Appeal § 511 (5th ed. 2020).

Plaintiffs contend that *Wilko v. Swan* (1953) 346 U.S. 427 is still good law and is cited by California courts. This argument is contrary to the principle that "[w]here there is a conflict between opinions of the same court on a given principle of law the latest thereof should be given preference." *Jones v. Jones* (1960) 182 Cal.App.2d 80, 83. Further, none of the cases relied upon by Plaintiffs involve the waiver of a Securities Act claim and some of their cases are not citable.

One of Plaintiffs' cases, *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 154 (a wage and hour case) relies on *Hall v. Superior Court* (1983) 150 Cal.App.3d. 411, 418 which relied on *Wilko*. *Verdugo* at 155. The Court finds *Hall* instructive. *Hall* involved an issue of first impression of whether a choice of forum provision in a private California securities agreement was enforceable. *Id.* at 413. The *Hall* case did not involve an arbitration clause. Nevertheless, the *Hall* court in resolving the securities question referred to *Wilko*, as holding that "a similar nonwaiver provision, section 14 of the federal Securities Act (15 U.S.C. § 77n) prohibits enforcement of agreements to arbitrate contained in securities transactions." *Hall* at 418 citing *Wilko* at 435-436. The *Hall* court held the forum provision unenforceable. Since that decision, *Rodriquez* has overruled *Wilko* and is the precedential authority. The Court finds *Hall* analogous to the issues raised in Defendants' motion. As *Hall* followed and applied *Wilko* to determine the enforceability of a choice of forum provision, this Court applies *Rodriguez* and holds that a party can waive a forum selection clause in a Securities Act case.

The Court's conclusion is supported by California law upholding forum selection clauses (albeit not involving Securities Act claims).

Defendants cite, but Plaintiffs do not even mention, *Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206. *Korman* involved an injury on a cruise ship. *Id.* at 210. Both federal and state court had jurisdiction over the claims, which involved maritime law. *Id.* at 215. Defendants sought to enforce a forum selection clause that required the lawsuit to be litigated in the United States District Court for the Central District of California. *Id.* at 210. Both the trial court and appellate court upheld the forum selection clause and rejected the plaintiff's argument that the forum selection clause unfairly deprives California state courts from hearing the matter. *Id.* at 221.

> While it is true that the parties may not deprive courts of their jurisdiction over causes by private agreement, it is readily apparent that courts possess discretion to decline to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum.

The forum selection clause does not deprive the Los Angeles Superior Court of jurisdiction. Instead, the superior court exercised its discretion to decline to exercise jurisdiction in recognition of the forum selection clause contained in the passage contract.

*Korman*, 32 Cal.App.5th at 221–222 (citations and quotations omitted).

The Court of Appeal in *Bushansky*, 23 Cal.App.5th at 1010–1011 also upheld a forum selection provision.  In *Bushansky*, shareholders brought a derivative action against a corporation's directors and officers for breach of fiduciary duty.  Defendants brought a motion to dismiss based upon forum non conveniens arguing that a forum selection clause required Delaware Chancery court as the exclusive jurisdiction for derivative suits.  The trial court granted the motion and the Court of Appeal affirmed.  As with *Korman*, the Court of Appeal found that "the enforcement of forum selection clauses stems from courts' discretion to decline to exercise jurisdiction in recognition of the parties free and voluntary choice of a different forum.  Here, we say merely that a court properly declines to exercise jurisdiction based on a contractual forum selection clause like this one when consent to jurisdiction in the alternate forum is provided within a reasonable period of time." *Id*. at 1010–1011 (citation and internal quotation omitted).  Similarly, the Court of Appeal upheld a Delaware forum selection clause in *Drulias*, 30 Cal.App.5th at 696.  While the case involved the internal affairs doctrine, so that Delaware law applied to the analysis, the case is instructive.  The Court rejected the plaintiffs' argument that Corporations Code § 2116 gave California shareholders the right to sue directors of foreign corporations for misconduct in California.  *Id*. at 706-707.

Plaintiffs rightfully point out that both *Drulias* and *Bushansky* involve internal affairs governed by Delaware law.  The Court takes that distinction into account in its reliance on the cases.  This cases though demonstrate a California policy towards upholding provisions that regulate where shareholders can bring suit.  None of these cases accept the plaintiffs' arguments that the cases should be adjudicated in a California state court.

In *Pong v. American Capital Holdings, Inc*. (E.D. Cal., Feb. 28, 2007) 2007 WL 657790, which is not binding on this court, but persuasive, the Hon. Lawrence K. Karlton, analyzed whether plaintiffs could waive the "anti-waiver" statutes in California Corporations Code § 25701, which applies to offers to sell or buy securities in California.  Finding no state authority on point, Judge Karlton performed a survey of cases under the federal anti-waiver language in the Securities Act of 1933 and the Securities Exchange Act of 1934 before concluding:  "Together, these cases reflect a trend: "Federal courts have increasingly enforced private stipulations in securities fraud litigation, despite the antiwaiver provisions of the federal securities laws."  *Id*. at *6-7 (internal citations, quotations and some grammar omitted).

Plaintiffs also rely on *Cyan* to establish their right to remain in state court.  However, *Cyan* did not address the issue of whether a shareholder could waive that right at the time it entered into the relationship with the corporation.  The opinion only addressed whether a corporation could remove a Securities Act case to federal court once a shareholder had filed in state court.  That issue is different from the one presented here on whether the corporation can insist as a condition of purchasing stock that the shareholder agree to litigate in a federal forum.

This Court thus concludes that Plaintiffs in this case may waive their right to have their Securities Act cases adjudicated in state court.  That conclusion does not end the inquiry though.  The Court must next determine whether "application of the clause is unfair or unreasonable.  *Berg*, 61 Cal.App.4th at 358.  If there is an unwaivable right, Defendants must show that the contractually-designated forum will not diminish Plaintiffs' rights under California law.  *Drulias*, 30 Cal.App.5th at 703.

**Plaintiff Does Not Meet Their Burden to Demonstrate that the FFP Is Unfair or Unreasonable**

Since the Court finds that Plaintiffs may waive having their Securities Act claims heard in this California state court, they have the burden to demonstrate that the FFP is unfair or unreasonable.  Even if the Court were to find that Defendant has the burden, as discussed below, there are no facts to demonstrate that the federal courts will diminish Plaintiffs' substantive rights.  The case does not involve any California laws; the actions are brought exclusively under federal law.  Thus, there is no unwaivable right under California law that the Court must consider.

**By Purchasing the Stock, Plaintiffs Agreed to the FFP In the Bylaws**[5]

Plaintiffs claim that the Dropbox Defendants must prove assent (the amicus discuss all elements of contract formation)[6].  Plaintiffs state: "No ordinary investor had any reason to expect to be bound by a Grundfest [FFP] clause."  Opposition at 17:14 (brackets added).  Plaintiffs' argument appears to focus on each individual shareholder's assent.  None of the cases cited by Plaintiff on assent pertain to shareholders purchasing on a national exchange.  The fact that a forum selection clause is not negotiable does not mean that it is unreasonable and it is Plaintiffs' burden to demonstrate that the provision was outside their reasonable expectation.  *Korman*, 32 Cal.App.5th at 216-217; *Drulias*, 30 Cal.App.5th at 707-708.[7]  Further, even if Plaintiffs did not know of the clause, they should have known that many Delaware corporations were inserting similar

---

[5]  In *In re Sonim Technologies, Inc. Securities Litigation*, Lead Case No. 19Civ05564, where the parties have deferred to the arguments made in this case, the federal forum provision is in Sonim's charter.  This Court finds the same law applies to a charter as to a bylaw.

[6]    The amicus who support Plaintiffs' position presume that all Plaintiffs are California stockholders. Amicus Brief in Support of Opposition at 18:15 ("Where California residents. . . "); 19:21-22 ("They arise from securities purchases in California. . . ").  These actions, however, are brought on behalf of all Dropbox shareholders and there has been, and probably cannot be, any showing that all shareholders are California residents.

[7]  In *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, the California Supreme Court held that a contractual forum selection clause was enforceable when negotiated at arm's length between two corporations.  Court of Appeal cases following *Smith*, have expanded that holding to agreements where the provision has not been negotiated.

provisions. *Drulias* at 708.  Plaintiffs introduce no evidence, as is their burden, to demonstrate that this clause was unexpected or unreasonable.  Thus, they fail to meet their burden.

Defendants rely on the language in the Registration Statement that everyone who purchased Dropbox stock shall be deemed to have notice and consented to the provision.  Locker Decl., Ex. 2, p. 23 and the law that Bylaws are binding on shareholders.

This Court concludes that when Plaintiffs acquired their share, their purchase was subject to the Dropbox Bylaws and they assented to the FFP.  See *McFadden v. Board of Los Angeles County Sup'rs* (1888) 74 Cal. 571; *Drulias*, 30 Cal.App.5th at 708; *State Farm Mutual Automobile Ins. Co. v. Superior Court* (2003) 114 Cal.App.4th 434, 444; *Tu-Vu Drive-In Corp. v. Ashkins* (1964) 61 Cal.2d 283, 288; *Supreme Lodge of Fraternal Brotherhood v. Price* (1915) 27 Cal.App. 607, 616; 9 Witkin, *Summary of California Law*, Corporations § 163 (11th ed. 2020).  Any other conclusion would mean that a court in a class action might have to apply up to 50 different state laws in deciding any shareholder's case.  Such a requirement would be impractical, contrary to the efficient operation of national exchanges, and preclude class action treatment of these cases.  *State Farm* at 443.  Here, Plaintiffs purchased the Dropbox stock during the initial public offering and were on notice of the substance of the bylaws.  *Drulias*, 30 Cal.App.5th at 708.  This conclusion does not mean that every clause in the Bylaws is valid; only that the Bylaws govern the relationship between the corporation and the shareholder.

**The Clause Is Not Unlawful or Unenforceable under California law**

Plaintiffs claim that the FFP is unlawful under California law.  Their argument is that the FFP directly contradicts the antiwaiver provisions on the Securities Act.  The Court has already rejected that argument.  For the same reasons, the FFP is not unenforceable and this Court may decline to exercise jurisdiction.

**Enforcement of the FFP Is Not Unconscionable**

Since Plaintiffs separately raise the issue of unconscionability, the Court, although it does not find it necessary for the analysis, analyzes whether the provision is unconscionable.  The Court finds that Plaintiffs have the burden to show that the FPP should not be enforced because they have not identified any unwaivable right.  No case has held that a plaintiff cannot waive the right to bring a Securities Act case in state court.  Analogous cases, as explained *supra*, demonstrate that courts have and the trend is to allow waiver of these type of rights.

Unconscionability has both a procedural and substantive element, and both must be found in order for a court to exercise its discretion to refuse to enforce a contract or clause based on unconscionability.  *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83.  Procedural unconscionability looks at the process surrounding the contract formation, and focuses on "oppression" or "surprise" due to unequal bargaining power.  *Id*. at 124.  Substantive unconscionability applies such that even if a contract or provision is consistent with the reasonable expectations of the parties, the contract or provision will not be enforced if it is "overly harsh" or has "one-sided" results.  *Id*.  Although both procedural and substantive unconscionability must be

found, they need not be present in the same degree. *Id*. In other words, the more substantively oppressive a provision or contract, the less evidence of procedural unconscionability is required. *Id*. Unconscionability turns not only on a one-sided result, but also on an absence of "justification for it. *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1532 cited by *Armendariz* at 118.

The fact that a contract is one of adhesion does not automatically lead to the conclusion that the contract is unconscionable, but does establish some degree of procedural unconscionability. *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915; see also *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1245.

The Court finds that the FPP contains some procedural unconscionability. It was drafted by Dropbox, inserted in a 23-page bylaw with no highlighting of the provision, presented on a-take-it-or-leave it basis and only applies to Securities Act claims. Yet, Plaintiffs have not demonstrated that these factors make the FFP unconscionable.

As discussed above, Plaintiffs have failed to meet their burden that the fact that the clause was not negotiated makes it unfair or unreasonable. *Korman*, 32 Cal.App.5th at 216–217; *Drulias*, 30 Cal.App.5th at 708.

Plaintiffs fail to introduce any evidence that the FPP was outside their reasonable expectations. They also fail to show that they did not have a meaningful choice of reasonably available alternative for investments. See *Morris v. Redwood Empire Bancorp* (2005) 128 Cal.App.4th 1305, 1320 (upholding arbitration agreement when plaintiff failed to show he did not have meaningful choice of reasonably available sources of employment). They fail to show that it is unusual or surprising that a company would limit the venues where it is sued.

The Court finds insufficient substantive unconscionability to find the FFP unconscionable. While the provision is one-sided, only dealing with Securities Acts claims, this Court believes that the provision must be analyzed in context. Federal courts are courts of limited jurisdictions and the parties cannot agree to federal jurisdiction where none exists. *Janakes v. U.S. Postal Service* (9th Cir. 1985) 768 F.2d 1091, 1095 ("parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction. (Citations).") Federal courts have jurisdiction over Securities Act claims, but may not have jurisdiction over other claims that the parties might bring. The Dropbox Defendants provide a legitimate business need to support the FFP: they want to be "able to avoid the unnecessary costs and burden of depending multiple cases simultaneously in both state and federal courts and the possibility of inconsistent judgments and rulings." Dropbox Defendants' Motion to Dismiss at 15:21-23; see *Baltazar*, 62 Cal.4th at 1250.

Most importantly, the FPP provides that Plaintiffs can file in any federal court, which is broader than the provision in *Korman*, which limited venue to the Central District of California. Unlike arbitration clauses, the FFP does not take away the right to discovery, jury trial or appeal. There cannot be any doubt that the federal courts have the expertise, ability and excellent judges, such as the Hon. Beth Freeman formerly of this court who is presiding over the federal Dropbox cases. While Plaintiffs point out differences between federal and state courts, they cannot seriously be arguing that federal courts cannot fairly and efficiently handle these cases or that they cannot

obtain justice in a federal court.  The federal court can provide efficiencies of coordination through the Panel of Multidistrict Litigation, which are not possible if cases are filed in state court.[8] Plaintiff have failed to demonstrate that they will lose substantive rights if these federal claims are litigated in federal court.

Thus, weighing all the factors regarding unconscionability, the Court concludes that the FFP is not unconscionable.

### This Court Does Reach the Constitutional Challenge

Plaintiffs also attack the FPP on constitutional grounds, *i.e.*, on the basis that the FFP violates the Commerce Clause and Supremacy Clause.  However, in order to make these constitutional challenges, Plaintiffs must be attacking a state action, which they have not done. *Edgar v. MITE Corp.* (1982) 457 U.S. 624, 642-643 cited by Plaintiffs in their Opposition to Defendants' Motion to Dismiss for Forum Non Conveniens filed June 16, 2020 at 8-10 ("The 'Commerce Clause' . . . precludes the application of a state statue. . . .); Dropbox Defendants' Reply in Support of Motion to Dismiss filed July 10, 2020 at 13:11-14:19 and cases cited therein. For the Commerce Clause challenge, Plaintiffs only attack the FFP, implemented by a private party, rather than identifying and analyzing any state statute.  Likewise, the Supremacy Clause challenge is based upon attacking the FFP and not state action.

For these reasons, the Court GRANTS the Dropbox Defendants' motion to dismiss.

The Court does not reach the substantive arguments of the Defendants who joined this motion.  Instead, using its discretion after analyzing all the facts, the Court also dismisses the action on the grounds of economy and efficiency.

The parties should be prepared to discuss whether they want the Court to stay the action or dismiss it.

---

[8]   This Court does endorse cooperation between state and federal cases under the proper circumstances.  Here, since there appears to be complete overlap with the federal case and no state law claims, this Court believes that parallel actions would be inefficient and unnecessary.

October 15, 2020 Law and Motion Calendar    PAGE 14
Judge:   HONORABLE NANCY L. FINEMAN, Department 04

---

9:30

LINE: 4

19-CIV-05564    BEECHAM PEARSON VS. SONIM TECHNOLOGIES, INC.


BEECHAM PEARSON                                    LAURENCE D. KING
SONIM TECHNOLOGIES, INC.                           MATTHEW WILLIAM CLOSE

---

SONIM TECHNOLOGIES, INC.'s MOTION TO DISMISS BASED ON FORUM NON
CONVENIENS
**TENTATIVE RULING:**

The Court expects that one or more party will contest the tentative so the parties are to appear.  They need not comply with the rules governing notice of the intent to contest.

Further, the Court has received requests for parties to appear by CourtCall to listen to the argument.  The Court has a public access line which will be open for anyone who wants to listen.  However, if anyone wants to listen through CourtCall, the Court authorizes that appearance—to listen only.

The Sonim Defendants, joined by the Underwriter Defendants, have filed a motion to dismiss based upon forum non conveniens.  In an extraordinary effort to promote judicial economy and efficiency, and save costs and time for all parties, Plaintiffs and Defendants have agreed that the Sonim Defendants would file about two pages of case specific factual background and then incorporate arguments from the *In re Dropbox, Inc. Securities Litigation*, Lead Case No. 19-CIV-05089 cases ("*Dropbox*") and Plaintiffs agreed to follow the same approach.  Stipulation and Order Regarding the Contents of Briefing on Defendants' Motion to Dismiss Based on Forum *Non Conveniens* filed May 5, 2020.  The Court appreciates the parties' cooperation and professionalism in reaching this agreement.

On September 13, 2020, Plaintiffs filed a request for supplemental briefing, which request Defendants oppose.  The issues raised in Plaintiffs' request will be addressed at the hearing, including whether it is appropriate to schedule a hearing on the motion or whether the arguments are properly before the Court in this motion.

This Court incorporates by reference the tentative ruling in *Dropbox*, which is in Line 3.  The Court after reviewing the facts and arguments submitted by the parties in this case, believes the tentative applies equally to the parties here, including the joinder of the Underwriting Defendants.  The Court finds that the only material difference is that in *Sonim*, the federal forum provision is in the company's charter, while in *Dropbox*, the provision is in the bylaws.  The Court concludes that the shareholders in this case are bound by the charter provisions for the reasons as set forth in the *Dropbox* tentative.

The Court sets forth the facts unique to the Sonim Defendants for ease of tracking.

The Court has consolidated four securities class actions filed in the San Mateo Superior Court arising out of an alleged stock drop after Sonim's initial public offering.  On December 20, 2019, Plaintiffs filed a Consolidated Class Action Complaint ("Complaint") for Violations of the Securities Act of 1933 (the Securities Act"). The Complaint alleges a cause of action for violation of Section 11 of the Securities Act, 15 U.S.C. § 77k against all defendants and a violation of Section 15 of the Securities Act, 15 U.S.C. § 77o, against the individual defendants.

Sonim is a Delaware corporation headquartered in San Mateo, California.  Sonim held an initial public offering of its common stock in May 2019.  Each of the named Plaintiffs purchased Sonim stock in the initial public offering.  None of the Plaintiffs are alleged to be California citizens or residents.  Complaint ¶¶ 34-36.

Sonim's Amended and Restated Certificate of Incorporation contains, among other things, a provision designating the federal courts of the United States as the exclusive forum for claims arising under the Securities Act.  Article VII(B) states:

> Unless the Company consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Company shall be deemed to have notice of and to have consented to the provisions of this Article VII.

Exhibit 3 to the Declaration of Matthew Close filed May 11, 2020 at 201.  The document is six (6) pages and no special attention is called to this federal forum provision.  *Id*.  Article VII has other forum agreements concerning other types of actions.  *Id*.

The Registration Statement also stated:

> Our amended and restated certificate of incorporation will provide that, unless we consent in writing to the selection of an alternative forum, the federal district courts of the United States shall, to the fullest extent permitted by law, be the sole and exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

*Id*., Ex. 2 at 68-69.  The Registration Statement also provided information about the status of litigation in Delaware about the federal forum provision.

**October 15, 2020 Law and Motion Calendar    PAGE 16**
**Judge:   HONORABLE NANCY L. FINEMAN, Department 04**

---

9:30

LINE: 5

19-CIV-05564    BEECHAM PEARSON VS. SONIM TECHNOLOGIES, INC.


BEECHAM PEARSON                              LAURENCE D. KING
SONIM TECHNOLOGIES, INC.                     MATTHEW WILLIAM CLOSE

---

UNDERWRITER DEFENDANTS' JOINDER IN SONIM TECHNOLOGIES, INC.'S
MOTION TO STAY
**TENTATIVE RULING:**

See Line 4; see also Line 3.

---

POSTED:   3:00 PM