**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212/223-6444
212/223-6334 (fax)
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com

– and –

John T. Jasnoch (281605)
Hal Cunningham (243048)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

*Co-Lead Counsel for Intervenors Beecham*
*Pearson, Stephen Ly, and Michael Hostak*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | Case No. 3:19-cv-06416-MMC<br><br>CLASS ACTION<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE AND OBJECT**<br><br>Date:        November 13, 2020<br>Time:        9:00 a.m.<br>Courtroom:   7 – 19th Floor<br>Judge:       Hon. Maxine M. Chesney |

Presently before the Court is Lead Plaintiff David Sterrett's ("Sterrett") motion for preliminary approval of settlement that will extinguish all securities claims related to Sonim's[1] disastrous initial public offering, in exchange for a settlement that would pay pennies on the dollar. Proposed Intervenors, the California Plaintiffs, are leading the first-filed securities class action arising from the IPO, the California Action, and seek to intervene to explain that the proposed settlement is an unreasonable, lowball settlement that is unfair to the class. Furthermore, in light of Sterrett's commitment to this inadequate settlement, it is in the best interest of the putative class, for this class action, to move forward in the first-filed California state court action. Accordingly, pursuant to the *Colorado River* doctrine (defined below), this Court should stay this action so that the case may proceed in front of Judge Fineman, who presides over the case in San Mateo County Superior Court.

In response to the California Plaintiffs' motion, Sterrett has filed an opposition brief (ECF No. 91, the "Sterrett Opp.") that makes unmistakably clear that there is no substantive defense for the proposed settlement; it is clearly unfair to the class. The fundamental problem with the settlement is that it is inexplicably small as a percentage of recoverable damages. Damages are at least $28 million but Sterrett seeks to settle the case for only $2 million, which is well below the median rate of recovery for Securities Act class actions, like this one. Applying the median rate, the settlement should be nearly $3.5 million, or 1.7 times larger than the settlement Sterrett seeks to approve.

Sterrett cannot explain why the class should accept, or the Court should approve, this subpar result. The rationale provided by Sterrett – that there are collectability issues in light of Sonim's financial state – is demonstrably wrong for two independent reasons. *First*, as it stated in its IPO documents, the Company has insurance that covers this claim. It is highly likely that the Company's coverage is well in excess of $2 million. Thus, regardless of the Company's ability to pay, the putative class could look to this insurance. *Second*, the Underwriter Defendants, who are deep pocketed financial institutions that underwrote the IPO, are jointly and severally liable. There is no

---

[1] All capitalized defined terms used herein have the same meanings ascribed in California Plaintiffs' Motion to Intervene and Object (ECF No. 82, the "Motion").

1

issue with respect to their financial status and the putative class could look to them, as well, to fund any recovery.

 As the foregoing shows, the record does not support a finding that the settlement is fair and adequate and the Court, in its role as "fiduciary for the class," must reject it.  Further, the California Plaintiffs should be allowed to intervene to point out the inadequacy of the proposed settlement and seek a stay of this action so that the claims of the class can be prosecuted in the California Action.

Accordingly, and for the reasons set forth in their opening brief, the Court should grant the motion of the California Plaintiffs in full; deny Sterrett's motion for preliminary approval; and stay this action.

## ARGUMENT

### A.    The Proposed Settlement Is Plainly Inadequate and Must Be Rejected

With respect to a proposed settlement, this Court acts as a "fiduciary for the class . . . with 'a jealous regard'" for the rights and interests of absent class members.  *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  Accordingly, the Court should deny the motion for preliminary approval, unless it is satisfied that the proposed settlement is "fair, reasonable and adequate." *See, e.g.*, *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016). Additionally, "'settlement approval that takes place prior to formal class certification requires a higher standard of fairness.  The dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court[-]designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e).'" *Id.* at 1035;[2] *see generally id.* (discussing the important role of judicial scrutiny in the context of motion for preliminary approval).

Here, Sterrett has failed to put forward a cognizable rationale for the settlement.  In acting as a fiduciary for the class, the "district court must balance": (1) "'the strength of the plaintiffs' case'" (2) "'the risk, expense, complexity, and likely duration of further litigation'" and "'the risk of maintaining class action status throughout the trial'"; (3) "'the amount offered in settlement'";

---

[2] Unless otherwise noted, citations are omitted and emphasis is added.

(4) "'the extent of discovery completed and the stage of the proceedings'"; (5) "'the experience and views of counsel'" and (6) "'the reaction of the class members to the proposed settlement.'" *Id*. at 1035. Here, all of these factors clearly favor rejection of the settlement:

[**1**] **Strength of the case:** Sterrett does not dispute that the putative class has a strong case. Indeed, Securities Act claims are strict liability and are easy to plead and prove. A plaintiff states a *prima facie* case merely by pleading a material misstatement or omission in the IPO offering documents. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 395 n.10 (1992) ("'need only show a material misstatement or omission to establish a *prima facie* case'"); *In re Giant Interactive Grp., Inc. Sec. Litig*., 643 F. Supp. 2d 562, 568 (S.D.N.Y. 2009) ("[p]leading a Section 11 claim is not difficult"). Here, the offering documents misleadingly failed to disclose that Sonim had "take[n] a gamble" on risky new technology that posed a serious threat to the Company's business. *See* Sterrett Opp. to MTD (ECF No. 65) at p. 2. Thus, the strength of the case weighs against accepting a settlement that is 70 percent below average.

[**2**] **Litigation Risk:** The only factor that Sterrett attempts to argue justifies the proposed settlement is the risk that the Sonim might not be able to pay. According to Sterrett "there is no evidence that Sonim . . . would be even able to pay." *See* Sterrett Opp. at p. 3. The basis for Sterrett's claim is that Sonim's business is allegedly not going well. *See id.* at pp. 3, 7. However, Sterrett's argument is totally incorrect, if not misleading, because the putative class's recovery is not confined to only what Sonim can pay. To the contrary, as Sonim stated in its registration statement, the Company "has insurance policies that indemnify our directors and officers against various liabilities under the Securities Act." *See* Declaration of Thomas Laughlin, Ex. A. at p. II-1, filed herewith.[3] Sterrett has not provided any information on the policy limits for these policies, but they likely are far in excess of $2 million. Separately, the Underwriter Defendants are jointly and severally liable for the claims in this action. *See, e.g., In re WorldCom, Inc., Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 613107, at *6-7 (S.D.N.Y. 2005) (explaining that under Securities Act, "'[w]hen the limitations on the plaintiff's recovery arise from outside forces [such as co-defendant

---

[3] The Court may take notice of filings with the United States Securities and Exchange commission. *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

flight or insolvency], joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall'"); *id.* ("a plaintiff may satisfy an entire judgment against one of several tortfeasors").  The Underwriter Defendants are large financial institutions with sufficient resources to fund any judgment by the putative class.  The collectability risk that Sterrett made the foundation of his motion for preliminary approval does not exist.  There is no special risk present in this case that justifies taking a settlement that is well below the median.

**[3] The Amount Offered:** As previously discussed, the amount offered is too low.  By Sterrett's own account, the $2 million proposed settlement represent only a 6.3% recovery on behalf of the putative class.  ECF No. 76 at p. 5.  And Sterrett does not dispute that, according to publically available settlement information complied by Cornerstone, securities class actions like this one recover on average 12.3% of damages. *Id.* at p. 8.   Sterrett does not explain why the class should accept such a subpar recovery.

**[4] The Stage of the Proceeding and Extent of Discovery:** This case is in its infancy and Sterrett has not been able to engage in any formal discovery, or even test the sufficiency of his pleadings.  No class has been certified.  These facts weigh in favor of heightened scrutiny of the settlement by the Court.  *See Cotter*, 193 F. Supp. 3d at 1036-37.

**[5] The Experience and Views of Counsel:** While Sterrett's counsel favors the settlement, it has not been able to provide a substantive defense of the settlement.  Moreover, the California Plaintiffs, represented by three national plaintiff-side law firms, have examined the record and do not see evidence that this settlement is fair reasonable and adequate.

**[6] The Reaction of Class Members:** The California Plaintiffs, who are three members of the putative class, have already filed an objection.  This factor too weighs against preliminary approval.

For these reasons, preliminary approval must be denied.  As Judge Chhabria explained in discussing the standard for preliminary approval, "[i]f the parties don't provide enough information to allow the district court to carefully evaluate the strength of the claims, the risks of litigating those claims all the way through, and the value of the relief each class member will receive from the settlement, the court should deny the motion for preliminary approval or demand supplemental

4

briefing, rather than kicking the can down the road." *Cotter*, 193 F. Supp. 3d at 1037. "If the district court . . . misses a serious flaw in the settlement, the parties and the court will waste a great deal of money and time notifying class members of the agreement, only to see it rejected in the end, requiring the parties to start over. The same is true if the district court *does* identify a potentially serious flaw at the preliminary stage but waits until final approval to conclude that it's fatal. What's worse, if a court waits until the final approval stage to thoroughly assess the fairness of the agreement, momentum could have a way of slanting the inquiry, in a manner that deprives the class members of the court protection that Rule 23 demands." *Id.* at 1036. Further, granting preliminary approval to problematic settlement "may also inadvertently disadvantage class members. Class members will receive a notice saying that the settlement has received preliminary approval from a federal judge. A layperson may take the court's preliminary approval to imply that she shouldn't really worry about whether the settlement is in her best interest, because surely the court, which is more familiar with the law and the facts of the case, has already taken care of that. But that is a misimpression if the judge has merely glanced at the settlement or decided to hold off adjudicating a potential problem until final approval." *Id.*

**B.    It Is Appropriate for the California Plaintiffs to Intervene**

Given the evident deficiencies in the settlement and the high stakes of the preliminary approval motion, it serves the interest of justice to allow the California Plaintiffs to intervene and intervention is appropriate under both Federal of Civil Procedure 24(a) and (b). *See* Motion at pp. 5-9. Sterrett claims that the motion to intervene is untimely, but it was filed well in advance of the preliminary approval hearing and Sterrett had ample time to respond, as shown by his filing of a 25-page opposition brief, on October 21. ECF No. 91. Sterrett's claims that the California Plaintiffs are adequately protected and have no interest to be impaired are inconsistent with the facts. The proposed settlement seeks to settle the claims of all members of the class for inadequate consideration. Sterrett argues that the California Plaintiffs can proceed on an individual basis, but it is not practicable to prosecute a complex securities action on behalf of only three individual investors.

## C.    This Court Should Stay This Action

Proceeding in state court is the best course forward for the putative class.  In this action, Sterrett has committed himself to pushing an inadequate settlement.  By contrast, the first-filed California Action provides a potential forum where the claims of the putative class could be actively prosecuted.  The doctrine first announced in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("*Colorado River*") provides a mechanism for this Court to coordinate with Judge Fineman in San Mateo Superior Court, to promote efficiency and the sound administration of justice. *See also Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989); *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1063-64 (N.D. Cal. 2011).   Under *Colorado River*, abstention is appropriate if: (i) the state and federal proceedings are "parallel"; and (ii) the circumstances warrant abstention.  *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008).  Both factors are present here.   A stay is appropriate because the California Action is the first-filed Action.  *El Centro Foods, Inc. v. Nazarian*, No. CV09-06395, 2010 WL 1710286, at *3 (C.D. Cal. Apr. 21, 2010) ("It is settled that the court first assuming jurisdiction over a matter 'may exercise that jurisdiction to the exclusion of other courts.'").  Further, San Mateo Superior Court has concurrent jurisdiction over this action pursuant to the Securities Act of 1933.  *Oglesby v. Cty. of Kern*, No. CVF0500873, 2005 WL 3031466, at *7, (E.D. Cal. Nov. 4, 1933) ("State courts are competent to decide federal law issues . . . whether novel or mundane").  Finally, a stay discourages the type of forum shopping engaged in by Sterrett and Defendants here. *See, e,g.*, *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002) (recognizing as a relevant factor whether exercising jurisdiction would promote forum shopping).  The existence of a later filed class action in federal court should not be viewed as an invitation to reverse-auction a settlement and undercut the statutory rights of the putative class.

In his opposition, Sterrett claims that notwithstanding the near identical nature of the two actions, this action is not sufficiently "parallel" because he is the lead plaintiff in this action.  That argument is clearly insufficient in the class context where the issue is whether the defendants are similar and where typically various different plaintiffs have filed actions on behalf of the class. *See, e.g.*, *Krieger*, 776 F. Supp. 2d at 1063(staying federal action brought by one lead plaintiff in favor

6

of an earlier filed state action brought by another plaintiff).  More generally, the Ninth Circuit does not require exact identity of parties to justify abstention.  *Id.* at 1062, n.5.   Further as a matter of fact, Sterrett is wrong because he is a member of the putative class in the California Action.  Sterrett claims that the piecemeal litigation factor weighs against a stay, but that is wrong because the Securities Act grants state courts concurrent jurisdiction.  Sterrett Opp. at p. 21; *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1071 (2018).  The concurrent grant of jurisdiction also obviates Sterrett's concerns about having a question of federal law adjudicated in state court because that is routine and part of the statutory framework.  Sterrett Opp. at p. 22; *Cyan*, 138 S. Ct. at 1071.   For the same reasons, there is no basis for Sterrett's argument that the California Action cannot protect his rights.  And Sterrett's claim that he has a Congressionally created the right to steer this action is nonsense.  There is no right to force an inadequate settlement on the class.  Moreover, the position of lead plaintiff is an interim role that is dependent on the lead plaintiff conducting oneself in an adequate manner.  *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories,* 231 F.3d 1215, 1218 (9th Cir. 2000) ("[T]he district court's order designating a lead plaintiff…can be revisited if circumstances warrant.").

## CONCLUSION

For the foregoing reasons and for the reasons stated in their opening brief, the California Plaintiffs respectfully request that this Court grant their motion to intervene in the Federal Action, for the limited purpose of objecting to the proposed settlement, and seeking to stay the Federal Action under the *Colorado River* doctrine.

DATED:  October 28, 2020                    Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212/223-6444
212/223-6334 (fax)
tlaughlin@scott-scott.com

7

jzimmerman@scott-scott.com
– and –
John T. Jasnoch (281605)
Hal Cunningham (243048)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (206423)
Mario M. Choi (243409)
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone: 415/772-4700
415/772-4707 (fax)
lking@kaplanfox.com
mchoi@kaplanfox.com
– and –
Robert N. Kaplan
Jeffrey P. Campisi
Jason A. Uris
850 Third Avenue
New York, NY 10022
Telephone: 212/687-1980
212/687-7714 (fax)
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
juris@kaplanfox.com

*Co-Lead Counsel for Intervenors Beecham
Pearson, Stephen Ly, and Michael Hostak*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on October 28, 2020, in New York, New York.

*/s/ Thomas L. Laughlin, IV*

THOMAS L. LAUGHLIN, IV

REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE AND OBJECT
CASE NO. 3:19-CV-06416-MMC