IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SONIM TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-06416-MMC<br><br>**ORDER DENYING MOTION TO INTERVENE; VACATING HEARING** |

Before the Court is the "Motion to Intervene and Object," filed October 7, 2020, by Beecham Pearson, Stephen Ly, and Michael Hostak ("Proposed Intervenors"). Plaintiff David Sterrett ("Sterrett") has filed opposition, in which all defendants have joined, and to which the Proposed Intervenors have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the above-described written submissions, VACATES the hearing scheduled for November 13, 2020, and rules as follows.

In the instant action, Sterrett, on his own behalf and on behalf of a putative class, alleges defendants violated §§ 11 and 15 of the Securities Act of 1933, by making false statements and omissions in a Registration Statement issued in connection with the initial public offering of Sonim Technologies, Inc.'s ("Sonim") common stock. On September 11, 2020, Sterrett filed a motion for preliminary approval of a proposed class action settlement, and the hearing is scheduled for October 30, 2020.

By the instant motion, the Proposed Intervenors seek an order allowing them to intervene in the instant action for purposes of their immediately objecting to the terms of the proposed settlement. Specifically, the Proposed Intervenors argue, their objections

should be sustained, and the Court should then (1) deny Sterrett's motion for preliminary approval, and (2) stay the instant action until a putative class action they have filed in state court has been resolved.[1]

In support of their motion, the Proposed Intervenors argue they are entitled to intervene as of right, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, that the Court should exercise its discretion to allow them to intervene, pursuant to Rule 24(b)(1)(B).  The Court, for the reasons stated below, finds the Proposed Intervenors have failed to show intervention under either section is appropriate.

First, a party seeking to intervene under Rule 24(a)(2) must show it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  See Fed R. Civ. P. 24(a)(2).

In this instance, however, the Proposed Intervenors need not intervene in order to protect the interest they have in pursuing their claims.  Rather, in the event the Court were to grant preliminary approval of the proposed settlement, the Proposed Intervenors, as members of the settlement class, would be able to submit a formal objection in the manner set forth in the notice required to be sent to the settlement class, see Fed. R. Civ. P. 23(e)(1), 23(e)(5), and any such objection would be considered in connection with a motion for final approval of the proposed settlement, see Fed. R. Civ. P. 23(e)(5)(A). Alternatively, the Proposed Intervenors could exclude themselves from any settlement class and continue to pursue their separate action in state court.  See Fed. R. Civ. P. 23(c)(2)(B)(v); Cohorst v. BRE Properties, Inc., 2011 WL 3475274, at *6 (S.D. Cal. August 5, 2011) (finding plaintiff failed to demonstrate entitlement as of right where

---

[1] On September 20, 2019, the Proposed Intervenors filed Pearson v. Sonim Technologies, Inc., No. 19-CIV-05564, in which they allege against defendants essentially the same violations of the Securities Act as are alleged in the above-titled action.

proposed intervenor could "raise any objections to the settlement at the time of the [f]inal [h]earing" or to "opt-out of the class"); see also Cohorst v. BRE Properties, Inc., 2011 WL 3489781, at *5 (S.D. Cal. July 19, 2011) (citing cases).

Second, although a district court has discretion to allow intervention under Rule 24(b) where, as here, the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," see Fed. R. Civ. P. 24(b)(1), such court, in exercising its discretion, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," see Fed. R. Civ. P. 24(b)(3). In this instance, as discussed above, in the event the Court finds it appropriate to grant preliminary approval of the settlement, the Proposed Intervenors will have the option of pursuing their claims in their pending action and, if they elect to remain in the settlement class, will be afforded an opportunity to object to any proposed settlement in accordance with the notice sent to the settlement class, a procedure providing for the presentation of not only the Proposed Intervenor's concerns but those of any other class members as well, which, the Court finds, will allow for a comprehensive and orderly resolution of all such issues.

Accordingly, the Proposed Intervenors' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  October 29, 2020

MAXINE M. CHESNEY
United States District Judge