Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
       klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>        Defendants. | Case No. 3:19-cv-06416-MMC<br><br>**CLASS ACTION**<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, (i) Lead Plaintiff David Sterrett, on behalf of himself and each of the Class Members, and (ii) defendants Sonim Technologies, Inc. ("Sonim" or the "Company"), Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson, Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation (collectively, "Defendants"), have entered into the Stipulation of Settlement, dated as of September 10, 2020 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Sonim common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with the IPO of Sonim on or about May 9, 2019 and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Sonim (at all relevant times), members of their families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above has a majority ownership interest.  Also excluded from the Class are those Persons who would otherwise be Class Members but who timely and validly exclude themselves therefrom.

3. The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Class and Lead Counsel is hereby appointed as Class Counsel.

5. A hearing (the "Final Approval Hearing") shall be held before this Court on March 5, 2021, at 9:00 a.m., at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine any award to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4).  The Court may adjourn the Final Approval Hearing without further notice to the Members of the Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶11-15 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform

Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto

7.  The firm of RG/2 Claims Administration LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8.  The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

9.  The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $75,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. After the Effective Date, additional amounts, up to a total of $25,000, may be transferred from the Settlement Fund to pay for any additional Notice and Administration Expenses without further order of the Court. For any additional Notice and Administration Expenses above $25,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

10. No later than November 20, 2020, Sonim shall provide and/or cause its transfer agent to provide to Lead Counsel transfer records for purchases and acquisitions of Sonim's common stock pursuant or traceable to the May 2019 Registration Statement in a usable electronic format, such as an Excel spreadsheet. This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

11. No later than December 4, 2020, the Claims Administrator, shall mail, by First-Class Mail, postage prepaid, the Notice and Proof of Claim to the list of record holders of Sonim common stock, and shall post to its website at www.rg2claims/sonim.html the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim. If any Notice and Proof of Claim the Claims Administrator mails is returned as undeliverable, and no forwarding address for the intended recipient is available, the Claims Administrator shall contact the intended recipient by email (if an email address is available) in order to provide the intended recipient with the information.

12. No later than December 18, 2020, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over *PR Newswire*.

13. Nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either: (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners. If any copy a nominee or custodian mails is returned as undeliverable, and no forwarding address for the intended recipient is available, such nominee or custodian shall contact the intended recipient by email (if an email address is available) in order to provide the intended recipient with the information.

14. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the nominee or custodian elects to undertake the mailing of the Notice and Proof of Claim or up to $0.10 per name if the nominee or custodian provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15. As soon as practicable after receiving lists of beneficial owners from nominees and custodians, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim to all Class Members whom the Claims Administrator identifies by reasonable efforts.

16. Promptly upon receiving requests from Class Members, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim

4
ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
Case No. 3:19-cv-06416-MMC

1  to such beneficial owners who request it, or otherwise instruct Class Members as to how to
2  receive the Notice electronically and how to submit a Proof of Claim form.

3       17.     No later than February 17, 2021, Lead Counsel shall serve on Defendants'
4  counsel and file with the Court proof, by affidavit or declaration, of mailing the Notice and
5  Proof of Claim and publishing the Summary Notice.

6       18.     Class Members who wish to participate in the settlement shall complete and
7  submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court
8  orders otherwise, all Proof of Claim forms must be postmarked or submitted electronically no
9  later than February 3, 2021.  Any Class Member who does not timely submit a Proof of Claim
10 within the time provided for, shall be barred from sharing in the distribution of the proceeds of
11 the Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by
12 any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in
13 its discretion, accept late-submitted claims for processing by the Claims Administrator so long
14 as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed
15 thereby.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Parties
16 or the Claims Administrator by reason of the decision to exercise such discretion whether to
17 accept late submitted claims.

18      19.     Class Members shall be bound by all determinations and judgments in this
19 Action, whether favorable or unfavorable, unless they request exclusion from the Class in a
20 timely and proper manner, as hereinafter provided.  A Class Member wishing to make such
21 request shall mail, by First-Class Mail, a request for exclusion in written form such that it is
22 received, not simply postmarked, on or before February 3, 2021, by the Claims Administrator at
23 the address designated in the Notice.  Such request for exclusion must state the name, address,
24 and telephone number of the Person seeking exclusion, must state that the sender requests to be
25 "excluded from the Class and does not wish to participate in the settlement in *Sterrett v. Sonim*
26 *Techs., Inc., et al.*, No. 3:19-cv-06416-MMC (N.D. Cal.)," and must be signed by such Person.
27 Such Persons requesting exclusion are also directed to state the transaction information
28 requested in the Notice, and provide copies of broker confirmations or other documentation of

those transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members who timely and validly request exclusion from the Class shall not be bound by the Settlement and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

20. The Claims Administrator shall cause to be provided simultaneously to Lead Counsel and Defendants' counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible.

21. Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of their own choice. If such Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

22. Any Member of the Class who has not timely and validly requested exclusion may appear at the Final Approval Hearing and show cause why the proposed settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why fees, costs, and expenses should or should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member shall be heard at the Final Approval Hearing or entitled to contest such matters, unless that Person has submitted said objections, papers, and briefs to the Court either by mailing them to the Clerk of Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at that location. Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before February 3, 2021. Any Member of the Class who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of fees, expenses, and costs to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. Class Members

1  wishing to be heard orally in opposition to approval of any of the foregoing, however, are
2  required to indicate in their written objection their intention to appear at the hearing and to
3  include in their written objections the identity of any witnesses they may call to testify and
4  copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.  If
5  an objector hires an attorney to represent him, her, or it for the purposes of making an objection,
6  the attorney must file a notice of appearance with the Court and effect service on the parties to
7  the Action on or before February 3, 2021.
8        23.    All funds held by the Escrow Agent shall be deemed and considered to be in
9  *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such
10 time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the
11 Court.
12       24.    Any application by Lead Counsel for attorneys' fees and expenses or by Lead
13 Plaintiff for his costs and expenses shall be filed, as well as published on the Claim
14 Administrator's website, no later than December 4, 2020.
15       25.    Plaintiff's motion for final approval of the settlement and Plan of Allocation, as
16 well as a response to any objections, shall be filed no later than February 17, 2021.
17       26.    The Released Parties shall not have any responsibility for the Plan of Allocation
18 or any application for fees, expenses, or costs submitted by Lead Counsel or Lead Plaintiff, and
19 such matters will be considered separately from the fairness, reasonableness, and adequacy of
20 the settlement.
21       27.    At or after the Final Approval Hearing, the Court shall determine whether the
22 Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, expenses,
23 or an award to Lead Plaintiff shall be approved.  The Court reserves the right to enter the
24 Judgment approving the settlement regardless of whether it has approved the Plan of Allocation
25 or awarded attorneys' fees and/or expenses.
26       28.    All reasonable expenses incurred in identifying and notifying Class Members, as
27 well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the
28 event the settlement is not approved by the Court, or otherwise fails to become effective, neither

1  Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred or
2  disbursed pursuant to ¶¶2.9 or 2.11-2.12 of the Stipulation.

3        29.     Neither the Stipulation, nor any of its terms or provisions, nor any of the
4  negotiations or proceedings connected with it, shall be construed as an admission or concession
5  by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or
6  wrongdoing of any kind, and shall not be construed as or deemed to be evidence of or an
7  admission or concession that Lead Plaintiff or any Class Members have suffered any damages,
8  harm, or loss.

9        30.     The Court reserves the right to adjourn the date of the Final Approval Hearing
10 without further notice to the Members of the Class, and retains jurisdiction to consider all
11 further applications arising out of or connected with the proposed settlement.  The Court may
12 approve the settlement, with such modifications as may be agreed to by the Settling Parties, if
13 appropriate, without further notice to the Class.

14       31.     In the event that the settlement does not become Final in accordance with the
15 terms of the Stipulation or the Effective Date does not occur, the Stipulation, including any
16 amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary
17 Approval Order shall be null and void, of no further force or effect, and without prejudice to
18 any Party, and may not be introduced as evidence or used in any actions or proceedings by any
19 Person or entity against the Settling Parties, and the Settling Parties shall be deemed to have
20 reverted to their respective litigation positions in the Action as of July 10, 2020.

21       32.     Pending final determination of whether the proposed settlement should be
22 approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively,
23 or in any other capacity, shall commence against any of the Defendants, any action or
24 proceeding in any court or tribunal asserting any of the Released Claims.

25       33.     Pending further order of the Court, all litigation activity, except that
26 contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the
27 Judgment, is hereby stayed and all hearings, deadlines, and other proceedings in this Action,
28

1  except the Final Approval Hearing and any deadlines set forth in this Order, are hereby taken
2  off calendar.
3      IT IS SO ORDERED.
4
5  Dated: November 6, 2020
6                                                                 Maxine M. Chesney
                                                                   United States District Judge