Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated, Plaintiff, v. SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION, Defendants. | Case No. 3:19-cv-06416-MMC **CLASS ACTION** **DECLARATION OF TINA CHIANGO REGARDING: (A) DISSEMINATION OF NOTICE TO THE CLASS; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS** |
| --- | --- |

**I, TINA CHIANGO, HEREBY DECLARE AND STATE AS FOLLOWS:**

1.    I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2 Claims"), whose address is 30 South 17th Street, Philadelphia, PA 19103.  I am over the age of 18, have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

2.    RG/2 Claims is a full service class action settlement administrator offering notice, claims processing, allocation, distribution, tax reporting, and class action settlement consulting services.  RG/2 Claims' experience includes the provision of notice and administration services for settlements arising from antitrust, consumer fraud, civil rights, employment, negligent disclosure, and securities fraud allegations.  Since 2000, RG/2 Claims has administered and distributed in excess of $1.75 billion in class action settlement proceeds.

### *Notice Dissemination*

3.    On November 11, 2020, RG/2 Claims received two pdf documents showing the transfer records for purchases and acquisitions of Sonim's common stock pursuant or traceable to the May 2019 Registration Statement.

4.    RG/2 Claims reviewed the shareholder listing and after removing any duplication, created a mailing file consisting of 83 names and address records and appended the records into a mailing database.  RG/2 Claims sent the 83 names and addresses to the National Change of Address database to obtain any updated addresses prior to mailing.

5.    On December 4, 2020, RG/2 Claims caused to be mailed, by First-Class mail, the Notice of Pendency and Proposed Settlement of Class Action along with the Proof Of Claim and Release (together the "Notice") to the 83 potential Class Members on the shareholder listings. A copy of the Notice is attached hereto as Exhibit "A".

6.    Also on December 4, 2020, RG/2 Claims mailed a Notice and cover letter to 411 brokers or potential nominees. The Notice informed nominees to review their files and notify RG/2 Claims of the number of potential Class Members they had on record.  Nominees were able to request Notices in bulk so they could perform their own mailing to their clients or could provide RG/2 with the names and addresses of their clients so RG/2 Claims could mail the Notice.  The

cover letter also informed Nominees that the Notice could be emailed to their clients and requested that any available email addresses be provided to RG/2 Claims when supplying a mailing file.

7. RG/2 Claims caused the full Notice to be posted to the Depository Trust & Clearing Corporation Legal Notice System ("DTCC LENS"). A copy of the email submission to DTCC LENS and confirmation is attached hereto as Exhibit "B".

8. Subsequent to December 4, 2020, and as a result of the responses from Nominees, RG/2 Claims has mailed an additional 2,588 Notices to potential Class Members and provided 558 Notices in bulk for nominees to mail the Notice to their clients directly. RG/2 Claims was also notified that Broadridge Financial Solutions emailed the Notice to 457 potential Class Members in lieu of mailing the Notice.

9. Through February 5, 2021, a total of 4,097 Notices have been disseminated to potential Class Members and nominees by first-class mail or via email. Of the Notices mailed, RG/2 Claims received 25 Notices returned as undeliverable from the U.S. Postal Service. RG/2 Claims was not supplied with any email addresses in the responses from nominees, so skip tracing was performed through Accurint and RG/2 was able to obtain updated addresses for six (6) of the Notices. RG/2 Claims re-mailed those six (6) Notices via first-class mail. A total of 19 Notices remain undeliverable.

10. RG/2 Claims also emailed those three nominees who chose to mail the Notice to their clients directly to find out how many of their Notices were returned as undeliverable and whether they followed up with their intended recipients by email where no forwarding address was available. One of the nominees requested 510 Notices to send to its clients, and informed RG2 that it used the action's P.O. Box as the return address. Thus, any undeliverable mail that nominee sent out would have been returned to RG2 and included in the undeliverable numbers reported in ¶9 above. Another nominee requested 40 Notices and used its own return address. When mail is returned as undeliverable to that nominee, it reaches out to the intended recipient to confirm and update the address on file. The other nominee requested eight (8) Notices to mail to clients. That nominee informed RG2 that it did not include a return address on those mailings and therefore does not know if any of the eight (8) notices were undeliverable, however, since that firm regularly

mails proxies, client statements and trade confirms to their clients, they believe their addresses are up to date.

### Summary Publication Notice

11. RG/2 Claims arranged for the Summary Notice to be published in *Investor's Business Daily* and released on the *PR Newswire* on December 14, 2020. A copy of the publication page and release are attached hereto as Exhibit "C".

### Settlement Website

12. The Settlement website, www.rg2claims.com/sonim.html was created by RG/2 Claims and went live on December 2, 2020. That same day, RG/2 posted to the website the Notice of Pendency and Proposed Settlement of Class Action, the Proof of Claim and Release form, the Stipulation of Settlement and its exhibits, and the Preliminary Approval Order. The website enables potential Class Members to obtain information about the Settlement, including the exclusion, objection, and claim deadlines as well as the date and time of the Final Approval Hearing. The Settlement website consists of a Homepage, a Notice/Claim page, a Court Documents page, and a Contact Information Page. A toll free number of 866-742-4955 was provided to Settlement Class Members, which has live operators during regular business hours, as well as an option to leave a message after hours.

### Opt-Outs & Objections

13. The Notice advised Class Members of the option to exclude themselves provided that they do so, as instructed in the Notice, such that they are received by February 3, 2021. To date, RG/2 Claims has not received or been made aware of any Requests for Exclusion from the Settlement Class.

14. The Notice also advised Class Members of their right to object to the Settlement provided that they do so, as instructed in the Notice, such that they are received or filed with the Court by February 3, 2021. To date, RG/2 has not received or been made aware of any objections to the Settlement.

### Claims Received to Date

15. To date, RG/2 Claims has received 756 claims by mail or electronically. RG/2 Claims anticipates that additional claims will continue to be received and will report on all claims

3

received in a final declaration to the Court once the claims processing is complete.   Although February 3, 2021 was the deadline for potential Class Members to submit claims, it takes a substantial amount of time and effort to determine how many of those claims are valid.   At this time, 131 of the claims received are considered valid.   Because not all claims have been fully audited and reviewed for accuracy and validity, however, this estimate is subject to change.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.**

        Executed on February 16, 2021 at Philadelphia, Pennsylvania.

_____

Tina Chiango

4

# EXHIBIT A

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased or acquired Sonim Technologies, Inc. ("Sonim") common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with Sonim's initial public offering ("IPO") on or about May 9, 2019 and were damaged thereby, then you may be entitled to a payment from a class action settlement.**[1]

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This settlement notice (the "Notice") relates to a securities class action brought by an investor who alleges that Sonim's May 2019 Registration Statement made misrepresentations and/or omissions of material fact in violation of the federal securities laws.

- On November 6, 2020, the Court preliminarily approved a settlement of this class action (the "Settlement"). This Settlement is with defendants Sonim, Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson, Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation (collectively, the "Defendants"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- The Settlement will provide a $2 million Settlement Amount for the benefit of investors who purchased or acquired shares of Sonim common stock pursuant or traceable to the May 2019 Registration Statement filed in connection with Sonim's IPO and were damaged thereby.

- Attorneys for Lead Plaintiff ("Lead Counsel") will ask the Court for 25% of the Settlement Fund and up to $50,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award of up to $2,500 for reasonable costs and expenses (including lost wages) directly relating to his representation of the class. If approved by the Court, these amounts (totaling approximately $0.13 per damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs,[2] and Lead Plaintiff's costs and expenses (if approved by the Court), is $0.34 per share).

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

---

[1]    All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated September 10, 2020 (the "Stipulation").

[2]    The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $61,740. The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.02.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY FEBRUARY 3, 2021** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY FEBRUARY 3, 2021** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Sonim and the other Released Parties (as defined below) about the Released Claims (as defined below). |
| **OBJECT BY FEBRUARY 3, 2021** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award of reasonable costs and expenses to Lead Plaintiff. |
| **GO TO A HEARING ON MARCH 5, 2021 AT 9:00 A.M.** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeal is resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiff's Recovery

Lead Plaintiff has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $2 million in cash ("Settlement Amount"), plus any accrued interest (the "Settlement Fund"), has been established. Based on Lead Plaintiff's consulting expert's analysis, it is estimated that if class members submit claims for 100% of Sonim's common stock entitled to participate in the Settlement, the estimated average recovery per share of common stock would be $0.49 per share before deduction of Court-approved fees and expenses, and approximately $0.36 per share after Court-approved fees and expenses are deducted. **These average recovery amounts are only estimates and an individual Class Member may recover more or less than these estimates.** As described more fully below in the Plan of Allocation beginning on page 12, an individual Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) when the Class Member purchased his, her, or its shares of Sonim common stock; and (c) whether and when the Class Member sold his, her, or its shares of Sonim common stock.

2

**Statement of Potential Outcome of the Case**

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff was to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (a) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (b) the causes of the loss in the value of the stock; and (c) the amount of alleged damages, if any, that could be recovered at trial.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in this Action, and that they have committed any act or omission giving rise to any liability or violation of law under the U.S. securities laws. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny the allegations that Lead Plaintiff or Members of the Class have suffered damage, or were otherwise harmed by the conduct alleged in this Action. Defendants have asserted and continue to assert that the Registration Statement and Defendants' statements to investors, potential investors, and market participants contained no material misstatements or omissions. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws. Each Defendant reserves all defenses to any claims that may be filed by any Person who opts out of the Settlement set forth in this Stipulation.

Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Litigation on behalf of Lead Plaintiff and the Class. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of 25% of the Settlement Fund and up to $50,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award of up to $2,500 for reasonable costs and expenses (including lost wages) directly relating to his representation of the class. If approved by the Court, these amounts (totaling approximately $0.13 per share) will be paid from the Settlement Fund.

**Identification of Legal Representatives**

Lead Plaintiff and the Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Richard Gonnello, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, rgonnello@faruqilaw.com.

**Reasons for the Settlement**

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the uncertainty of having a class of Sonim investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

This Notice is being sent to people who may have purchased or otherwise acquired Sonim common stock pursuant or traceable to the Registration Statement filed in connection with Sonim's IPO. This Notice is being sent out because, if you made such purchases or acquisitions, you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

The purpose of this Notice is to provide you with a Proof of Claim and Release form ("Proof of Claim" or "Claim Form") and information regarding the deadline to submit that form if you wish to receive a payment from the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Sterrett v. Sonim Technologies., Inc., et al.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (the "Action").

| 2. | What is a class action? |
|---|---|

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. The individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. | What is this lawsuit about? |
|---|---|

This lawsuit is a putative class action alleging violations of the federal securities laws by Sonim and Sonim officers and/or directors Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, and Jeffrey D. Johnson

4

(collectively, the "Sonim Defendants"); and underwriters of Sonim's IPO Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation (collectively, the "Underwriter Defendants").

The Court has appointed David Sterrett ("Lead Plaintiff") to serve as Lead Plaintiff in the Action and has appointed the law firm of Faruqi & Faruqi, LLP to serve as Lead Counsel on behalf of the Class.

Sonim provides ultra-rugged mobile phones and accessories.  This Action claims that Sonim's Registration Statement for its IPO contained material misrepresentations and omissions. The Action seeks money damages against Defendants for violations of the federal securities laws.  Defendants deny any wrongdoing whatsoever.

The first complaint was filed in this Action in October 2019 against Defendants.  Lead Plaintiff thereafter filed an Amended Class Action Complaint ("AC") on February 24, 2020. The AC generally alleges that Defendants violated Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") by reason of material misrepresentations and omissions in the Registration Statement for Sonim's IPO.  Specifically, Lead Plaintiff alleges that the Registration Statement materially misrepresented and omitted material facts as alleged in the AC.  (*See, e.g.*, AC ¶¶ 2, 6–9, 48–64.)

| **4.** | **How and when was the Settlement reached?** |
| --- | --- |

On April 1, 2020, the Sonim Defendants filed a Motion To Dismiss the Amended Complaint, in which motion the Underwriter Defendants joined.  On May 1, 2020, Lead Plaintiff filed opposition, to which the Sonim Defendants replied.

Prior to any ruling on the Motion, the Parties met for a mediation on June 24, 2020, before a private mediator, and, after further negotiations on dates subsequent to the mediation session, executed the Stipulation on September 10, 2020.  Simultaneously with the Stipulation, Lead Plaintiff and Sonim also executed a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"), which sets forth certain conditions under which Sonim shall have the sole option to terminate the settlement and render the Stipulation null and void in the event that requests for exclusion from the settlement Class exceed certain criteria.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| **5.** | **How do I know if I am part of the Settlement?** |
| --- | --- |

Subject to certain exceptions identified below, everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Sonim common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with the IPO of Sonim on or about May 9, 2019 and were damaged thereby.

**6.  Are there exceptions to being included?**

Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class are: (i) Defendants; (ii) the officers and directors of Sonim (at all relevant times); (iii) members of their families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which any of the above has a majority ownership interest.  Also excluded from the Class will be any Persons who timely and validly seek exclusion from the Class in accordance with the requirements explained in question 11 below.

**7.  What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help by calling (866) 742-4955 or visiting www.rg2claims.com/sonim.html. You can also fill out and return the Proof of Claim form described below, in question 9, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

**8.  What does the Settlement provide?**

In exchange for the Settlement and release of the Released Claims against the Released Parties, Sonim has agreed to create a $2 million fund.  After deductions for Court-awarded attorneys' fees, interest, and expenses, settlement administration costs, and any applicable Taxes, the balance of the fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Class Members who send in valid and timely Proof of Claim forms.

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 12-16 of this Notice.

**9.  How can I get a payment? When would I get my payment?**

To qualify for a payment, you must submit a timely and valid Proof of Claim form with supporting documents.  A Proof of Claim form is being circulated with this Notice.  You may also get a Proof of Claim form on the Internet at www.rg2claims.com/sonim.html.  Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and either mail it to the Claims Administrator, submit it through email at info@rg2claims.com, or fax it to (215) 827-5551 such that your claim is postmarked (or submitted if sent via email or fax) no later than **February 3, 2021**.

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the Claims Administrator at (866) 742-4955 or visit their website at www.rg2claims.com/sonim.html to obtain the required file layout.  You must still timely submit a manually signed Proof of Claim form by mail, email, or fax as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. All claimants MUST timely submit a signed Proof of Claim form to be potentially eligible for a payment from this settlement.

The Court will hold a Final Approval Hearing on **March 5, 2021 at 9:00 a.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain how and when these appeals ultimately will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claim forms to be processed. Please be patient.

---

| 10. | What am I giving up to get a payment or stay in the Class? |
| --- | --- |

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Claims" means all known or unknown claims that both (a) arise out of, are based upon, are connected to, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, are connected to, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Sonim common stock purchased or otherwise acquired pursuant to or traceable to the Registration Statement issued in connection with Sonim's IPO (except for claims to enforce the settlement). "Released Claims" includes "Unknown Claims" as defined below.

"Related Parties" means each of Defendants' predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, divisions, joint ventures, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.

"Released Parties" means each and all of the Defendants and their respective Related Parties.

"Settled Defendants' Claims" means all known or unknown claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them against Lead Plaintiff, Class Members, and Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the settlement). "Settled Defendants' Claims" includes "Unknown Claims" as defined below.

"Unknown Claims" means: (a) any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the settlement, including the decision to object to the terms of the settlement or to exclude himself, herself, or itself from the settlement Class; and (b) any Settled

Defendants' Claims that any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Class Members, and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Lead Plaintiff, Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Released Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each of the Released Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Lead Plaintiff, the Class Members, and the Released Parties shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and is a key element of the settlement of which these releases are a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.  You will be bound by the releases whether or not you submit a Proof of Claim form and/or receive a payment under the Settlement.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Released Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

| 11. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Class, you must send a signed letter by mail stating that you request to be "excluded from the Class and do not wish to participate in the settlement in *Sterrett v. Sonim Techs., Inc., et al.*, No. 3:19-cv-06416-MMC (N.D. Cal.)." To be valid, your letter must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases or acquisitions of Sonim common stock from May 9, 2019 through September 9, 2019, inclusive; and (C) sales of Sonim common stock from May 9, 2019 through December 4, 2020. **The letter must also be accompanied by copies of broker confirmations or other documentation of your transactions in Sonim common stock.** You must mail your exclusion request such that it is received, not simply postmarked, no later than **February 3, 2021** to:

Sonim Technologies, Inc. Securities Litigation Exclusions
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

You cannot exclude yourself by telephone, e-mail, or fax. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| 12. | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Released Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **February 3, 2021**.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you will not get money from the proposed Settlement.

**THE LAWYERS REPRESENTING THE CLASS**

| 14. | **Do I have a lawyer in this case? How will the lawyers be paid?** |
|---|---|

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Class Members in the Action.

You will not be separately charged for the fees or expenses of Lead Counsel appointed by the Court.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  *See also* Notice on page 3 ("Statement of Attorneys' Fees and Expenses Sought").  If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If this is what you want to happen, you must object.

| 15. | How do I tell the Court that I do not like the proposed Settlement? |
|-----|---|

If you are a Class Member you can object to the Settlement or any part of it, including but not limited to, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's request for an award of his reasonable costs and expenses, and give reasons why you think the Court should not approve it.

Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must clearly identify:

- The case name and number (*Sterrett v. Sonim Techs. Inc., et al.*, Case No. 3:19-cv-06416-MMC);

- Your full name, address, telephone number, and signature;

- Information sufficient to prove membership in the Class, including the number of shares of Sonim common stock purchased, acquired, or sold between May 9, 2019 and September 9, 2019, inclusive;

- All grounds for the objection, accompanied by any legal support known to you or your counsel;

- The identity of all counsel who represent you, if any;

- A statement confirming whether you or any counsel representing you intend to personally appear and/or testify at the Final Approval Hearing; and

- A list of any persons who may be called to testify and copies of any exhibits you intend to introduce into evidence at the Final Approval Hearing in support of your objection.

Your objection and any supporting papers must be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at that same location.  Your objection must be received on or before **February 3, 2021**.

10

**16.     What is the difference between objecting and seeking exclusion?**

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**17.     When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Final Approval Hearing at **9:00 a.m** on the **5th day of March 2021**, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for attorneys' fees and payment of expenses, and the application for an award of reasonable costs and expenses to Lead Plaintiff. The Court will take into consideration any written objections filed in accordance with the instructions in question 15. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the proposed Plan of Allocation, and the other applications.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Final Approval Hearing without further notice to the Class. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

**18.     Do I have to come to the Final Approval Hearing?**

No. Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**19.     May I speak at the Final Approval Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* question 15 above) a statement stating that it is your "Notice of Intention to Appear in *Sterrett v. Sonim Techs., Inc., et al.*, Case No. 3:19-cv-06416-MMC (N.D. Cal.)."  Persons who intend to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, and/or the application for an award of reasonable costs and expenses to Lead Plaintiff and who desire to present evidence at the Final Approval Hearing must include in their

11

written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Final Approval Hearing by the deadline identified, and in accordance with the procedures described in questions 15 and 17 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (*see* question 9). To start, continue, or be a part of any other lawsuit against the Defendants and the other Released Parties about the Released Claims in this case you must exclude yourself from this Class (*see* question 11).

## GETTING MORE INFORMATION

| 21. | Are there more details about the proposed Settlement? |
| --- | --- |

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.rg2claims.com/sonim.html, or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, *www.rg2claims.com/sonim.html*, where you will find answers to common questions about the Settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You also can call the Claims Administrator at (866) 742-4955 toll free; write to *Sonim Technologies, Inc. Securities Litigation*, RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479; or visit the website of Lead Counsel at *www.faruqilaw.com*.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Class Members.

12

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below (the "Recognized Loss").  The Recognized Loss calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the Recognized Loss calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

The calculation of Recognized Loss depends upon several factors, including: when Sonim shares were purchased and for what price; whether those shares were sold, and if sold, for what price; the price of the shares in the IPO;[3] and when the first complaint was filed in this Action and the price of the shares on such date.[4]

Section 11 of the Securities Act ("Section 11") provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiff in the Registration Statement.  The Recognized Loss calculation assumes that the decline in the price of Sonim common stock in response to corrective disclosures alleged by Plaintiff is the only compensable loss.  Lead Counsel, in consultation with their damages expert, has determined that such disclosures occurred on September 10, 2019, and caused the following decline in the price of Sonim common stock, net of market and industry effects:

| Corrective Disclosure Date | Company-Specific Stock Price Decline |
|---|---|
| September 10, 2019 | $3.26 |

Accordingly, if a share of Sonim common stock was sold before September 10, 2019, or purchased on or after September 10, 2019, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the Plan of Allocation.

A Recognized Loss will be calculated for each share of Sonim common stock purchased or otherwise acquired prior to September 10, 2019 pursuant and/or traceable to the Registration Statement.  For purposes of the Plan of Allocation, all purchases of Sonim common stock that occurred between May 9, 2019 (the IPO date) and September 9, 2019, inclusive, that are listed in the Proof of Claim form and for which adequate documentation is provided, will be deemed traceable to the Registration Statement and eligible for treatment as a Section 11 claim.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that

---

[3]    In May 2019 Sonim completed its IPO, in which approximately 4.1 million shares were sold at a price to the public of $11.00 per share.  The IPO shares were registered under the Securities Act pursuant to a registration statement on Form S-1 (File No. 333-230887), which was declared effective by the SEC on May 9, 2019.  The pricing of the Company's IPO was announced on May 9, 2019, and the Company's shares began trading on the Nasdaq Global Market on May 10, 2019, under the ticker symbol "SONM."

[4]    October 7, 2019 is the date of the earliest complaint filed in this Action.  The closing price of Sonim common stock on October 7, 2019 was $3.15.

13

Recognized Loss shall be set to zero. Any transactions in Sonim common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Sonim Common Stock

For each share of Sonim common stock purchased prior to September 10, 2019, the Recognized Loss per share shall be calculated as follows:

I.  For each share that was sold prior to September 10, 2019, the Recognized Loss per share is $0.

II.  For each share that was sold during the period September 10, 2019 through October 6, 2019, inclusive, the Recognized Loss per share is *the lesser of*:
    a.  $3.26; or
    b.  $11.00 (*i.e.*, the IPO offering price) *minus* the sale price; or
    c.  the purchase price *minus* the sale price.

III.  For each share that was sold during the period October 7, 2019 through December 4, 2020, inclusive, the Recognized Loss per share is *the lesser of*:
    a.  $3.26; or
    b.  $11.00 *minus* the greater of the sale price or $3.15; or
    c.  the purchase price *minus* the greater of the sale price or $3.15.

IV.  For each share that was sold or held after December 4, 2020, the Recognized Loss per share is *the lesser of*:
    a.  $3.26; or
    b.  the purchase price *minus* $3.15.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of Sonim shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Sonim common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Sonim common stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Notwithstanding any of the above, receipt of Sonim common stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Sonim common stock.

14

The first-in-first-out ("FIFO") basis will be applied to each Class Member's purchases and sales of Sonim common stock. Under the FIFO methodology, sales will be matched against purchases in chronological order, by trade date, beginning with the earliest purchase.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Sonim common stock, the earliest purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Sonim common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Sonim common stock on the date of exercise. Any Recognized Loss arising from purchases of Sonim common stock acquired through the exercise of an option on Sonim common stock[5] shall be computed as provided for other purchases of Sonim common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Losses for each Sonim share purchased prior to September 10, 2019 as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, that Authorized Claimant's recognized claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

Class Members who do not submit an acceptable Proof of Claim form will not share in the Settlement proceeds. The Settlement and the Judgment dismissing this Action with prejudice will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[5]    This includes (1) purchases of Sonim common stock as the result of the exercise of a call option, and (2) purchases of Sonim common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

15

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution shall, if feasible, be reallocated in an equitable and economic fashion among Authorized Claimants who negotiated the checks sent in the initial distribution and would receive a minimum of $10.00. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s), which is not feasible or economical to reallocate among Authorized Claimants, shall be donated to Investor Protection Trust, a nationwide non-profit organization dedicated to providing investor education and advocacy.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased shares of Sonim common stock pursuant or traceable to the May 2019 Registration Statement filed in connection with Sonim's IPO on or about May 9, 2019 for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name, last known address, and last known email address of each person or organization for whom or which you purchased such Sonim common stock; or (b) request additional copies of this Notice and the Proof of Claim form and within ten (10) calendar days after receipt thereof mail the Notice and Proof of Claim form directly to the beneficial owners of that Sonim common stock. If any copies that you mail are returned as undeliverable, and no forwarding address for the intended recipient is available, the Court has directed that you contact the intended recipient by email (if an email address is available) in order to provide them with the information.

You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Sonim Technologies, Inc. Securities Litigation*
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
(866) 742-4955
info@rg2claims.com

Dated: December 4, 2020

16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
*STERRETT V. SONIM TECHNOLOGIES, INC., ET AL.*
**No. 3:19-cv-06416-MMC**

**PROOF OF CLAIM AND RELEASE**

## I.    GENERAL INSTRUCTIONS

1.  To recover as a Member of the Class based on your claims in the action entitled *Sterrett v. Sonim Technologies, Inc., et al.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (the "Action"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form along with the requested supporting documentation, your claims may be rejected and you may not receive any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.[1]

2.  Submission of this Claim Form, however, does not assure that you will share in proceeds of the Settlement of the Action.

3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM AND THE SUPPORTING DOCUMENTS REQUESTED HEREIN (OR SUBMIT THEM VIA EMAIL TO INFO@RG2CLAIMS.COM, OR VIA FAX TO (215) 827-5551) SUCH THAT YOUR CLAIM IS POSTMARKED (OR SUBMITTED IF SENT VIA EMAIL OR FAX) NO LATER THAN FEBRUARY 3, 2021 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Sonim Technologies, Inc. Securities Litigation
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
Tel.: (866) 742-4955
Fax: (215) 827-5551
info@rg2claims.com

If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim form. Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT OF LESS THAN $10.00 WILL **NOT** BE PAID.

4.  If you are a Class Member and you did not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Action, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.    CLAIMANT IDENTIFICATION

You are a Class Member if you purchased or otherwise acquired the common stock of Sonim Technologies, Inc. ("Sonim") pursuant or traceable to the May 2019 Registration Statement filed in connection with Sonim's Initial Public Offering ("IPO") on or about May 9, 2019 and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Sonim (at all relevant times), members of their families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above has a majority ownership interest.  Also excluded from the Class are those Persons who would otherwise be Class Members but who timely and validly exclude themselves therefrom.

If you purchased or otherwise acquired Sonim common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, and the third party is the record purchaser.

---

[1]    Capitalized terms not defined in this Claim Form have the meaning set forth in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") that accompanies this Claim Form, and the Stipulation of Settlement, dated as of September 10, 2020 (the "Stipulation"), which can be obtained at www.rg2claims.com/sonim.html.

Use Part I of this form entitled "Claimant Information" to identify yourself and each owner of record ("nominee") if different from the beneficial owner of Sonim common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SONIM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-742-4955 or visit their website at www.rg2claims.com/sonim.html to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Sonim Common Stock," to supply all required details of your transaction(s) in Sonim common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all the requested information with respect to (1) all of your purchases and acquisitions of Sonim common stock that took place between May 9, 2019 and September 9, 2019, inclusive; (2) all of your sales of Sonim common stock that took place at anytime between May 9, 2019 and December 4, 2020, inclusive; and (3) the number of shares of common stock that you held at the close of trading on December 4, 2020. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Sonim common stock. The date of a "short sale" is deemed to be the date of sale of Sonim common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmations slips, stockbroker statements, or other documents adequately evidencing your transactions in Sonim common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

## SONIM TECHNOLOGIES, INC SECURITIES LITIGATION

**PART I. CLAIMANT INFORMATION**

| Name |  |  |
|---|---|---|
|  |  |  |
| Address |  |  |
|  |  |  |
| City | State | Zip |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

**PART II. SCHEDULE OF TRANSACTIONS IN SONIM COMMON STOCK**

**Purchases:**

A.  Separately list each and every share you purchased or acquired of Sonim common stock during the period from **May 9, 2019 (IPO) through September 9, 2019, inclusive,** and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Sales:**

B.  Separately list each and every sale of Sonim common stock during the period **May 9, 2019 through December 4, 2020, inclusive,** and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

C.  State the total number of shares of Sonim common stock owned at the close of trading on December 4, 2020, long or short (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL NOT BE PAID.**

**YOU MUST READ THE RELEASE AND SIGN BELOW. FAILURE TO SIGN
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| -        - | | - |

**PART IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Court, with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Sonim common stock during the relevant period and know of no other person having done so on my (our behalf).

**PART V.    RELEASES**

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Parties as provided in the Stipulation of Settlement.

2.  "Released Claims" means all known or unknown claims that both (a) arise out of, are based upon, are connected to, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, are connected to, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Sonim stock purchased or otherwise acquired pursuant to or traceable to the Registration Statement issued in connection with Sonim's IPO (except for claims to enforce the settlement). "Released Claims" includes "Unknown Claims" as defined below.

3.  "Related Parties" means each of Defendants' predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, divisions, joint ventures, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.

4.  Released Parties" means each and all of the Defendants and their respective Related Parties.

5.  "Settled Defendants' Claims" means all known or unknown claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Released Parties or

-4-

any of them against Lead Plaintiff, Class Members, and Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the settlement). "Settled Defendants' Claims" includes "Unknown Claims" as defined below.

6.    "Unknown Claims" means: (a) any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the settlement, including the decision to object to the terms of the settlement or to exclude himself, herself, or itself from the settlement Class; and (b) any Settled Defendants' Claims that any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Class Members, and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Lead Plaintiff, Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Released Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each of the Released Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Lead Plaintiff, the Class Members, and the Released Parties shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and is a key element of the settlement of which these releases are a part.

7.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

8.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

9.    I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about all of my (our) purchases and acquisitions of Sonim common stock between May 9, 2019 and September 9, 2019, inclusive, and all of my (our) sales of Sonim common stock between May 9, 2019 and December 4, 2020, and the number of shares of Sonim common stock held by me (us) at the close of trading on December 4, 2020.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

10. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been

notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See explanation in II. Claimant's Identification)

Executed this _____ day of _____
                [Day]                                    [Month/year]

**THE CLAIM FORM AND SUPPORTING DOCUMENTATION MUST BE POSTMARKED (OR SUBMITTED IF SENT VIA EMAIL TO INFO@RG2CLAIMS.COM OR VIA FAX TO (215) 827-5551) ON OR BEFORE FEBRUARY 3, 2021 ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:**

Sonim Technologies, Inc. Securities Litigation
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
Tel.: (866) 742-4955
Fax: (215) 827-5551
info@rg2claims.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by February 3, 2021 and if a postmark is indicated on the envelope and it is mailed and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Claim Form on page 6.  If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send originals of stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Claim Form or any supporting documents.

o   If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.

Sonim Technologies, Inc. Securities Litigation
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

# EXHIBIT B

## Chiango, Tina M.

| | |
|---|---|
| **From:** | lensnotices@dtcc.com |
| **Sent:** | Monday, December 14, 2020 11:55 AM |
| **To:** | Chiango, Tina M. |
| **Subject:** | LENS Notice Confirmation |

The following LENS notice has been announced successfully:

Document number: LG20201214-028
Category: LG
Subcategory: Notices to Security Holders
Title: RE: Sonim Technologies Securities Litigation - Notice for LENS posting
CUSIPS: 222225104
Reference ID: mmv4g6igm601ueftllq1vos4oki6t05p2bbkauo1
DTCC DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify us immediately and delete the email and any attachments from your system. The recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email. Message content created by DTCC is automatically secured using Transport Layer Security (TLS) encryption and will be encrypted and sent through a secure transmission connection if the recipient's system is configured to support TLS on the incoming email gateway. If there is no TLS configured or the encryption certificate is invalid on the recipient's system, the email communication will be sent through an unencrypted channel. Organizations communicating with DTCC should be using TLS v1.2 or newer to ensure continuation of encrypted communications. DTCC will not be responsible for any disclosure of private information or any related security incident resulting from an organization's inability to receive secure electronic communications through the current version of TLS.

## Chiango, Tina M.

| | |
|---|---|
| **From:** | Chiango, Tina M. |
| **Sent:** | Monday, December 14, 2020 10:50 AM |
| **To:** | 'legalandtaxnotices@dtcc.com' |
| **Subject:** | RE: Sonim Technologies Securities Litigation  - Notice for LENS posting |
| **Attachments:** | Sonim Notice and Claim.pdf |

We are the claims administrator for the Sonim Technologies, Inc. Securities Litigation and are requesting to have the following information posted on LENS as well as the attached Notice.

Please conform receipt of this email and that the notice will be posted

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: STERRETT, ET AL. V. SONIM TECHNOLOGIES, INC., ET AL

CASE NO. 3:19-CV-06416-MMC

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SONIM TECHNOLOGIES, INC. ('SONIM") (NASDQ: SONM) COMMON STOCK PURSUANT OR TRACEABLE TO THE MAY 2019 REGISTRATIONS STATEMENT AND PROSPECTUS FILED IN CONNECTION WITH SONIM'S INITIAL PUBLIC OFFERING("IPO") ON OR ABOUT MAY 9, 2019 AND WERE DAMAGED THEREBY ("CLASS").

CUSIP IS 83548F101

Thanks so much,
Tina



**Tina M. Chiango**
Director of Claims Administration, Securities and Antitrust
Direct: 215.979.1681
www.rg2claims.com

# EXHIBIT C

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:     IBD Weekly
Address:                 12655 Beatrice Street
City, State, Zip:        Los Angeles, CA 90066
Phone #:                 310.448.6700
State of:                California
County of:               Los Angeles

I, _Shaun Shen_ for the publisher of _IBD Weekly_, published in the city of _Los Angeles_, state of _California_, county of _Los Angeles_ hereby certify that the attached notice(s) for _SONIM TECHNOLOGIES, INC._ was printed in said publication on the following date(s):

**DECEMBER 14, 2020**

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this _14th_ day of _December_, _2020_, by _____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

A12   WEEK OF DECEMBER 14, 2020

# MUTUAL FUND PERFORMANCE

INVESTORS.COM



**SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS**

| Funds in Small-Cap Index: | Largest positions of funds in Small-Cap Index: |
|---|---|
| Federated Kaufmann R | FstCitz | DraftKings A | Shopify |
| Fidelity Advisor Small Cap M | TetraTech | Synopsys | Veeva Sys A | Appian A | Magnite |
| Franklin Small-mid Cap | BJsWhlClub | DocuSign | LatticeSemi | Avient | Upwork |
| Lkcm Small Cap Equity Instl | Chemed | Moderna | Ultragenyx | LouisPacific | StaarSurg |
| Nuveen Small Cap Growth | TwilioInc | | |

When the line is heading up, Small-Cap Growth Funds are outperforming Big-Cap.

**GROWTH FUNDS VS. VALUE FUNDS**

| Funds in Growth Index: | Largest positions of funds in Growth Index: |
|---|---|
| Federated Kaufmann R | Moderna | Microsoft | Synopsys | StaarSurg |
| Franklin Small-mid Cap | Ultragenyx | Amazon | DocuSign | LatticeSemi |
| Lkcm Small Cap Equity Instl | Shopify | Facebook | Appian A | Avient |
| Vanguard Growth Index | Veeva Sys A | Twilio Inc | Magnite | LouisPacific |
| Victory Rs Large Cap Alpha A | Apple | | Draftkings A | Upwork | IIVI |

When the line is heading up, Growth Funds are outperforming Value Funds.

## Top Growth Funds
### Last 3 Months (All Total Returns)

| Mutual Fund | % Change Last 3 Mos | Performance Rating 36 Mos | $ Net Assets |
|---|---|---|---|
| Thrivent Funds A SmlCapStk | + 31 | B | 815 mil |
| Baron Retail Partners | + 30 | A+ | 5.9 bil |
| PrncplFnds MidCapGroJ | + 28 | A+ | 235 mil |
| Royce MicroCapI | + 27 | B— | 350 mil |
| USAA SmlCapStk | + 27 | B | 1.4 bil |
| LKCM Funds SmCapEqInst | + 26 | B+ | 181 mil |
| PgimInvest SmallCo | + 26 | B | 2 bil |
| Buffalo Funds SmallCap | + 26 | A+ | 826 mil |
| Delaware Instl SmlCpGrow | + 25 | A | 706 mil |
| Lord Abbett A DvlpGrowth | + 25 | A+ | 3.9 bil |
| Vanguard Index ExtndMkt | + 24 | A— | 13.1 bil |
| PriceFds ExtEqMktIx | + 24 | B+ | 1.1 bil |
| BlackRock Instl CapGrInstl | + 24 | A | 862 mil |
| Royce ValuePlsSer | + 23 | A— | 289 mil |
| Delaware A SelectGrow | + 23 | A | 368 mil |
| TCM SmCapGr | + 23 | A— | 432 mil |
| Eagle SmCapGrA | + 23 | A— | 3.3 bil |
| SEI Port SmCpGrA | + 22 | B | 397 mil |
| Principal Investors SmCpJ | + 22 | B | 850 mil |
| AMG Funds EmergingN | + 22 | B | 169 mil |
| Fidelity SmallCapOpp | + 22 | B | 5.7 bil |
| Meridian Funds ContraLeg | + 22 | B+ | 610 mil |
| Nuveen CI I MidCapGr0pl | + 22 | A | 448 mil |
| Wells Fargo Ad SmCoGrow | + 22 | A— | 1.4 bil |
| Lord Abbett A AlphStrat | + 21 | B+ | 786 mil |

## Top Growth Funds
### Last 36 Months (All Total Returns)

| Mutual Fund | % Change YTD | Performance Rating 36 Mos | $ Net Assets |
|---|---|---|---|
| Baron Retail Partners | + 126 | A+ | 5.9 bil |
| Amer Cent Inv FocusedInv | + 67 | A+ | 1.9 bil |
| Lord Abbett A DvlpGrowth | + 64 | A+ | 3.9 bil |
| Fidelity GrowthCo | + 63 | A+ | 61.9 bil |
| Fidelity BluChpGro | + 56 | A+ | 45.4 bil |
| Vanguard GrowthInv | + 53 | A+ | 42.7 bil |
| Buffalo Funds SmallCap | + 56 | A+ | 826 mil |
| EdgeWood GrwthInstl | + 37 | A+ | 26.9 bil |
| Thrivent Funds A GrowthA | + 37 | A+ | 1.7 bil |
| PrncplFnds GrowthIInst | + 32 | A+ | 12.4 bil |
| Gabelli AAA GrowthAAA | + 34 | A+ | 976 mil |
| Alger Spectra | + 39 | A+ | 8 bil |
| Vanguard Index GrowthInvst | + 35 | A+ | 66.3 bil |
| MFS Funds A GrowthA | + 27 | A+ | 39.4 bil |
| PrncplFnds MidCapGroJ | + 56 | A+ | 235 mil |
| Guidestone EqInvestor | + 31 | A+ | 2 bil |
| PriceFds TaxEfficEq | + 31 | A+ | 727 mil |
| PgimInvest GrowthA | + 38 | A+ | 316 mil |
| Putnam A Sustainable | + 47 | A | 537 mil |
| Delaware A SelectGrow | + 43 | A | 368 mil |
| PriceFds InstlLgCore | + 31 | A | 5.8 bil |
| ClearBridge Inv SmallCapGrA | + 37 | A | 5.5 bil |
| Delaware Instl SmlCpGrow | + 49 | A | 706 mil |
| Amana GrowthInv | + 28 | A | 2.7 bil |
| Delaware Instl USGrowth | + 39 | A | 2.8 bil |

| U.S. Stock Fund Cash Position | High (11/00) 6.2% Low (10/20) 1.7% | | | | | |
|---|---|---|---|---|---|---|
| May | 19 | 2.7% | Nov | 19 | 2.4% | |
| Jun | 19 | 2.5% | Dec | 19 | 2.1% | |
| Jul | 19 | 2.5% | Jan | 20 | 2.3% | |
| Aug | 19 | 2.6% | Feb | 20 | 2.3% | |
| Sep | 19 | 2.5% | Mar | 20 | 2.7% | |
| Oct | 19 | 2.5% | Apr | 20 | 2.6% | |
| May | 20 | 2.4% | | | | |
| Jun | 20 | 2.0% | | | | |
| Jul | 20 | 1.9% | | | | |
| Aug | 20 | 1.9% | | | | |
| Sep | 20 | 1.9% | | | | |
| **Oct** | **20** | **1.7%** | | | | |

**Paid Advertisement**

# Attention Accredited Investors!

## Double Digit Return Heartland Of America Multi-Family Investment Catalog Available For Limited Time!


**168 Units**
14% Cash on Cash
Fantastic Occupancy.


**128 Units**
11+% Cash on Cash
Many Long Term Tenants.


**100 Units**
Most Vacancy Is 4 Units
Since 2014


**72 Units**
1, 2 and 3 Bedroom Units
Many Long Term Tenants.

*...this is just a SAMPLE of what is in the catalog!*

• Conservative Market With Properties Available Well Under Replacement Cost.
• Terrific Past And Current Performance.
• Perfect Place To Park Money.
• Passive And Active Investors.
• No Management Necessary.
• Heartland of America Property Security and Predictability.
• IRA / 401(k) Easy Qualifications.
• Long Term Track Records.
• Insulation From Investment Events.
• Management Has Skin In The Game!
• 30 Years Experience Operating.

**There is nothing like the insulation, protection and wealth building benefits of multi-family communities in the Heartland!**



www.theheartlandcatalog.com OR
1-800-471-0856 (24 hr request line)

HEARTLAND

*No warranties expressed or implied. All investment has risk. Darin Garman is a former bank owner and licensed real estate broker. Past performance does not guaranty future results.*

TO: ALL PERSONS WHO PURCHASED OR ACQUIRED SONIM TECHNOLOGIES, INC. ("SONIM") (NASDAQ: SONM) COMMON STOCK PURSUANT OR TRACEABLE TO THE MAY 2019 REGISTRATION STATEMENT AND PROSPECTUS FILED IN CONNECTION WITH SONIM'S INITIAL PUBLIC OFFERING ("IPO") ON OR ABOUT MAY 9, 2019 AND WERE DAMAGED THEREBY ("CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Lead Plaintiff David Sterrett ("Lead Plaintiff"), on behalf of himself and each member of the Class, and defendants Sonim Technologies, Inc., Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson, Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation, have reached a proposed settlement of the above-captioned action ("Action") in the amount of $2,000,000 that, if approved, will resolve the action in its entirety (the "Settlement").

A hearing will be held on March 5, 2021 at 9:00 a.m. at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 7—19th Floor, San Francisco, CA 94102, for the purpose of determining: (1) whether the proposed Settlement as set forth in the Stipulation of Settlement dated September 10, 2020 ("Stipulation") of the Action is fair, reasonable, and adequate; (2) whether a Final Judgment should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of Allocation for distribution of the settlement funds proposed for distribution is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees in the amount of 25% of the Settlement Fund, reimbursement of Lead Counsel's expenses up to $50,000, and an award to Lead Plaintiff for his reasonable costs and expenses up to $2,500 should be approved.

IF YOU PURCHASED OR ACQUIRED SONIM COMMON STOCK PURSUANT OR TRACEABLE TO THIS LITIGATION, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION. You may obtain copies of a detailed Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Claim Form") by writing to Sonim Technologies, Inc. Securities Litigation, RG/2 Claims Administration LLC, P.O. Box. 59479, Philadelphia, PA 19102-9479, visiting the website www.rg2claims.com/sonim.html, e-mailing the Claims Administrator at info@rg2claims.com, or calling the Claims Administrator toll free at (866) 742-4955. Inquiries other than requests for the above-referenced documents may also be made to Plaintiff's Lead Counsel:

Richard W. Gonnello, FARUQI & FARUQI, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017

If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Claim Form postmarked or submitted electronically no later than February 3, 2021, establishing that you are entitled to recovery. NOTE THAT NO CLAIMS LESS THAN $10.00 WILL BE PROCESSED OR PAID. Your failure to timely submit your Claim Form will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the settlement of this Action.

To exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is received no later than February 3, 2021. All Class Members who have not requested exclusion from the Class will be bound by the settlement entered in the Action even if they do not submit a timely Claim Form.

Any objection to the settlement, the Plan of Allocation of settlement proceeds, or the fee and expense application must be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at the same location. Your objection must be received on or before February 3, 2021.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SETTLEMENT, THIS CLAIMS PROCESS. If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED: December 14, 2020

*[The central and right portions of the page contain extensive mutual fund performance tables with columns: 36 Mos Performance Rating, Fund, YTD %Chg, 12Wk %Chg, 5 Yr Tax Rtn, After Tax, Net Asset Value, NAV Chg. Tables include fund families: Baron Funds, Berkshire Funds, BlackRock, Columbia, American Funds, Amerindo Funds, AMG Funds, Davenport Funds, Delaware, Artisan Funds, Baird Funds, Brown Capital Mgmt, Buffalo Funds, Calamos Funds, Champlain, ClearBridge Inv, Columbia A, Dodge & Cox, Dominion Soc Inv, Doubleline Fund, Dreyfus, Driehaus Funds, DWS Funds, Eaton Vance, Eagle Funds, EdgeWood, Emerald Funds, FAM Funds, Federated Hermes, Fidelity, and others.]*

## Chiango, Tina M.

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, December 14, 2020 6:55 PM |
| **To:** | Baldwin, Melissa E; Chiango, Tina M. |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for RG/2 Claims Administration LLC. ID#3012553-1-1 |

Hello

Your press release was successfully distributed at: 14-Dec-2020 06:54:00 PM ET

Release headline: To All Persons Who Purchased Or Acquired Sonim Technologies, Inc. ("Sonim") (NASDAQ: SONM) Common Stock Pursuant Or Traceable To The May 2019 Registration Statement And Prospectus Filed In Connection With Sonim's Initial Public Offering ("IPO") On Or About May 9, 2019 And Were Damaged Thereby ("Class").
Word Count: 815
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 3012553-1-1

View your release:* http://www.prnewswire.com/news-releases/to-all-persons-who-purchased-or-acquired-sonim-technologies-inc-sonim-nasdaq-sonm-common-stock-pursuant-or-traceable-to-the-may-2019-registration-statement-and-prospectus-filed-in-connection-with-sonims-initial-public-of-301192471.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

# To All Persons Who Purchased Or Acquired Sonim Technologies, Inc. ("Sonim") (NASDAQ: SONM) Common Stock Pursuant Or Traceable To The May 2019 Registration Statement And Prospectus Filed In Connection With Sonim's Initial Public Offering ("IPO") On Or About May 9, 2019 And Were Damaged Thereby ("Class").

NEWS PROVIDED BY
**RG/2 Claims Administration LLC →**
Dec 14, 2020, 18:54 ET

NEW YORK, Dec. 14, 2020 /PRNewswire/ -- The following release was issued by RG/2 Claims Administration LLC, as Claims Administrator, on behalf of Faruqi & Faruqi LLP

**<u>PUBLICATION NOTICE</u>**

TO:  ALL PERSONS WHO PURCHASED OR ACQUIRED SONIM TECHNOLOGIES, INC. ("SONIM") (NASDAQ: SONM)
COMMON STOCK PURSUANT OR TRACEABLE TO THE MAY 2019 REGISTRATION STATEMENT AND PROSPECTUS
FILED IN CONNECTION WITH SONIM'S INITIAL PUBLIC OFFERING ("IPO") ON OR ABOUT MAY 9, 2019 AND WERE
DAMAGED THEREBY ("CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Lead Plaintiff David Sterrett ("Lead Plaintiff"), on behalf of himself and each member of the Class, and defendants Sonim Technologies, Inc., Robert Plaschke, James Walker, Maurice Hochschild, Alan Howe, Kenny Young, Susan G. Swenson, John Kneuer, Jeffrey D. Johnson, Oppenheimer & Co., Inc., Lake Street Capital Markets, LLC, and National Securities Corporation, have reached a proposed settlement of the above-captioned action ("Action") in the amount of $2,000,000 that, if approved, will resolve the action in its entirety (the "Settlement").

A hearing will be held on March 5, 2021 at 9:00 a.m, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 7—19th Floor, San Francisco, CA 94102, for the purpose of determining: (1) whether the proposed Settlement as set forth in the Stipulation of Settlement dated September 10, 2020 ("Stipulation") of the Action is fair, reasonable, and adequate; (2) whether a Final Judgment should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of Allocation for distribution of the settlement funds available for distribution is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees in the amount of 25% of the Settlement Fund, reimbursement of Lead Counsel's expenses up to $50,000, and an award to Lead Plaintiff for his reasonable costs and expenses up to $2,500 should be approved.

IF YOU PURCHASED OR ACQUIRED SONIM COMMON STOCK PURSUANT OR TRACEABLE TO THE REGISTRATION STATEMENT, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  You may obtain copies of a

detailed Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Claim Form") by writing to Sonim Technologies, Inc. Securities Litigation, RG/2 Claims Administration LLC, P.O. Box. 59479, Philadelphia, PA 19102-9479, visiting the website www.rg2claims.com/sonim.html, e-mailing the Claims Administrator at info@rg2claims.com, or calling the Claims Administrator toll free at (866) 742-4955. Inquiries other than requests for the above-referenced documents may also be made to Plaintiff's Lead Counsel:

> Richard W. Gonnello
> FARUQI & FARUQI, LLP
> 685 Third Avenue
> 26th Floor
> New York, NY 10017

If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Claim Form postmarked or submitted electronically no later than February 3, 2021, establishing that you are entitled to recovery. NOTE THAT NO CLAIMS LESS THAN $10.00 WILL BE PROCESSED OR PAID. Your failure to timely submit your Claim Form will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the settlement of this Action.

To exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is received no later than February 3, 2021. All Class Members who have not requested exclusion from the Class will be bound by the settlement entered in the Action even if they do not submit a timely Claim Form.

Any objection to the settlement, the Plan of Allocation of settlement proceeds, or the fee and expense application must be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at the same location.  Your objection must be received on or before February 3, 2021.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE, THIS SETTLEMENT, OR THIS CLAIMS PROCESS.**  If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED:  December 14, 2020

**SOURCE:  Richard W. Gonnello, Esq., Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY  10017, Telephone 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, rgonnello@faruqi-law.com and Tina Chiango, RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479, Telephone 866-742-4955, Facsimile 215-979-1695, tchiango@rg2claims.com**

SOURCE RG/2 Claims Administration LLC