Richard W. Gonnello (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>Defendants. | Case No. 3:19-cv-06416-MMC<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT** |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated November 6, 2020, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement, dated as of September 10, 2020 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation, unless otherwise set forth herein.

2. The Settling Parties have consented to the Court's jurisdiction for purposes of this settlement and the Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all Persons who purchased or otherwise acquired Sonim common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with the IPO of Sonim on or about May 9, 2019 and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Sonim (at all relevant times), members of their families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above has a majority ownership interest.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff David Sterrett as Class Representative for the Class and Faruqi & Faruqi, LLP as Class Counsel for the Class.

5. The Court finds that the mailing of the Notice and Proof of Claim and the publication of the Summary Notice complied with the terms of the Stipulation and the Order, and provided the best notice practicable under the circumstances of those proceedings and of the

matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and the requirements of due process.

6. No objections to the proposed Settlement or requests for exclusion were submitted.

7. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

b) there was no collusion in connection with the Stipulation;

c) the Stipulation was the product of informed, arm's-length negotiations among competent, able, and highly experienced counsel; and

d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice as to all Defendants. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims against any and all of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Settlement Fund.

10. Lead Plaintiff and all Class Members are hereby forever barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any and all of the Released Claims against any and all of the Released Parties.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Lead Counsel, and each and all of the Class Members from all Settled Defendants' Claims.

12. Each Member of the Class, whether or not such Member of the Class executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of any and all known and unknown claims as set forth in the Stipulation.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Lead Plaintiff were not valid in any civil, criminal, or administrative proceeding.  Any of the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement Fund among Class Members, and Lead Plaintiff and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

15. Lead Counsel is awarded attorneys' fees in the amount of $500,000, and expenses in the amount of $26,486.76, plus any applicable interest, and these amounts shall immediately be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

16. Lead Plaintiff is awarded in total $871, as an award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 77z-1(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

18. The Court finds, pursuant to 15 U.S.C. § 77z-1(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

//

//

21. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

Dated: March 5, 2021

Hon. Maxine M. Chesney
United States District Court Judge