Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett*
*and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION, <br><br> Defendants. | **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Case No. 3:19-cv-06416-MMC <br><br> <u>**CLASS ACTION**</u> <br><br> Judge: The Hon. Maxine M. Chesney <br> Date: December 3, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 7 – 19th Floor |

**TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES..................................................2

PROCEDURAL BACKGROUND ................................................................................2

ARGUMENT ...............................................................................................................3

I.    THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED...............................................................................3

    A.    Overview of the Claims Administration Process ..................................................4

    B.    Ineligible Claims Should Be Rejected....................................................................5

    C.    Timely Eligible Claims And Late Claims That Are Otherwise Eligible Should Be Accepted .........................................................................................................5

    D.    Claims Received After October 18, 2021 Should Be Rejected As Untimely ........6

II.   THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED .........................................................6

III.  PAYMENT OF RG/2'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED ......................................7

IV.   RETENTION OF PROOF OF CLAIM FORMS AND OTHER DOCUMENTS ............8

V.    RELEASE OF CLAIMS ................................................................................8

CONCLUSION ............................................................................................................9

**NOTICE OF MOTION AND MOTION AND STATEMENT OF COURT ACTION SOUGHT**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff and settlement Class Representative David Sterrett ("Lead Plaintiff")[1] will, and hereby does, move this Court for an order: (i) approving the administrative determinations of RG/2 Claims Administration LLC ("RG/2"), the Claims Administrator, as to the distribution of the Net Settlement Fund; (ii) authorizing RG/2 to deem timely otherwise eligible Proof of Claim and Release forms ("Claims") that were submitted after the February 3, 2021 Claims-filing deadline and received on or before October 18, 2021; (iii) ordering that any Claims received after October 18, 2021 or any responses to any deficiencies received after October 18, 2021 be rejected as untimely; (iv) authorizing distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted; (v) authorizing payment from the Net Settlement Fund for RG/2's requested fees and expenses; (vi) authorizing destruction of paper copies of Claims and related documentation one year after the initial distribution, and electronic copies of the same three years after the final distribution of the Net Settlement Fund; (vii) granting the release of claims related to the administration or taxation of the Settlement Fund; and (viii) for such other and further relief as this Court may deem just and proper.

This motion is based upon the Memorandum of Points and Authorities set forth below; the Declaration of Tina Chiango in Support of Motion For Distribution of the Net Settlement Fund ("Distribution Declaration" or "Distrib. Decl."), with attached exhibits, filed herewith; the pleadings and records on file in this action; and other such matters and argument as the Court may consider.

---

[1] Unless otherwise noted: (1) all capitalized terms that are not defined herein shall have the same meaning as those provided in the Stipulation of Settlement dated September 10, 2020 (the "Stipulation") (ECF No. 75); (2) all references to "Exhibit" or "Ex." are to the exhibits filed with the Distribution Declaration; (3) all references to the "Settlement" are to the settlement described in the Stipulation; (4) all internal citations and quotations are omitted; and (5) all emphases are added.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should approve RG/2's administrative determinations to accept or reject Claims submitted herein;

2.      Whether the Court should authorize distribution of the Net Settlement Fund to Class Members whose Claims have been accepted as valid and approved by the Court, pursuant to the distribution plan proposed by RG/2;

3.      Whether the Court should approve payment of RG/2's requested fees and expenses;

4.      Whether the Court should allow RG/2 to destroy copies of Claims and supporting documentation following the distribution pursuant to the schedule set forth below; and

5.      Whether the Court should grant the release of claims related to the administration or taxation of the Settlement Fund.

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff on behalf of himself and the Class, respectfully submits this Memorandum of Points and Authorities in Support of his Motion for Distribution of the Net Settlement Fund.

## PROCEDURAL BACKGROUND

On March 5, 2021, the Court granted final approval of the $2 million cash Settlement between Lead Plaintiff, on behalf of the Class, and Defendants, under the terms set forth in the Stipulation, and dismissed the above-captioned action (the "Action") with prejudice.  *See* ECF No. 115 ("Final Approval Order").[2]  Pursuant to the Stipulation, Defendants have no interest in the relief sought by this motion.  Stipulation ¶2.8 ("The Settlement is non-recapture; *i.e.*, it is not a claims-made settlement.").

The Court authorized and directed the implementation and performance of the Stipulation's terms and provisions and retained jurisdiction over the Action for the purpose of

---

[2]      As of October 26, 2021, the value of the Settlement Fund (including earnings thereon, less disbursements of Claims Administrators' fees and expenses, and Court-approved attorney's fees, expenses, and an award to Lead Plaintiff) is $1,434,704.67.

2

construing, enforcing, and administering the Settlement.  Final Approval Order ¶¶2, 8, 17. Pursuant to the Stipulation's terms, the Settlement has reached its Effective Date.  Stipulation ¶7.1.

The Stipulation provides for the distribution of the Net Settlement Fund, in accordance with the Plan of Allocation, among Authorized Claimants who purchased or otherwise acquired Sonim Techonologies, Inc. ("Sonim") common stock pursuant or traceable to the May 2019 Registration Statement and Prospectus filed in connection with the IPO of Sonim on or about May 9, 2019 and were damaged thereby.  Stipulation ¶¶1.1, 1.3, 5.3, 5.7; Final Approval Order ¶3.  In the Order Preliminarily Approving Settlement and Providing For Notice (ECF No. 105) ("Preliminary Approval Order") dated November 6, 2020, the Court appointed RG/2 as the Claims Administrator to supervise and administer the notice procedure and to process the Claims.  Preliminary Approval Order ¶7.

RG/2, under Lead Counsel's supervision, *inter alia*, provided the requisite notice set forth in the Preliminary Approval Order, processed the Claims submitted by potential Class Members, calculated Recognized Loss amounts, and performed related work consistent with the Stipulation and Preliminary Approval Order.  *See generally* Distrib. Decl.

RG/2 has completed processing Claims and related works.  *See id.* at ¶¶5-22.  As a result, Lead Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

<b>ARGUMENT</b>

**I.    THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED**

Pursuant to the Stipulation and Preliminary Approval Order, all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Claim form with supporting documentation to RG/2, postmarked or submitted electronically no later than February 3, 2021.  *See, e.g.*, Preliminary Approval Order ¶18; Stipulation ¶¶5.1-5.5.

3

As detailed in the Distribution Declaration, RG/2 received and reviewed all Claims submitted by potential Class members through October 18, 2021. *See* Distrib. Decl. ¶15. RG/2 prepared exhibits detailing (i) all valid Claims that were postmarked or received on or before the Claims submission deadline of February 3, 2021 (*id.* at ¶16; Ex. A); (ii) all valid Claims that were postmarked or received after the Claims submission deadline but on or before October 18, 2021 (*id.* at ¶16; Ex. B); and (iii) all rejected Claims that were deemed ineligible through RG/2's deficiency/rejection process (*id.* at ¶17; Ex. C).

### A.    Overview of the Claims Administration Process

To avoid undue repetition, Lead Plaintiff respectfully refers the Court to the Distribution Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process.

Briefly, after sending 4,097 Notices,[3] RG/2 received and processed 962 Claims. *Id.* at ¶¶3, 7, 15. The information from each Claim, including the claimant's name, address, and the details of the claimant's claimed transactions in Sonim common stock were entered into a database maintained by RG/2. *See id.* at ¶7. RG/2 reviewed all Claims and supporting documentation to determine, among other things, whether each claimant had transacted in Sonim common stock during the relevant period. *See id.* at ¶¶7-8.

RG/2 made substantial efforts to provide claimants with a fair opportunity to cure deficiencies in their Claims. The "deficiency process" involved mailing, emailing, and calling claimants to assist them in properly completing their otherwise deficient submissions. *Id.* at ¶¶9-11. For example, RG/2 sent deficiency notices to claimants who submitted defective or ineligible Claims. *Id.* at ¶10. The deficiency notices advised the claimant of the deficiency in the claimant's Claim and what was necessary to cure those defects. *Id.* If a Claim was determined to be rejected, RG/2 sent rejection notices to the claimant advising them of the rejection and their right to contest such rejection in writing within thirty (30) days. *Id.*

---

[3]    "Notice" is defined in ¶3 of the Distribution Declaration and collectively refers to the Court-approved Notice of Pendency and Proposed Settlement of Class Action and the Claim form that RG/2 mailed to potential Class Members and nominees.

4

RG/2 received and processed claimants' responses to deficiency and rejection notices and made efforts to assist all claimants with curable defects of their Claims.  *See id.* at ¶¶9-11.

**B.      Ineligible Claims Should Be Rejected**

In total, of the 962 Claims received through October 18, 2021, RG/2 determined that 766 are ineligible to receive a payment from the Net Settlement Fund.  *Id.* at ¶20.  The ineligible claims were rejected for not incurring a Recognized Loss pursuant to the Plan of Allocation approved by the Court.  *Id.*

Lead Plaintiff respectfully requests that the Court approve RG/2's determinations rejecting these 766 Claims.  *See id.* at ¶¶20-21.

**C.      Timely Eligible Claims And Late Claims That Are Otherwise Eligible
          Should Be Accepted**

RG/2 has determined that 196 Claims should be accepted.  *Id.* at ¶18.  Of the 196 Claims, 172 were postmarked or received on or before the Claims-submission deadline of February 3, 2021 ("Timely Eligible Claims"), and 24 were postmarked or received after the Claims-submission deadline but on or before October 18, 2021 ("Late But Otherwise Eligible Claims" or "Late Claims").  *See id.* at ¶¶15-19; Exs. A-B.  The total Recognized Losses calculated pursuant to the Plan of Allocation for the Timely Eligible Claims is $7,254,892.02, and the total Recognized Losses for the Late Claims is $2,128,049.89.  *Id.* at ¶18.  RG/2 recommends, and Lead Counsel agrees, that the Late Claims should be deemed timely and included in the Settlement Distribution.  *See id.* at ¶19.

"[A] district court overseeing [a] settlement distribution has inherent power to accept late claims[.]"  *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 Civ. 5323(LTS), 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013); *see also In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008) (finding no abuse of discretion in district court's acceptance of certain late claims but not others); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) ("[T]here is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement.").  Courts often allow late claimants to participate in class action settlements.  *See, e.g., Middlesex Ret. Sys. v. Quest Software, Inc.*, No. 06-06863-DOC (RNBx), 2012 WL

5

12973223, at *1 (C.D. Cal. June 25, 2012) (permitting certain late claims to share in the Net Settlement Fund); *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS)(SMG), 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) (including late claims in distribution where there was "no showing of delay or prejudice").

The equities weigh in favor of accepting the Late But Otherwise Eligible Claims here. RG/2 believes that no delay in the processing or distribution of the Net Settlement Fund has resulted from provisionally accepting the Late Claims. *See* Distrib. Decl. ¶19. Further, the Recognized Loss amount of the Late Claims is substantially less than the approximately $9,382,941.91 in total Recognized Losses for all 196 valid Claims. *See id.* at ¶18. Therefore, Lead Counsel respectfully requests that the Court approve RG/2's recommendation to include the 24 valid Late Claims in the Settlement distribution. *See id.* at ¶19.

### D.   Claims Received After October 18, 2021 Should Be Rejected As Untimely

There must be a final cut-off date after which no more Claims will be accepted so that there may be a proportional distribution of the Net Settlement Fund and the distribution may be accomplished. *See Bowman v. UBS Fin. Servs.*, No. C-04-3525 MMC, 2007 WL 1456037, at *3 (N.D. Cal. May 17, 2007) ("As the Ninth Circuit has observed, 'in the distribution of a large class action settlement fund, a cutoff date is essential and at some point the matter must be terminated.'") (quoting *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977)). Accordingly, Lead Plaintiff respectfully requests that the Court order that any Claims or responses to deficiencies received after October 18, 2021 be rejected as untimely. *See* Distrib. Decl. ¶22.

## II.   THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED

Lead Plaintiff respectfully requests that the Court authorize the distribution of the Net Settlement Fund to the Class Members whose Claims have been accepted by RG/2. These Claims are listed in Exhibits A-B to the Distribution Declaration.

The Distribution Declaration sets forth a plan for distribution of the Net Settlement Fund in accordance with the Plan of Allocation. *See id.* at ¶¶23-29. According to the Plan of

Allocation, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants. *See* ECF No. 105-1 ("Settlement Notice") at 13-17. RG/2 will calculate each Authorized Claimant's *pro rata* distribution amount in accordance with the Plan of Allocation and distribute it to Authorized Claimants accordingly. Distrib. Decl. ¶¶25-27.

Funds may remain in the Net Settlement Fund after the initial distribution due to uncashed checks. In accordance with the Stipulation, if any funds remain in the Net Settlement Fund after the initial distribution, and RG/2 has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, Lead Counsel, in consultation with RG/2, will determine whether it is feasible to conduct a second distribution of the Net Settlement Fund. *See* Stipulation ¶5.7; Distrib. Decl. ¶29.

If a second redistribution is determined to be feasible, the balance will be redistributed on a *pro rata* basis among Authorized Claimants who cashed their initial distribution checks and would receive at least $10.00 in the redistribution after payment of the estimated costs, expenses, and fees incurred in administering the Net Settlement Fund and in making this second distribution. *See* Distrib. Decl. ¶29. Such redistributions may occur thereafter until Lead Counsel, in consultation with RG/2, determines that no further distributions are feasible and the balance in the Net Settlement Fund is *de minimis*. *Id.* Thereafter, any *de minimis* amount which still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust. *Id.*; *see also* Stipulation ¶5.7.

### III. PAYMENT OF RG/2'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED

The Court retained jurisdiction to, among other things, consider an application of an award of fees and reimbursement of expenses relating to the Claims Administrator's implementation of the terms of the Stipulation. *See* Final Approval Order ¶17. Pursuant to the Stipulation, the Settlement Fund may be used to pay notice and administration costs and expenses, which include all expenses incurred in connection with distributing the Notices to the Class and the costs of processing the Claims, among other things. *See* Stipulation ¶5.2. RG/2

7

was retained to supervise and administer the notice procedure and to process Claims in connection with the Settlement. *See* Preliminary Approval Order ¶7. As Claims Administrator, RG/2 was and/or is responsible for, among other things, printing and mailing copies of the Notice to Class Members, effecting publication of the Summary Notice, responding to inquiries from claimants, processing and reviewing the submitted Claims, distributing deficiency and rejection notices, preparing tax returns for the Settlement Fund, calculating the *pro rata* distribution amount by calculating each Authorized Claimant's percentage of the Net Settlement Fund in accordance with the Plan of Allocation, and distributing the Net Settlement Fund to Authorized Claimants. *See* Distrib. Decl. ¶¶2-29; Preliminary Approval Order ¶¶11-16, 20; Stipulation ¶¶1.2, 2.11, 5.1.

RG/2 has incurred and expects to incur $46,070 in fees and expenses for the work it has performed in administering the Settlement and will perform in conducting the initial distribution of the Net Settlement Fund. *See* Distrib. Decl. ¶30; Ex. D (invoice). RG/2 has already been paid $38,123, in accordance with ¶9 of the Preliminary Approval Order. *See* Distrib. Decl. ¶30. Lead Plaintiff notes that RG/2's fees and expenses are less than the estimate disseminated to the Class,[4] and respectfully requests that the Court authorize the payment of $7,947 from the Net Settlement Fund to RG/2.

## IV.    RETENTION OF PROOF OF CLAIM FORMS AND OTHER DOCUMENTS

Lead Plaintiff also requests that the Court permit RG/2 to destroy paper copies of the Claims and all supporting documentation one (1) year after the initial distribution and electronic copies of the same (3) years after the final distribution of the Net Settlement Fund. *See* Distrib. Decl. ¶31.

## V.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, Lead Plaintiff respectfully requests that the Court bar any further Claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and release and discharge from any and

---

[4] *See* Settlement Notice at 1 n.2 (stating that the estimated notice and administration costs are $61,740).

8

all claims arising out of the claims administration all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in this matter, or otherwise involved in the administration or taxation of the Settlement Fund.  *See* Stipulation ¶5.8; *see also Larkin v. GoPro, Inc., et al.*, No. 4:16-CV-06654-CW, ECF No. 144 at ¶13 (N.D. Cal. May 18, 2020) (approving similar release); *In re RH, Inc. Sec. Litig.*, No. 4:17-00554-YGR, ECF No. 158 at ¶4 (N.D. Cal. Feb. 14, 2020) (approving similar release).

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully submits that the Court enter the proposed Distribution Order filed herewith.

Dated:  October 26, 2021

**FARUQI & FARUQI, LLP**

By: */s/ Katherine M. Lenahan*
Katherine M. Lenahan

Katherine M. Lenahan (admitted *pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett and Lead Counsel for the Class*

9