Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: klenahan@faruqilaw.com

Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Lead Plaintiff David Sterrett and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID STERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　　v.<br><br>SONIM TECHNOLOGIES, INC., ROBERT PLASCHKE, JAMES WALKER, MAURICE HOCHSCHILD, ALAN HOWE, KENNY YOUNG, SUSAN G. SWENSON, JOHN KNEUER, JEFFREY D. JOHNSON, OPPENHEIMER & CO., INC., LAKE STREET CAPITAL MARKETS, LLC, and NATIONAL SECURITIES CORPORATION,<br><br>　　　　Defendants. | Case No. 3:19-cv-06416-MMC<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] DISTRIBUTION ORDER |

THIS MATTER having come before the Court on the motion of Lead Plaintiff David Sterrett for approval of distribution of the Net Settlement Fund to Authorized Claimants; the Settlement having reached its Effective Date; and the Court having considered the papers filed and proceedings had herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation of Settlement, dated September 10, 2020 (the "Stipulation") (ECF No. 75).

2. The motion is granted in its entirety and the Court approves the administrative determinations of RG/2 Claims Administration LLC ("RG/2"), the Court appointed Claims Administrator, in accepting and rejecting the Proof of Claim and Release forms ("Claim Forms" or "Claims").

3. The Net Settlement Fund established by the settlement of the above-captioned action (the "Action") shall be distributed to Authorized Claimants according to RG/2's determinations and consistent with the Stipulation and Plan of Allocation of the Net Settlement Fund previously approved by this Court on March 5, 2021.

4. ~~Pursuant to~~ RG/2's administrative determinations accepting valid claims that were postmarked or received by February 3, 2021, which are set forth in Exhibit A of the Declaration of Tina Chiango in Support of Motion For Distribution of the Net Settlement Fund ("Distribution Declaration" or "Distrib. Decl."), and accepting otherwise valid claims that were postmarked or received after the February 3, 2021 claims-submission deadline but received on or before October 18, 2021, which are set forth in Exhibit B of the Distribution Declaration, are approved and the claimants set forth in Exhibits A and B may receive distributions ~~accepted and may receive distribution~~ from the Net Settlement Fund in the initial distribution and any subsequent distributions as set forth in the Distribution Declaration.

5. RG/2's administrative determinations rejecting the ineligible or otherwise deficient Claims, which are set forth in Exhibit C of the Distribution Declaration, are approved. Such claims may not receive any distributions from the Settlement Fund.

6. Any Claims or responses to deficiencies that are received after October 18, 2021 are hereby rejected as untimely and shall not be accepted.

7. If any funds remain in the Net Settlement Fund after the initial distribution, and RG/2 has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, Lead Counsel, in consultation with RG/2, will determine whether it is feasible to conduct a second distribution of the Net Settlement Fund. If a second distribution is determined to be feasible, the balance will be redistributed on a *pro rata* basis among Authorized Claimants who cashed their initial distribution checks and would receive at least $10.00 in the redistribution after payment of the estimated costs, expenses, and fees incurred in administering the Net Settlement Fund and in making this second distribution. Such redistributions may occur thereafter, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s), which is not feasible or economical to reallocate among Authorized Claimants, shall be donated to the Investor Protection Trust in accordance with ¶5.7 of the Stipulation.

8. RG/2 shall be paid the sum of $7,947 from the Settlement Fund for the outstanding fees and expenses it incurred in connection with administering the Settlement and estimates it will incur in conducting the initial distribution of the Net Settlement Fund.

9. RG/2 may destroy paper copies of the Claim Forms and all supporting documentation one (1) year after the initial distribution of the Net Settlement Fund and electronic copies of the same three (3) years after the final distribution of the Net Settlement Fund.

10. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in this matter, or otherwise involved in the administration or taxation of the Settlement Fund, including Lead Plaintiff, Lead Counsel, RG/2, and the Escrow Agent, are hereby released and discharged from any and all claims arising out of such involvement, and any further claims against the Net Settlement Fund are barred beyond the amount allocated to Authorized Claimants pursuant to this Order.

11. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

Dated: November 17, 2021

                                    Hon. Maxine M. Chesney
                                    United States District Court Judge